UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA CRAW, on behalf of herself and other similarly situated individuals; and JOAN SHURTLEFF, on behalf of herself and other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HOMETOWN AMERICA, LLC; HOMETOWN AMERICA MANAGEMENT, LLC; HOMETOWN OAKHILL, LLC; HOMETOWN OAKPOINT I, LLC; and HOMETOWN OAKPOINT II, LLC,<br><br>Defendants. | CIVIL ACTION NO. 1:18-CV-12149-LTS<br><br>ORAL ARGUMENT REQUESTED |

## DEFENDANTS' MOTION TO DISMISS

Defendants Hometown America, LLC, Hometown America Management, LLC ("Hometown Management"), Hometown Oakhill, LLC ("Hometown Oakhill"), Hometown Oak Point I, LLC, and Hometown Oak Point II, LLC ("Hometown Oak Point") (collectively, "Hometown"), respectfully move this Court to dismiss the First Amended Class Action Complaint (Doc. 10) ("FAC") filed by Plaintiffs Barbara Craw ("Craw") and Joan Shurtleff ("Shurtleff") (collectively, "Plaintiffs") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss").

The FAC fails to state a claim for each of the following reasons:

(1) The Massachusetts' Manufactured Housing Act ("MHA"), M.G.L. c. 140, §§ 32A–32S, and corresponding regulations promulgated by the Attorney General, 940 C.M.R. §§ 10.00, *et seq.*, do not impose any affirmative obligation for community operators to maintain home-site

04650326.1

infrastructure, as opposed to community-wide infrastructure. Each count of the FAC is premised upon this non-existent legal duty and should therefore be dismissed;

(2) Notwithstanding the plain language of the MHA and its corresponding regulations, Plaintiffs contend the Office of the Attorney General's November 2017 edition of the *Guide to Manufactured Housing Community Law* (the "Guide") § II.D.1.f imposes an affirmative obligation on Defendants. The Guide, however, admits that it "does not have the status of law [and] does not constitute an official legal opinion of the Attorney General." Moreover, the Guide was issued without following the procedures required by the Administrative Procedure Act, M.G.L. c. 30A. Therefore, this section of the Guide, which imposes entirely new affirmative obligations on community operators is not entitled to any deference by this Court, and Hometown is not liable to Plaintiff based solely on the Guide's unsupported interpretation;

(3) To the extent this Court affords Guide § II.D.1.f. some deference, which it should not, Guide § II.D.1.f. should only be applied prospectively;

(4) Separately, Counts I and II of the FAC are barred by Massachusetts' six-year statute of repose. M.G.L. c. 260, § 2B;

(5) Craw's claims against Hometown Oakhill are barred under Craw's lease agreement with Hometown Oakhill;

(6) Craw cannot state a claim against Hometown Oak Point, and Shurtleff cannot state a claim against Hometown Oakhill;

(7) In the event this Court allows any of Plaintiffs substantive claims to proceed, which it should not, Plaintiffs' cursory Federal Rule of Civil Procedure 23(b)(2) allegations do

not meet the requisite *Twombly* / *Iqbal* pleading standards and are prohibited by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011); and

(8)     Plaintiffs may not pursue a class action under M.G.L. c. 93A because that state statute applies a lower standard for class certification than that required by Federal Rule of Civil Procedure 23.

In further support of this Motion to Dismiss, Hometown relies on and incorporates the accompanying memorandum of law.

Dated:  November 21, 2018

HOMETOWN AMERICA, LLC; HOMETOWN AMERICA MANAGEMENT, LLC; HOMETOWN OAKHILL, LLC; HOMETOWN OAK POINT I, LLC; AND HOMETOWN OAK POINT II, LLC

By its attorneys,

*/s/ Tristan P. Colangelo*
Lisa C. Goodheart (BBO No. 552755)
goodheart@sugarmanrogers.com
Tristan P. Colangelo (BBO No. 682202)
colangelo@sugarmanrogers.com
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street, Suite 900
Boston, MA 02114-4737

(617) 227-3030

**OF COUNSEL**

W. Scott Simpson (*Pro Hac Vice* pending)
wsimpson@smgblawyers.com
SIMPSON, MCMAHAN, GLICK
& BURFORD, PLLC
2700 Highway 280, Suite 203W
Birmingham, AL 24112
(205) 876-1600

Lee E. Bains, Jr. (*Pro Hac Vice* pending)
lbains@maynardcooper.com
Thomas W. Thagard (*Pro Hac Vice* pending)
tthagard@maynardcooper.com
James C. Lester (*Pro Hac Vice* pending)
jlester@maynardcooper.com
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
(205) 254-1000

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred in good faith with counsel of record for all other parties regarding the relief requested by this motion, by telephone on November 2, 2018, and no agreement concerning the requested relief was reached.

        */s/ Lisa C. Goodheart*
        Lisa C. Goodheart

## CERTIFICATE OF SERVICE

I, Tristan P. Colangelo, hereby certify that a true copy of the above document was served electronically upon the below-listed attorney of record for each other party on November 21, 2018, as a registered ECF participant:

    Ethan Horowitz, Esq.
    Northeast Justice Center
    50 Island Street, Ste. 203B
    Lawrence, MA 01840

        */s/ Tristan P. Colangelo*
        Tristan P. Colangelo