UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BARBARA CRAW, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 18-12149-LTS |
| HOMETOWN AMERICA, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON CASE MANAGEMENT

April 5, 2019

SOROKIN, J.

In this case, plaintiffs Barbara Craw and Joan Shurtleff allege, on behalf of themselves and other similarly situated current and former residents of two manufactured housing communities, that the defendants unlawfully refused to make necessary repairs to the infrastructure on their homesites, resulting in damage to their homes and dangerous conditions on their homesites. See generally Doc. No. 10. On November 2, 2018, shortly after this case was removed to federal court, the plaintiffs moved for class certification. Doc. No. 11. On November 21, 2018, the defendants moved to dismiss the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Doc. No. 29. Before the Court ruled on the defendants' motion to dismiss, the plaintiffs moved for partial summary judgment. Doc. No. 42. Because of the pending motion to dismiss, the Court extended defendants' deadlines to oppose the motions for class certification and partial summary judgment until after the resolution of the motion to dismiss. Doc. Nos. 38, 48. The Court then denied the defendants' motion to dismiss in its entirety. Doc. No. 59. The parties have now filed a joint status report that includes their separate

proposals for a schedule for the remainder of this litigation, including discovery and the briefing of the still-pending motions for class certification and partial summary judgment. Doc. No. 61.

In their status report, the parties agree that the Court need not rule on class certification at this point. Doc. No. 61 at 1. Accordingly, the plaintiffs' motion for class certification, Doc. No. 11, is TERMINATED without prejudice. At any point, the plaintiffs may file a renewed motion or a request to restore the original motion to the Court's active motions list.

The parties further represent that they have stipulated that defendants' deadline to answer is "continued pending the Court's decision on the Parties' cross-motions for summary judgment," Doc. No. 61 at 2, and the defendants have moved to extend their time to answer, Doc. No. 62. In the ordinary course, Defendants' answer to the Amended Complaint was due yesterday, April 4, 2019. See Fed. R. Civ. P. 12(a)(4)(A). The Court sees no reason why the defendants should not be required to file an answer at this point, and the parties have offered none. Accordingly, the motion for extension of time, Doc. No. 62, is ALLOWED IN PART, to the extent that, if defendants believe they should not be required to answer on the timeline established by the Rules, they may make a filing by April 12, 2019 to show cause why they should not be required to file an answer. If the defendants make such a filing, they need not answer until otherwise ordered. If the defendants do not make such a filing, they shall answer by April 19, 2019.

The plaintiffs' pending motion for partial summary judgment, filed long before the Court's ruling on the motion to dismiss, raises essentially the same questions about the defendants' legal duties as the defendants' motion to dismiss did—questions which the Court has now resolved. See generally Doc. No. 43 (plaintiffs' partial summary judgment memorandum), Doc. No. 59 (the Court's order denying the motion to dismiss). As a result, the extensive briefing

and argument on the motion to dismiss and the Court's ruling have essentially superseded the motion for partial summary judgment. Accordingly, the Court DENIES the motion, Doc. No. 42, without prejudice to its renewal.

The Court adopts the schedule for initial disclosures, discovery on the plaintiffs' individual claims, and summary judgment briefing that the defendants propose in the parties' joint status report. See Doc. No. 61 at 2–3. By April 16, 2019, either party may, in joint or separate filings, propose an alternative schedule, in which case the Court will convene a scheduling conference.

Notwithstanding this schedule for summary judgment briefing, if plaintiffs wish to renew their motion for summary judgment before the end of discovery, they may do so provided that such motion is filed by May 6, 2019. If plaintiffs file such a motion, defendants may, within 14 days of the motion's filing, file a Rule 56(d) affidavit that specifically addresses how facts unavailable to them are essential to their opposition and would influence the outcome of the motion,[1] which filing shall stay further briefing on the summary judgment motion until the Court

---

[1] Fed. R. Civ. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Id. 56(d). To obtain relief under Rule 56(d), a litigant must provide

> a timely statement—if not by affidavit, then in some other authoritative manner—that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion.

Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004). "Even upon submission of the required materials, the district court is entitled to refuse a Rule 56(d) motion if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery." Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014). "[A] plaintiff's speculative assertions that the defendant has unspecified facts in its possession necessary for the plaintiff to

otherwise orders. If defendants do not file such an affidavit, briefing on the plaintiffs' motion shall follow the normal schedule: Defendants' opposition to plaintiffs' renewed motion is due 21 days after service of the motion, and plaintiffs may file a reply, limited to five pages, within 14 days of service of the opposition. See L.R. 56.1.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

develop its legal theories . . . are entirely inadequate to extract the balm of Rule 56([d])." C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 45 (1st Cir. 1998) (internal quotation omitted).