UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BARBARA CRAW, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil No. 18-12149-LTS |
| HOMETOWN AMERICA, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PENDING MOTIONS

August 8, 2019

SOROKIN, J.

In this case, plaintiffs Barbara Craw and Joan Shurtleff allege, on behalf of themselves and other similarly situated current and former residents of two manufactured housing communities, that the defendants unlawfully refused to make necessary repairs to the infrastructure on their homesites, resulting in damage to their homes and dangerous conditions on their homesites. See generally Doc. No. 10. After the Court denied the defendants' motion to dismiss in its entirety, Doc. No. 59, it then denied without prejudice the plaintiffs' then-pending motion for partial summary judgment because the Court's Order on the motion to dismiss addressed many of the issues it raised, Doc. No. 63. However, the Court allowed the plaintiffs to renew their motion before the end of discovery if they wished and established a schedule on which defendants could oppose the motion or file a Rule 56(d) affidavit demonstrating their need for discovery. Id. at 3. Now pending before the Court are plaintiffs' renewed motion for partial summary judgment, Doc. No. 74; plaintiffs' motion to amend the case management order, Doc. No. 64; and defendants' motion for a protective order, Doc. No. 84.

I.  Plaintiffs' Motion for Partial Summary Judgment

   A.  Background

In their timely renewed motion for partial summary judgment, Doc. No. 74, the plaintiffs seek summary judgment on Count I of the Amended Complaint, which alleges that the defendants' policy ("the Policy") of shifting onto residents the burden of maintaining homesite infrastructure is "an unreasonable, unfair or unconscionable rule as contemplated by Mass. Gen. Laws ch. 140, § 32L [the Manufactured Housing Act], as well as corresponding regulations, and Defendants' implementation of the Policy is an unfair or deceptive act or practice pursuant to Mass. Gen. Laws ch. 93A, § 2 [the Consumer Protection Act]." Doc. No. 10 ¶ 124. The Court has already held that the Manufactured Housing Act and the Attorney General's implementing regulations impose a duty upon defendants to make necessary homesite improvements and prohibits the imposition of that duty on residents. See Doc. No. 59 at 16. The plaintiffs argue that, because defendants withheld necessary homesite improvements under the Policy, they "deprived [plaintiffs] of the benefit of their respective bargains, such that all residents were paying rent each month for lawfully required services that they never received." Doc. No. 75 at 9.

Defendants then timely filed a Rule 56(d) affidavit and an accompanying memorandum, seeking additional discovery they argue is necessary to their opposition to the summary judgment motion. Doc. Nos. 76, 77. They seek expert discovery on the scope of their maintenance duties, party discovery on the nature of the plaintiffs' alleged injury, and third-party discovery on the Attorney General's regulations. Doc. No. 76 at 3–15. This discovery is necessary, they argue, to dispute plaintiffs' claims that defendants' failure to make necessary homesite improvements caused the plaintiffs to suffer a cognizable injury. Doc. No. 77 at 7–9.

B.   Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute "is one on which the evidence would enable a reasonable jury to find the fact in favor of either party." Perez v. Lorraine Enters., Inc., 769 F.3d 23, 29 (1st Cir. 2014). "A 'material' fact is one that is relevant in the sense that it has the capacity to change the outcome of the jury's determination." Id. (citation omitted). The Court is "obliged to view the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). However, the Court must ignore "conclusory allegations, improbable inferences, and unsupported speculation." Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir. 2009).

Fed. R. Civ. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Id. 56(d). To obtain relief under Rule 56(d), a litigant must provide

> a timely statement—if not by affidavit, then in some other authoritative manner—that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion.

Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004). "Even upon submission of the required materials, the district court is entitled to refuse a Rule 56(d) motion if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery." Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014). "Speculative assertions that the [moving party] has unspecified facts in its possession necessary for the [nonmoving party] to

develop its legal theories coupled with conclusory statements that discovery should be commenced are entirely inadequate to extract the balm of Rule 56([d])." C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 45 (1st Cir. 1998) (internal quotation omitted).

    C.    Discussion

A complaint under the Consumer Protection Act "must allege that the plaintiff has been 'injured' by the act or practice claimed to be unfair or deceptive and therefore unlawful." Tyler v. Michaels Stores, Inc., 984 N.E.2d 737, 744 (Mass. 2013). The plaintiff "must allege and ultimately prove that she has, as a result, suffered a distinct injury or harm that arises from the claimed unfair or deceptive act itself." Id. at 746. Because of this requirement, "a claim that alleges only a 'per se' injury—that is, a claim resting only on a deceptive practice, regulatory noncompliance, or the impairment of an abstract right without economic loss—is insufficient to state a Chapter 93A claim." Shaulis v. Nordstrom, Inc., 865 F.3d 1, 10 (1st Cir. 2017) (citations and internal quotations omitted). Because the injury must result from the claimed unfair or deceptive act, a "plaintiff's failure to establish both factual causation and proximate causation is fatal to her Chapter 93A claim." Walsh v. TelTech Sys., Inc., 821 F.3d 155, 160 (1st Cir. 2016).

The plaintiffs argue that defendants cannot dispute their Policy of withholding necessary homesite improvements from residents, including the plaintiffs. Doc. No. 75 at 12. By failing to meet their maintenance obligations and ignoring "specific and repeated complaints made by each" plaintiff, defendants deprived the plaintiffs of the value of their leases and injured plaintiffs as necessary to sustain a Chapter 93A claim. Id. at 13.

Defendants respond that they are unable to dispute plaintiffs' allegation that defendants caused them economic injury without additional discovery from the plaintiffs. Doc. No. 76 ¶ 4. The defendants seek discovery on the aspects of their homesites that have required maintenance,

the fixtures on each homesite, and the conditions of each home. Id. ¶¶ 13–14. They argue that plaintiffs themselves may be the cause of at least some of the water accumulation of their homesites, given suggestions already in the record that the plaintiffs' drainage equipment may be installed improperly, and seek interrogatories and depositions on that topic. Id. ¶¶ 15–16.

Such information could plainly create a genuine dispute of material fact with respect to the cause of the complained-of water accumulation on the plaintiffs' homesites, an essential element of plaintiffs' claim in Count I. The defendants' Policy, even if a breach of defendants' legal duty to maintain plaintiffs' homesite infrastructure, does not give rise to liability under Chapter 93A unless plaintiffs suffered injury as a result. As a result, plaintiffs cannot prevail simply by proving the Policy's existence—they must prove that they actually suffered an injury and that defendants' unfair or deceptive acts caused it. The defendants' suggestion that at least some portion of the plaintiffs' alleged injury may have had another cause appears sufficient on the record currently before the Court at this juncture. Given the Court's duty at this stage to draw all reasonable inferences in favor of the defendants, discovery demonstrating that the complained-of water accumulation on plaintiffs' homesites was due to their conduct would plainly be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986), and therefore sufficient to overcome summary judgment.

Needless to say, the Court does not at this stage express any opinion on the merits of any future motion for summary judgment. Rather, the Court holds only that the defendants are entitled to discovery on the scope of the plaintiffs' injury and its possible causes before the Court decides plaintiffs' summary judgment motion, particularly where, as here, the summary judgment motion was made at the outset of discovery. Because, for summary judgment purposes,

"a factual dispute must be built on a solid foundation—a foundation constructed from materials of evidentiary quality," Nieves-Romero v. United States, 715 F.3d 375, 378 (1st Cir. 2013), defendants reasonably require discovery to oppose the plaintiffs' motion. Accordingly, the plaintiffs' renewed motion for partial summary judgment, Doc. No. 74, is DENIED without prejudice to its renewal after the close of discovery.

II.  Plaintiffs' Motion to Amend the Case Management Order

The plaintiffs have also moved to amend the case management order governing this matter. Doc. No. 64. They seek primarily to accelerate discovery with respect to class certification. See id. The defendants opposed, arguing that they should be permitted to move for summary judgment on plaintiffs' individual claims before having to take discovery on class certification issues. Doc. No. 66. In particular, defendants argued that discovery and summary judgment motions on the plaintiffs' individual claims before beginning discovery on class certification "will help frame and potentially limit any remaining class certification questions." Id. at 5. On April 19, 2019, the Court held a hearing on the motion. See Doc. Nos. 70, 72.

Discovery on the plaintiffs' individual claims is now well underway. Further, the Court is persuaded that summary judgment motions before class certification may helpfully focus discovery on class certification issues. For example, given the nature of the plaintiffs' claims, each plaintiff's cognizable damages may depend in significant part on the conditions of each individual homesite and the contours of the defendants' duties with respect to each homesite. Summary judgment motions on the individual claims are likely to define with greater specificity the significance of each of those factors, allowing discovery on class certification issues to proceed expeditiously and economically. Accordingly, the motion to amend the case management order, Doc. No. 64, is DENIED.

III.        Defendants' Motion for Protective Order

Finally, the defendants have moved for a protective order allowing them to withhold from plaintiffs the home address and telephone numbers of the potential witnesses listed on defendants' Rule 26(a) disclosures. Doc. No. 84. As grounds therefor, defendants argue that, because defense counsel represents all such witnesses but one, plaintiffs would be permitted to contact the witnesses only through defense counsel even with the home contact information. Id. at 2–3. They also advance one witness's history with a plaintiff's former romantic partner and a generalized fear among witnesses that they may be harassed by members of the putative class. Id. at 5–7. Plaintiffs respond that they require witnesses' home contact information to evaluate whether to take witnesses' depositions, given potential travel costs, and "to conduct limited background checks, designed to evaluate the deponent's credibility and choose appropriate lines of deposition questioning." Doc. No. 86 at 4.

The plaintiffs proposed to defendants instead that the witnesses' home contact information be disclosed pursuant to an attorneys' eyes only provision of a stipulated protective order or confidentiality agreement. Doc. No. 86-1 at 2 ¶ 6. Defendants response that, without "intend[ing] to question the professionalism of Plaintiffs' counsel," the witnesses fear that their contact information would be "immediately transmitted through the various channels of communication by Plaintiffs' counsel, Plaintiffs themselves, and the small number of residents who seem to be monitoring the litigation closely." Doc. No. 85 at 7. The witnesses' subjective and apparently baseless belief that plaintiffs' counsel would not adhere to the terms of a protective order does not justify defendants' withholding this information. Although nothing in defendants' motion suggests that defense counsel would not cooperate with plaintiffs' need to evaluate the economic feasibility of each witness's deposition if the witnesses' home contact

information were withheld, plaintiffs also seek the information for the purpose of witness background checks. Accordingly, the motion for protective order, Doc. No. 84, is ALLOWED IN PART to the extent that the defendants shall disclose the witnesses' home contact information as confidential information for attorneys' eyes only and otherwise DENIED.

IV. Conclusion

For the reasons set forth above, the plaintiffs' motion for summary judgment, Doc. No. 74, is DENIED without prejudice to its renewal after the close of discovery. The plaintiffs' motion to amend the case management order, Doc. No. 64, is DENIED. The defendants' motion for protective order, Doc. No. 84, is ALLOWED IN PART to the extent that the defendants shall disclose the witnesses' home contact information as confidential information for attorneys' eyes only and otherwise DENIED.

Because the Court's ruling on plaintiffs' motion for partial summary judgment creates the potential for cross-motions for summary judgment, the Court now clarifies the briefing schedule for motions for summary judgment after discovery. If only one party intends to seek summary judgment, that party's motion is due October 31, 2019, with the nonmoving party's response due November 29, 2019. The moving party may then file a reply, limited to five pages, by December 13, 2019. If both parties intend to seek summary judgment, the plaintiffs' motion is due October 31, 2019, with the briefing schedule thereafter in accordance with the Court's standing order on summary judgment motions.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge