# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA CRAW, on behalf of herself and other similarly situated individuals; and JOAN SHURTLEFF, on behalf of herself and other similarly situated individuals, )))))  Plaintiffs, ) ) vs. ) ) HOMETOWN AMERICA, LLC, a Delaware limited liability company; HOMETOWN AMERICA MANAGE- MENT, LLC, a Delaware limited liability company; HOMETOWN OAKHILL, LLC, a Delaware limited liability company; HOMETOWN OAK POINT I, LLC, a Delaware limited liability company; and HOMETOWN OAK POINT II, LLC, a Delaware limited liability company, ) )  Defendants. ) | CASE NO: 1:18-CV-12149-LTS |

### STIPULATION OF SETTLEMENT

05610153.20

## TABLE OF CONTENTS

I.     RECITALS ............................................................................................................1
II.    DEFINITIONS.......................................................................................................9
III.   SETTLEMENT RELIEF ......................................................................................19
IV.    REQUEST FOR PRELIMINARY APPROVAL OF THE PROPOSED
       SETTLEMENT.....................................................................................................30
V.     CLASS NOTICE. .................................................................................................32
VI.    SETTLEMENT ADMINISTRATION AND CLAIMS PROCESS ......................34
VII.   REQUESTS FOR EXCLUSION ..........................................................................38
VIII.  OBJECTIONS TO SETTLEMENT ......................................................................40
IX.    RELEASE AND WAIVER, COVENANT NOT TO SUE, DISMISSAL, AND
       ENFORCEMENT .................................................................................................42
X.     ATTORNEY'S FEES AND EXPENSES................................................................47
XI.    FAIRNESS HEARING.........................................................................................49
XII.   FINAL APPROVAL AND FINAL ORDER AND JUDGMENT ........................49
XIII.  GENERAL REPRESENTATIONS.......................................................................51
XIV.   STAY ORDER.......................................................................................................52
XV.    TAXES...................................................................................................................52
XVI.   TERMINATION.....................................................................................................53
XVII.  MISCELLANEOUS .............................................................................................54

## EXHIBITS

A     Claim Form
B     Plan of Allocation
C     Settlement Notice
D     Publication Notice
E     Proposed Preliminary Approval Order
F     Proposed Final Order and Judgment
G     Oakhill Stormwater Management System Operation & Maintenance Program

05610153.20

This Stipulation of Settlement ("Settlement," "Settlement Agreement" or "Agreement"), dated March 23, 2021, which is entered into by Plaintiff Barbara Craw ("Plaintiff" or "Plaintiff Craw"), both individually and as Class Representative of the Class defined herein, and Defendants Hometown America, LLC ("Hometown America"), Hometown America Management, LLC ("Hometown Management"), and Hometown Oakhill, LLC ("Hometown Oakhill"), by and through their undersigned attorneys, states all of the terms of this Settlement and resolution of this matter by the Settling Oakhill Parties (as defined herein) and is intended by the Settling Oakhill Parties to fully and finally release, resolve, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the District of Massachusetts.

## I.    RECITALS

A.    On September 25, 2018, Plaintiff Craw initiated this Action in the Plymouth County Superior Court for the Commonwealth of Massachusetts (No. 1883cv01017) by filing a class action complaint for injunctive relief and damages (the "Complaint"). Plaintiff Craw was, at that time, and still is, a resident of the Oakhill Manufactured Housing Community ("Oakhill"). Plaintiff Craw named the Oakhill Defendants (as defined herein) as defendants, along with Hometown Oak Point I, LLC and Hometown Oak Point II, LLC ("Hometown Oak Point"). Plaintiff Craw, on behalf of herself and other similarly situated individuals, made the following claims in the Complaint: (1) against all defendants for violation of the Massachusetts Consumer Protection Act, General Laws c. 93A, § 9; and (2) against Hometown Oakhill and Hometown Oak Point for breach of contract. Additionally, on behalf of herself only, she asserted a claim against Hometown Management and Hometown Oakhill for violation of the Massachusetts Quiet Enjoyment Statute, Mass. General Laws c. 186, § 14.

05610153.20                                          1

B.    The Defendants timely removed the Action to this Court on October 15, 2018.

C.    Plaintiff Craw filed a first amended class action complaint for injunctive relief and damages (the "First Amended Complaint") on October 31, 2018. The First Amended Complaint again named Plaintiff Craw as a named plaintiff and alleged that she had resided in Oakhill for more than ten years. The First Amended Complaint added Joan Shurtleff as a named plaintiff ("Plaintiff Shurtleff"), and alleged that Plaintiff Shurtleff had lived in the Oak Point Manufactured Housing Community ("Oak Point") for more than ten years.[1] Plaintiffs claimed, *inter alia*, that: (1) Defendants had a "Policy" of placing on the residents of the Oakhill and Oak Point manufactured housing communities the burden of "maintaining, repairing, and replacing the permanent improvements built into the land on those residents' leased home sites;" (2) "Hometown has attempted to saddle its residents with the responsibility for such home site infrastructure," including "the cement slab upon which many residents' homes sit, the paved walkways and driveways leading from each home to the street and the underground sprinkler systems which water the grass on rented home sites;" (3) many residents had "leased home sites [] routinely inundated with water because cement slabs or paved walkways and driveways have not been graded properly or because the land on which their homes sit has not otherwise been adequately maintained so as to repel water away from residents' homes;" (4) Hometown had "collected millions of dollars in home-site rent from Oakhill and Oak Point residents that should have been spent on services related to the maintenance of home-site infrastructure;" (5) Plaintiff Craw's home site "routinely flooded during and after rainstorms – water which regularly covered the driveway and cement walkways built into Site No. 100, which often inundated the side-yard

_____

[1] Plaintiff Craw and Plaintiff Shurtleff will be collectively referred to as "Plaintiffs."

of Site No. 100 and which sometimes even reached the crawl space under Ms. Craw's home;" (6) Plaintiff Craw was "particularly concerned about how the regular dampness might create mold that would aggravate her infant son's asthma;" (7) Ms. Craw tried to "formally withhold[] her home-site rent until Oakhill resolved the ongoing dangerous conditions;" (8) Ms. Craw received a letter from an attorney representing Hometown that "threatened to evict Ms. Craw and her son if she did not pay rent;" (9) "Terrified by Attorney Laverty's letter, Ms. Craw promptly paid her rent and tried to make do with the difficult situation;" (10) "Ms. Craw's fear of retaliation greatly tempered her complaints;" and (11) the Court should enter an order "awarding to Plaintiffs and the members of the Putative Class the actual, incidental, consequential and multiple damages suffered by them . . . ." Plaintiffs claimed to "bring their claims on behalf of . . . a putative class of more than 1,000 current and former resident-households of the Oakhill and Oak Point manufactured housing communities that have lived in either community at any time since September of 2012 ("Putative Class")." Plaintiffs, on behalf of themselves and others similarly situated, made the following claims: (1) Count One, against all Defendants, alleging the Policy and other actions constituted a violation of the Manufactured Housing Act, Mass. General Laws c. 140, § 32L, and the Policy's implementation constituted a violation of the Consumer Protection Act, Mass. General Laws c. 93A, § 9; (2) Count Two, against all Defendants, alleging the Policy, implementation of the Policy and other actions constituted a violation of the Consumer Protection Act, Mass. General Laws c. 93A, §§ 2 and 9; and (3) Count Three, against Hometown Oakhill and Hometown Oak Point, alleging breach of contract. Plaintiffs also brought Count Four against Hometown Oakhill, Hometown Oak Point, and Hometown Management, solely on behalf of themselves, alleging that the Policy,

implementation of the Policy and other actions violated the Quiet Enjoyment Statute, Mass. General Laws c. 186, § 14.

D.     On November 21, 2018, Defendants filed a motion to dismiss for failure to state a claim.

E.     On December 14, 2018, Plaintiffs filed a motion for partial summary judgment as to liability on Counts I and II of the First Amended Complaint.

F.     The parties fully briefed the motion to dismiss. The Court heard oral argument on the motion to dismiss on February 28, 2019. The parties thereafter filed supplemental memoranda regarding the motion to dismiss.

G.     On March 21, 2019, the Court denied the Defendants' motion to dismiss in its entirety.

H.     The parties then engaged in extensive discovery. Nine depositions were taken and over 100,000 pages of documents were exchanged. Defendants submitted thirteen different expert reports. Three motions for protective order have been filed, briefed, and decided by the Court.

I.     Plaintiffs filed a second motion for partial summary judgment on May 3, 2019. Defendants filed a Fed. R. Civ. P. 56(e) declaration in response to that motion on May 17, 2019. Plaintiffs filed a reply brief in support of that motion on May 24, 2019. Defendants filed a sur-reply on May 31, 2019. The Court denied that motion for partial summary judgment without prejudice on August 8, 2019, allowing its renewal at the close of discovery.

J.     On November 8, 2019, Plaintiffs filed a motion for leave to file second amended complaint. Plaintiffs' motion proposed, *inter alia*, that the Manufactured Home Federation of Massachusetts, Inc. be substituted as a class representative for Plaintiff Shurtleff. On February

05610153.20

4

26, 2020, the Court – by agreement of the parties – denied Plaintiffs' motion for leave to file a second amended complaint "without prejudice to renewal within 30 days after a decision on the summary judgment motions" so that the parties could focus their efforts on anticipated summary judgment motion practice.

K.    Beginning in March 2020, the parties began requesting extensions of time for the scheduling order, and in particular the operative summary judgment briefing schedule, so that they could engage in settlement discussions. This Court granted seven such extensions between March of 2020 and October of 2020.    Thereafter, the Court granted the parties' Joint Motion to Stay this litigation, to allow the parties to consummate a partial settlement of this litigation concerning the allegations of the First Amended Complaint that involve Oakhill, and the parties have filed two status reports on their progress to consummate a written agreement reflecting such a settlement.

L.    Plaintiffs' Counsel (hereinafter referred to as "Class Counsel") and counsel for the Oakhill Defendants conducted extensive arms-length negotiations for a potential settlement of this Action over the course of more than ten months, beginning in March 2020. They sought settlement help and direction from a mediation attorney, John W. Perry, Jr. The Settling Oakhill Parties, and their counsel, took into account:  (1) the merits of the First Amended Complaint as to claims arising from or relating to Oakhill or the lack thereof; (2) the strength of Plaintiff Craw's and the purported Class Members' case compared to the amount of the Oakhill Defendants' settlement offer; (3) the evidence and information adduced through discovery, investigation and the informal exchange of information through mediation; (4) the applicable law; (5) the time, expense and effort necessary to litigate the Action to conclusion; (6) possibilities of success weighed against the possibilities of loss; (7) the range of potential

judgment values, if any should be awarded; (8) the complexity of the issues in the Action; (9) the risks inherent in protracted litigation; (10) the magnitude of benefits to be gained from immediate settlement in light of both the maximum potential of a favorable outcome with the attendant expense and likelihood of an unfavorable outcome; (11) the possibility of no recovery to any Class Members whatsoever; (12) the merits of Plaintiff Craw's anticipated motion for partial summary judgment; (13) the fairness of benefits from an immediate settlement under all of the foregoing considerations; and (14) the stage of the proceedings. Substantial time and effort have been expended by the Settling Oakhill Parties and their counsel in negotiating this Settlement Agreement and the Settlement contemplated herein.

M.      In entering into this Settlement Agreement, the Oakhill Defendants have denied, and continue to deny, any liability or wrongdoing in connection with the claims made in the Action, and believe that such claims are without merit and that such claims are barred in whole or in part. The Oakhill Defendants further claim that, if contested, class certification would be denied. Nothing in this Agreement shall constitute or be construed as an admission of liability or wrongdoing by any Oakhill Defendant. Neither this Agreement (regardless of whether it becomes final), nor the Final Order and Judgment, nor any and all negotiations, documents, or discussions associated with them, nor any proceedings undertaken in accordance with the terms set forth herein including but not limited to any statements or representations made at the Fairness Hearing, shall be deemed or construed to be: (1) an admission or concession by any of the Oakhill Defendants (or evidence thereof) in any action or proceeding of any kind whatsoever, civil, criminal, or otherwise, before any court, arbitrator, administrative agency, regulatory body, governmental body, or any other body with authority, present or future, (2) evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by any Oakhill

Defendant, (3) evidence of the truth or validity of any of the claims or allegations contained in any complaint or any other pleading that Plaintiff Craw or Class Members have or could have asserted or could not have asserted against the Oakhill Defendants, or (4) an admission or concession by any Oakhill Defendant in the remaining Action currently brought by Plaintiff Shurtleff on behalf of the purported Oak Point Class. The Oakhill Defendants expressly deny any wrongdoing or liability whatsoever for any and all claims and allegations.

N.     The Oakhill Defendants have concluded, however, that this Agreement is desirable in order to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the pending and potential claims of Plaintiff Craw and the Class Members whom she seeks to represent, and thus to resolve the litigation as to the Released Claims. The Oakhill Defendants do not oppose, and agree to, certification of the Class *for settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(2) for the Injunctive Relief Class, and pursuant to Fed. R. Civ. P. 23(b)(3) for the Damages Class. The certification for settlement purposes only in this Settlement should not be used to support any argument that the claims in the Action arising out of the Oak Point Manufactured Housing Community should be certified as a class action.

O.     Class Counsel has evaluated the Released Claims from a settlement perspective, considering the nature and extent of the alleged damages and the alleged liability of the Released Parties, and the costs of prosecuting claims in light of the risks of zero or limited recovery.

P.     Plaintiff Craw: (1) has agreed to serve as representative of the Settlement Class; (2) has been informed by her counsel of the duties and obligations of a class representative; (3) is familiar with the pleadings in the Action, and the results of the factual investigation undertaken by her counsel; (4) has been fully advised by such counsel as to the terms and effects of this

05610153.20                                7

Agreement, including the nature of the Released Claims, the potential for success if the Action were to be litigated to its conclusion, and the relief obtained by the Settlement; and (5) will support this Agreement's submission to the Court for both preliminary and final settlement approval.

Q.    The Settling Oakhill Parties, and their respective counsel, believe that the terms of the settlement set forth in this Agreement are fair, reasonable and adequate.

R.    It is agreed that this Settlement shall not be deemed or be construed to be an admission, concession or evidence of any violation of any federal, state or local statute, regulation, rule or other law, or principle of common law or equity, or of any liability or wrongdoing whatsoever by the Released Parties, or of the truth or validity of any of the claims that have been asserted in the Action.

S.    Moreover, neither this Agreement, nor any of its terms or provisions, nor any statement or document or action made or filed in connection herewith, nor the fact of this Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the Settling Oakhill Parties, shall be filed, referred to, offered as evidence or received in evidence, or otherwise used offensively against any of the Settling Oakhill Parties in any way, directly or indirectly, in any pending or future civil, criminal or administrative action, arbitration, governmental proceeding, or proceeding whatsoever; *provided, however* that:    (1) the Settling Oakhill Parties may offer this Agreement in a proceeding to enforce the Agreement; and (2) any Oakhill Defendant or Released Party may also offer the Agreement: (a) in a proceeding to defend against the assertion of Released Claims; or (b) defensively in any court, administrative or governmental proceeding.

05610153.20                                          8

T.    In light of the foregoing, the consensus of the Settling Oakhill Parties is that the Class Relief proposed in this Settlement Agreement would result in substantial benefit to the Settlement Class Members in the Action.  Accordingly, as more fully described below, the Settling Oakhill Parties shall submit this Settlement Agreement and the exhibits attached hereto to the Court for approval, pursuant to Plaintiff's unopposed Motion for Preliminary Approval of Proposed Class Action Settlement to be heard on the Court's docket as soon as practicable.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by Plaintiff Craw, on behalf of herself and on behalf of the Class, and the Oakhill Defendants, by and through their respective undersigned counsel that, subject to approval of the Court pursuant to Fed. R. Civ. P. 23(e), in consideration of the benefits flowing to the Settlement Class from the Settlement set forth herein, the Action and the Released Claims as against the Oakhill Defendants shall be finally and fully compromised, settled, and released, and the claims in the Action of Plaintiff Craw and the Settlement Class Members against the Oakhill Defendants shall be dismissed with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Agreement, as follows.

The recitals stated above are contractual undertakings and hereby are made a part of this Agreement.  The Parties acknowledge the accuracy of the foregoing recitals and expressly confirm their mutual reliance upon the same.  The Parties further agree to honor, abide by, and be bound by the foregoing recitals, including any and all continuing and prospective undertakings and commitments described therein, as they are material components of the mutual consideration supporting this Agreement.

## II.    DEFINITIONS

As used in this Agreement and the attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), the following terms have the following meanings, unless a section or subsection of this Agreement or its exhibits provides otherwise:

A.    **"Action"** means the lawsuit captioned *Craw, et al. v. Hometown America, et al,* Case No. 18-cv-12149 (D. Mass).

B.    **"Agreement"** or **"Settlement Agreement"** or **"Settlement"** means this Stipulation of Settlement and the attached exhibits.

C.    **"Attorney's Fees and Expenses"** means such funds as may be awarded by the Court to compensate Class Counsel for fees and expenses in connection with Plaintiff Craw's claims, made both individually and on behalf of the Class, and the Class claims in this Action arising out of and related to the Oakhill Manufactured Housing Community, as set forth in more detail in Section X herein.

D.    **"CAFA Notice"** means the notice required by 28 U.S.C. Section 1715(b).

E.    **"Claim Form"** means the document attached hereto as Exhibit A.

F.    **"Claim Form Deadline"** means ninety (90) days after the Settlement Administrator mails and e-mails the Settlement Notice, as set forth in Section V.

G.    **"Class"** and the **"Oakhill Class"** means all members of the Injunctive Relief Class, and all members of the Damages Class, including the Damages Class Members who file timely and valid Requests for Exclusion pursuant to Section VII. The Class includes, but is not limited to, the persons listed on the Oakhill Known Residents List and the Oakhill Known Former Residents E-Mail List.

05610153.20                                      10

H.      **"Class Benefit Fund"** means the Settlement Fund, less any Settlement Costs, as set forth in Section III.  The Class Benefit Fund will be paid to Damages Class Members who have filed a timely and valid Claim Form, as determined in Section VI herein, according to the Plan of Allocation set forth in Exhibit B hereto, unless they have filed a timely and valid Request for Exclusion from the Damages Class.

I.      **"Class Benefits"** or **"Class Relief"** means the monetary and injunctive relief given to the Settlement Class, as set forth in more detail in Section III herein.

J.      **"Class Counsel"** means the attorney representing the Class and Plaintiff Craw:

Ethan Horowitz
Northeast Justice Center
50 Island Street, Suite 203B
Lawrence, MA 01840

K.      **"Class Counsel's Motion for Attorney's Fees and Expenses"** has the meaning set forth in Section X of this Agreement.

L.      **"Class Member"** means a member of the Class and the Oakhill Class.

M.      **"Class Notice"** shall include Settlement Notice and Publication Notice to the Class, as set forth in Section V herein.

N.      **"Class Representative"** means Plaintiff Barbara Craw.

O.      **"Class Representative Award"** is the award entered by the Court as set forth in Section III(D), to compensate Barbara Craw for her role as representative of the Class.

P.      **"Court"** means the United States District Court for the District of Massachusetts.

Q.      **"Damages Class"** or **"Damages Class Members"** means all current and former residents of the Oakhill Manufactured Housing Community, who resided there at any point between September 25, 2012 and the Effective Date of this Settlement.

R.    **"Defendant"** or **"Defendants"** means any one or all of the defendants named in the Action (Hometown America, LLC, Hometown America Management, LLC, Hometown Oakhill, LLC and/or Hometown Oak Point).

S.    **"Defendants' Counsel"** means all of the following representing Defendants as counsel:

> W. Scott Simpson
> Simpson, McMahan, Glick & Buford, PLLC
> 2700 Highway 280, Suite 203W
> Birmingham, Alabama 35203
> wssimpson@smbglawyers.com
> (205) 876-1600
>
> Lee E. Bains, Jr.
> Thomas W. Thagard
> Lorrie L. Hargrove
> James C. Lester
> Maynard, Cooper & Gale
> 1901 6th Avenue North, Suite 2400
> Birmingham, Alabama 35203
> lbains@maynardcooper.com
> (205) 254-1000
>
> Lisa C. Goodheart
> Tristan C. Colangelo
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street, Suite 900
> Boston, MA 02114
> goodheart@sugarmanrogers.com
> (617) 227-3030

T.    **"Effective Date"** means the date by which all of the Settling Oakhill Parties have signed this Agreement.

U.    **"Entitled Damages Class Members"** means Damages Class Members who have not filed a timely and valid Request for Exclusion from the Damages Class, but who have filed a timely and valid Claim Form.

V.    **"Fairness Hearing"** means the hearing, following the Court's entry of a

05610153.20                                    12

Preliminary Approval Order and after the Settlement Administrator has given Class Notice, as described in Section XI, for the purposes of: (1) enabling the Court to make a final decision whether to approve this Agreement as fair, reasonable and adequate and in the best interests of Settlement Class Members; (2) determining that the Injunctive Relief Class should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure and that the Damages Class should be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; (3) determining whether to enter the Final Approval Order approving the Settlement and dismissing all claims in the Action by Barbara Craw and the Settlement Class Members against the Oakhill Defendants with prejudice; (4) determining whether to release the Released Claims; and (5) ruling on any other matters as may be raised before the Court.

W.    **"Final Order and Judgment"** means the Court's Order that is substantially similar to Exhibit F hereto, and which: (1) certifies the Injunctive Relief Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure and the Damages Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for settlement purposes only; (2) gives its full and final approval to the Settlement and this Agreement as fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directs its consummation according to its terms; (3) dismisses all of the claims of Barbara Craw and the Settlement Class Members against the Oakhill Defendants with prejudice, without costs, except that the individualized monetary damages claims (but not the claims for any injunctive or equitable relief) of Settlement Class Members who filed timely and valid Requests for Exclusion from the Damages Class will be dismissed without prejudice; (4) directs that all Releasors shall, by operation of law, be deemed to have released all Releasees from all Released Claims; (5) incorporates by reference the terms of the Injunctive Relief; (6) reserves exclusive jurisdiction

05610153.20                                        13

over the Settlement and this Agreement, including the interpretation, administration, and consummation of this Settlement, to the Court, and including any Attorney's Fee and Expenses award along with a Class Representative award; (7) determines that under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and the judgment entered pursuant to that Order is final; (8) enjoins all Releasors from asserting any Released Claim against any Releasee; (9) enters an order on Class Counsel's motion for Attorney's Fees and Expenses and Class Representative Award; and (10) approves the Settlement Administrator's Opt-Out List and rules that all of the Class Members on that list have filed timely and valid Requests for Exclusion from the Damages Class, and are not entitled to any portion of the Class Benefit Fund, but remain bound by this Settlement and its Release as members of the Injunctive Relief Class.

X.      **"Final Settlement Date"** means when the last of the following with respect to the Final Order and Judgment approving the Settlement Agreement has occurred:

1.      if no appeal is taken from the Final Order and Judgment, then the date on which the time to appeal or permission to appeal therefrom has expired;

2.      if an appeal has been taken from the Final Order and Judgment, then when: (a) such appeal is finally dismissed prior to resolution by the applicable court; or (b) the Final Order and Judgment is affirmed in its entirety by the court of last resort to which such appeal may be taken, including petitions for rehearing or re-argument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review, or the time for such further review has expired; or (c) the Final Order and Judgment is modified, the Settling Oakhill Parties thereafter agree to the modifications in writing and withdraw any pending appeals, and such document is finally entered;

3.      No Settling Oakhill Party has availed herself or itself of the right to

terminate the Agreement pursuant to any provision herein.

Y.    **"First Amended Complaint"** means the First Amended Class Action Complaint for Injunctive Relief and Damages that was filed in this Action.

Z.    **"Hometown America"** means Hometown America, LLC.

AA.    **"Hometown Management"** means Hometown Management, LLC.

BB.    **"Hometown Oakhill"** means Hometown Oakhill, LLC.

CC.    **"Hometown Oak Point"** means Hometown Oak Point I, LLC and Hometown Oak Point II, LLC.

DD.    **"Injunctive Relief"** means the injunctive relief described in Section III(C) of, and Exhibit G to, this Agreement.

EE.    **"Injunctive Relief Class"** means all current and former residents of the Oakhill Manufactured Housing Community, who resided there at any point between September 25, 2012 and the Effective Date of this Settlement.

FF.    **"Oakhill"** means the Oakhill Manufactured Housing Community.

GG.    **"Oakhill Defendants"** means Hometown America, LLC, Hometown America Management, LLC, and Hometown Oakhill LLC.

HH.    The **"Oakhill Known Former Residents E-Mail List"** means the list of Oakhill Manufactured Housing Community former residents' e-mail addresses, as compiled by Hometown Oakhill based on its reasonably available lease records. This list does not provide an e-mail address for every former resident of Oakhill. The Class includes, but is not limited to, persons listed on the Oakhill Known Former Residents E-Mail List.

II.    The **"Oakhill Known Residents List"** means the list of current residents of Oakhill, their Oakhill addresses and dates of residence, as compiled by Hometown Oakhill based

05610153.20

15

on its reasonably available lease records. It also includes known former residents of Oakhill with their last known Oakhill addresses and dates of residence as compiled by Hometown Oakhill based on its reasonably available lease records. The Class includes, but is not limited to, persons listed on the Oakhill Known Residents List.

JJ.    **"Oakhill Stormwater Program"** has the meaning set forth in Section III(C) of this Agreement and Exhibit G to this Agreement.

KK.    **"Oak Point"** means the Oak Point Manufactured Housing Community.

LL.    **"Objection Deadline"** means 60 days after the date the Settlement Administrator mails and e-mails the Settlement Notice, as set forth in Section VIII herein, and is the final day by which a Settlement Class Member may make a timely and valid objection to the proposed Settlement.

MM.    **"Opt-Out Deadline"** means within 60 days after the date the Settlement Administrator mails and e-mails the Settlement Notice, as set forth in Section VII herein, and is the final day by which a Damages Class Member's Request for Exclusion from the Damages Class must be mailed to the Settlement Administrator and postmarked to be valid.

NN.    **"Opt-Out List"** means the list, prepared by the Settlement Administrator, of Damages Class Members who filed a timely and valid Request for Exclusion from the Damages Class, to be given to the Court prior to the Fairness Hearing and for the Court's approval in the Final Order and Judgment.

OO.    **"Outstanding Settlement Funds"** has the meaning set forth in Section III(G) of this Agreement.

PP.    **"Plaintiff"** means plaintiff Barbara Craw.

QQ.    **"Plaintiff Craw"** means plaintiff Barbara Craw.

RR.    **"Plaintiff Shurtleff"** means plaintiff Joan Shurtleff.

SS.    **"Plan of Allocation"** means the plan for allocating the Class Benefit Fund to Entitled Damages Class Members, to be approved by the Court, as set forth in more detail in Exhibit B to this Agreement.

TT.    **"Preliminary Approval Order"** means the Order to be entered by the Court conditionally certifying the Settlement Class for settlement purposes only, granting preliminary approval of the proposed Settlement and directing that Class Notice be sent to the Class as contemplated in Section IV of this Agreement and in substantially in the form of Exhibit E to this Agreement.

UU.    **"Publication Notice"** means the notice substantially in the form of Exhibit D, and to be published by the Settlement Administrator as notice to Class Members as set forth in Section V.

VV.    **"Release"** means the release and waiver set forth in Section IX of this Agreement.

WW.    **"Released Claims"** has the meaning set forth in Section IX of this Agreement.

XX.    **"Releasees"** or **"Released Party(ies)"** means, jointly and severally, individually and collectively, the Oakhill Defendants and each of their past, present and future, direct or indirect, parents (including intermediate and ultimate parents), subsidiaries, predecessors, divisions, affiliated companies, affiliates, partnerships, joint venturers, including all of their respective predecessors, successors, and assigns, and each and all of their respective past, present and future principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, beneficiaries, and representatives of any kind, or any of them, including any person or entity acting on behalf of or for the benefit of or at the direction of any of the Oakhill Defendants.

05610153.20                          17

YY.    **"Releasor," "Releasors"** or **"Releasing Party"** means Barbara Craw individually, as Class Representative and as a Settlement Class Member, and every other Settlement Class Member, anyone representing any Settlement Class Member or acting on his or her or its behalf or for his or her or its benefit, and those Settlement Class Members' agents, attorneys, predecessors, successors, insurers, administrators, heirs, executors and assigns.

ZZ.    **"Request for Exclusion"** means a properly completed and timely postmarked request from a Damages Class Member to be excluded from the Damages Class, as described in Section VII of this Agreement. Class Members may not request exclusion from the Injunctive Relief Class.

AAA. **"Settlement Administrator"** means any third-party administrator who Class Counsel and Defendants' Counsel agree upon with the Court's approval to help implement the terms of this Agreement.

BBB. **"Settlement Class"** or **"Settlement Class Members"** means: (1) all Class Members in the Injunctive Relief Class, and (2) all Class Members in the Damages Class who do not file a timely and valid Request for Exclusion from the Damages Class as provided in Section VII herein.

CCC. **"Settlement Cost Contribution"** means the one-time $10,000 payment that the Oakhill Defendants shall pay to the Settlement Administrator, to pay the first $10,000 of Settlement Costs, as set forth in Section III(B)(1) herein.

DDD. **"Settlement Costs"** means the costs of Class Notice (including but not limited to updating addresses, mailing and e-mailing Settlement Notice, and Publication Notice) and settlement administration, including but not limited to the Settlement Administrator's fees and expenses, the fees and expenses of any Class Notice expert, costs and expenses associated with

05610153.20

18

operating, maintaining or investing the Settlement Fund, taxes on the earnings of the Settlement Fund and any expenses associated therewith, and any other costs of administering this Settlement.

EEE.    **"Settlement Fund"** means the amount of $500,000, which shall be paid by the Oakhill Defendants to resolve the claims of the Settlement Class Members, along with the Injunctive Relief, as set forth in Section III of this Agreement.

FFF.    **"Settlement Notice"** means the notice of class action settlement to be mailed by the Settlement Administrator to all persons on the Oakhill Known Residents List for whom the Settlement Administrator is able to locate a current address, and to be e-mailed by the Settlement Administrator to all former Oakhill residents on the Oakhill Known Former Residents E-Mail List for whom the Oakhill Defendants have email addresses, upon entry of the Preliminary Approval Order, advising the Class Members of the Settlement and the right to opt-out of the Damages Class, as set forth in more detail in Section V, and in substantially the form attached as Exhibit C hereto.

GGG.    **"Settling Oakhill Parties"** mean Plaintiff Craw, individually and as Class Representative of the Class and the Settlement Class, and Defendants Hometown America, LLC, Hometown America Management, LLC, and Hometown Oakhill, LLC.

HHH.    **"Updated Address"** has the meaning set forth in Section V(B)(1)(a) of this Agreement.

## III.    SETTLEMENT RELIEF

A.    In consideration for the promises and obligations contained herein and the full and final release, settlement, and discharge of Released Claims against the Released Parties, the Settling Oakhill Parties have agreed to the following Class Relief.  This Settlement provides that

05610153.20                                    19

a non opt-out, Injunctive Relief Class should be certified pursuant to Federal Rule of Civil Procedure 23(b)(2). The Injunctive Relief Class will receive the Injunctive Relief set forth below. This Settlement also provides that a Damages Class should be certified pursuant to Federal Rule of Civil Procedure 23(b)(3), with opt-out rights as set forth in Section VII herein. The Damages Class will receive the Injunctive Relief, and in addition thereto, Entitled Damages Class Members will receive the Class Benefit Fund set forth below pursuant to the Plan of Allocation attached as Exhibit B.

B.    Settlement Fund and Settlement Cost Contribution.

1.    The Oakhill Defendants shall pay a $500,000 Settlement Fund to settle the claims in the Action by Barbara Craw and Damages Class Members against the Settling Oakhill Parties, and obtain the Release of all Released Claims against the Released Parties. Within ten (10) days after the Final Settlement Date, the Oakhill Defendants shall provide this $500,000 non-reversionary Settlement Fund to the Settlement Administrator to be held in escrow. The Oakhill Defendants will also pay $10,000 to the Settlement Administrator as a Settlement Cost Contribution, which the Settlement Administrator shall use to pay the first $10,000 of Settlement Costs. The Oakhill Defendants will pay the Settlement Cost Contribution within five (5) days after the Court's issuance of the Preliminary Approval Order. The Settlement Fund shall be used to pay all remaining Settlement Costs after the Settlement Cost Contribution is depleted. After all Settlement Costs have been paid, the remaining settlement fund, or Class Benefit Fund, shall be paid to Entitled Damages Class Members, under the terms of the Plan of Allocation attached as Exhibit B. If the Court approves the Plan of Allocation as well as this proposed Settlement, the Settlement Administrator shall pay the Class Benefit Fund to Entitled Damages Class Members in accordance with the Plan of Allocation. The Settling Oakhill Parties agree that the

Plan of Allocation is subject to the Court's approval. The Settling Oakhill Parties further agree that the Settlement Administrator's decisions regarding the amount awarded to each Entitled Damages Class Member will be based on that Court-approved Plan of Allocation, but that the Settlement Administrator will decide the amounts given to Entitled Class Members under the Plan of Allocation, and that the Settlement Administrator has sole, final, and binding authority in making those decisions. There will be no appeal from or request for reconsideration of the Settlement Administrator's decision as to the amount that any Entitled Damages Class Member receives from the Class Benefit Fund under the court-approved Plan of Allocation.

2.      The Oakhill Defendants, their counsel, and all Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund or the Class Benefit Fund, the Plan of Allocation, the determination, administration and/or calculation of claims made by Damages Class Members for their portion of the Class Benefit Fund, the decision that a Settlement Class Member is or is not an Entitled Damages Class Member, the payment or withholding of taxes on payments made to Entitled Damages Class Members or on the Class Benefit Fund, or any losses incurred in connection therewith.

C.      Injunctive Relief.

1.      Oakhill Stormwater Program. Within thirty (30) days after the Final Settlement Date, the Oakhill Defendants shall confirm arrangements for immediate and further implementation of the Oakhill Stormwater Management System Operation & Maintenance Program (the "Oakhill Stormwater Program"), as outlined in Exhibit G hereto. The enforceability of the Oakhill Stormwater Program pursuant to this Agreement shall automatically expire five (5) years after the Final Settlement Date, *provided, however*, that any Settlement

05610153.20

21

Class Member may petition the Court for an extension of the judicially-enforceable term of that program for good cause. No Settlement Class Member may move to extend the Oakhill Stormwater Program except for good cause shown. Any motion to extend the Oakhill Stormwater Program shall be filed at least six months prior to the expiration of the program's judicially-enforceable term, if the purported cause on which the motion is based is known to the Settlement Class Member as of that date, and in no event shall any motion to extend the Oakhill Stormwater Program be filed after the expiration of the program's judicially-enforceable term.

2.    Annual Stormwater Operations & Maintenance Reporting. On the first anniversary of the Final Settlement Date, and on each anniversary thereafter in which the Oakhill Stormwater Program remains judicially enforceable, the Oakhill Defendants shall submit a letter report to Class Counsel outlining all activities conducted at the Oakhill Manufactured Housing Community during the prior year pursuant to the Oakhill Stormwater Program, including the completion of outstanding stormwater management improvements or capital projects contemplated in Section III.C.3.

3.    Stormwater Management System Improvement Projects. The Oakhill Defendants shall be responsible for completion of the following three projects (jointly, the "System Improvement Projects"), which constitute agreed-upon improvements to certain components of the comprehensive Oakhill Stormwater Management System that serves and benefits all Class Members, for purposes of enhancing the effective functionality of the integrated, community-wide system as a whole: (a) the expansion of the Shanley Drive galley drain system (the "Shanley Drive Galley Drain"); (b) the design and installation of a new drain in the yard area between the homes located at 92 and 93 Such Drive, respectively (the "92-93 Such Drive Yard Drain"), and (c) the preparation of an as-built plan, for operational reference

05610153.20                                  22

purposes, to depict the existing four cultec chamber drain in the yard area between the homes located at 102 and 102A Shanley Drive (the "102-102A Shanley Drive Yard Drain"). All of the above-described System Improvement Projects shall be completed by the Oakhill Defendants within a reasonable time after the Final Settlement Date. Within a reasonable time following their completion of each System Improvement Project, the Oakhill Defendants shall provide written confirmation of such completion, and an as-built plan that depicts the pertinent stormwater management system structure, to Class Counsel.

4.    Stormwater Management Complaint Resolution Procedure. From and after the Final Settlement Date and for the duration of the enforceable term of the Oakhill Stormwater Program as provided in this Agreement, the Settling Oakhill Parties and Settlement Class Members shall abide by the following Stormwater Management Complaint Resolution Procedure:

(a)    In the event that any member of the Injunctive Relief Class wishes to pursue resolution of any complaint that is not a Released Claim regarding the management of stormwater at their home site, the Class Member shall initiate the Stormwater Management Complaint Resolution Procedure by providing clear and specific written notice of such complaint (by e-mail or otherwise) to the Oakhill Community Manager (the person designated as "Community Manager" at the Hometown Management's Oakhill office located at 1003 Oakhill Avenue, #66, Attleboro, MA 02703). Following the delivery and receipt of such notice, the Oakhill Defendants shall investigate and assess the complaint, *provided, however*, that such investigation and assessment, and any and all other participation in the Stormwater Management Complaint Resolution Procedure, shall be made by the Oakhill Defendants subject to and without any waiver of their position as to whether the complaint is a Released Claim. The complaining

05610153.20                                         23

Class Member shall cooperate in good faith with such investigation and assessment, including without limitation by providing any reasonably requested information concerning the complaint. If the complaining Class Member documents, or the Oakhill Defendants otherwise determine, that excessive standing surface water is present on the Class Member's home site for longer than 24 hours after a rainfall event has ended, the Oakhill Defendants shall retain a qualified and experienced civil engineer to investigate conditions on the home site and determine the cause of the standing water. This requirement shall be fulfilled by the Oakhill Defendants subject to and without any waiver of their position as to whether the complaint at issue is a Released Claim.

(b)    No later than thirty (30) days following their receipt of any Class Member's written complaint regarding the management of stormwater at their home site, the Oakhill Defendants shall notify the complaining Class Member in writing of the results of their investigation and assessment of such complaint. If any written report is created by a civil engineer pursuant to the investigation contemplated by this Section III.C.4, that report shall be included as part of the written response if then available, or, if created later, it shall be shared with the complaining Class Member following its delivery to the Oakhill Defendants. The Oakhill Defendants' written response to the complaint shall specify the further actions, if any, that the Oakhill Defendants have determined to take to address the matter, and shall provide a proposed schedule or time frame for implementing the same. If the Oakhill Defendants have determined to take no further action to address the matter on the ground that the complaint is a Released Claim, they shall confirm that position, and provide a brief explanation of the basis for that position, in their written response.

(c)    If the complaining Class Member is dissatisfied with the Oakhill Defendants' written response to his/her complaint, the Class Member shall, no later than thirty

(30) days following the receipt of such response, make a written request for an opportunity to meet and confer with the Oakhill Community Manager, in a good-faith effort to resolve the matter through negotiations. The Oakhill Defendants shall then arrange to provide such a meet-and-confer opportunity within seven (7) days of receiving such request, or within any such further time as the parties may agree in writing is reasonable to allow for further investigation and assessment. The completion of the meet-and-confer process shall be confirmed in writing by the Oakhill Defendants, once accomplished. Any such confirmation shall specify whether the Oakhill Defendants consider the complaint to be then resolved and/or scheduled for resolution (including specification of the time frame within which the Oakhill Defendants will arrange to complete any corrective action that they propose for purposes of resolving the complaint).

(d)    Either party to a complaint made pursuant to the Stormwater Management Complaint Resolution Procedure may then make a written request for mediation with an independent third-party neutral, but only in the following circumstances:

(i)    if both the complaining Class Member and the Oakhill Defendants agree in writing that the complaint remains unresolved, either upon the completion of the meet-and-confer process or, to the extent applicable, upon the completion of any corrective action undertaken by the Oakhill Defendants within the specified time frame; or

(ii)    if the complaining Class Member has provided written notice to the Oakhill Defendants that the complainant either disputes the Oakhill Defendants' determination that the complaint has been resolved, or is dissatisfied with the Oakhill Defendants' plan and schedule of the Oakhill Defendants for completing corrective action in response to the complaint. Any such request for mediation shall attach documentation sufficient

to establish that the requirements of sub-paragraphs (a)-(c), and, if and to the extent applicable, the requirements of Section (III)(C)(4)(d), have been satisfied.

(e)    In response to any request for the same, the above-described parties shall engage in mediation in a further good-faith effort to resolve the matter. If such parties do not agree on a mutually-acceptable private mediator, any costs of which shall be borne by the Oakhill Defendants, then the parties shall request court-facilitated mediation with a Magistrate Judge to be designated by the Court. The resolution of any complaint made pursuant to the Stormwater Management Complaint Resolution Procedure at any mediation conducted pursuant to this dispute resolution process shall be documented in writing.

(f)    No party may seek judicial relief with respect to any stormwater management complaint unless and until the above-specified complaint resolution process has been completed. If a complaining Class Member seeks judicial relief as to a Released Claim, the Oakhill Defendants retain all release, res judicata, and other defenses to such claim, may seek dismissal of any judicial action regarding a Released Claim, and shall not be prejudiced in any way, or viewed as waiving those defenses, by participating first in the Stormwater Management Complaint Resolution Procedure.

(g)    The obligations of the complaining Class Member and the Oakhill Defendants to participate in the Stormwater Management Complaint Resolution Procedure in good faith are subject to the following expectations and understandings:

(i)    no Class Member shall initiate or pursue the procedure with respect to any matter that they understand to constitute a Released Claim;

(ii)    the Oakhill Defendants shall participate in the procedure even with respect to complaints that they believe to constitute Released Claims, *provided,*

05610153.20                                    26

*however*, that such participation will be subject to and without waiver of any contention they may have that the complaint at issue is a Released Claim, and

(iii)    the Oakhill Defendants shall in no event have any obligation to offer or undertake any substantive corrective action to address a complaint that they believe is a Released Claim.

5.    From and after the Final Settlement Date and for the duration of the enforceable term of the Oakhill Stormwater Program as provided in this Agreement, the Court shall retain jurisdiction to enforce the Settling Oakhill Parties' compliance with their respective obligations under this Section III.C. The Oakhill Defendants shall not initiate any enforcement action or file any enforcement motion in the first instance against one or more of the Class Members to require their compliance with this Section III.C, but in the event of any enforcement action or enforcement motion filed by one or more of the Class Members to require compliance with this Section III.C, then the responding Oakhill Defendant(s) shall be free to present and pursue any issues or concerns they may have regarding the compliance of the complaining Class Member(s) with this Section III.C, and the Court may address any and all process compliance issues raised by any party in that context.

6.    The Settling Oakhill Parties agree that none of them will seek any Court-ordered sanctions for violating the terms of the injunction described in this Section III.C, other than: (i) Court-ordered enforcement of such terms; and/or (ii) additional sanctions based on the failure of any Settling Oakhill Party to comply with a Court Order issued in response to a prior request to compel enforcement of the terms of the injunction described in this Section III.C.

D.    Class Representative Award. Class Counsel may file one or motions with the Court seeking a Class Representative Award in an amount not to exceed $17,500 for Plaintiff

Craw for her services as class representative for the Class. Class Counsel may make such request in the body of the motion seeking the Preliminary Approval Order, the Final Order and Judgment or both. The purpose of such Class Representative Award will be to compensate Plaintiff Craw for her efforts undertaken on behalf of the Settlement Class. The Oakhill Defendants will pay the Class Representative Award, as awarded and approved by the Court, but in no event shall the Oakhill Defendants be required to pay Plaintiff Craw more than $17,500 as a Class Representative Award. The Class Representative award of up to $17,500, as awarded and approved by the Court, is in addition to the Settlement Fund. Within ten (10) days after the Final Settlement Date, the Oakhill Defendants shall pay the Class Representative Award to Plaintiff Craw, by delivery to Class Counsel, in an amount not to exceed $17,500, or any lesser amount, to be approved and awarded by the Court. If the Court awards a Class Representative Award greater than $17,500, then the Settling Oakhill Parties agree that the Oakhill Defendants may declare this Settlement void within ten (10) days after such award.

E.    Attorney's Fees and Expenses.    Class Counsel may submit one or more applications to the Court for an award of reasonable attorney's fees plus reimbursement of expenses and costs reasonably and actually incurred in connection with this Action up to a combined total of $162,500. Class Counsel may make such request in the body of the motion seeking the Preliminary Approval Order, the Final Order and Judgment or both. The Oakhill Defendants will pay the reasonable attorney's fees, expenses and costs, as approved and awarded by the Court, but in no event shall the Oakhill Defendants be required to pay Class Counsel more than $162,500 for attorney's fees, expenses and costs. Any award to Class Counsel of attorney's fees, expenses and costs up to a combined total of $162,500, as approved and awarded by the Court, is in addition to the Settlement Fund. Within ten (10) days after the Final Settlement

Date, the Oakhill Defendants shall pay Class Counsel up to a maximum of $162,500, or any lesser amount representing reasonable attorney's fees, expenses and costs, as approved and awarded by the Court. If the Court awards Class Counsel more than $162,500 in Attorney's Fees and Expenses, then the Settling Oakhill Parties agree that the Oakhill Defendants may declare this Settlement void within ten (10) days after such award. No provision of this Agreement will limit Class Counsel's prospective ability to petition the Court for reasonable attorney's fees, expenses and costs that are not included in an application contemplated by this Section III.E and were incurred for the benefit of Plaintiff Shurtleff or the current or former residents of Oak Point in the conduct of the above-captioned litigation.

F.    No Further Payment From the Oakhill Defendants. The Settling Oakhill Parties and their counsel expressly agree that under no circumstances whatsoever shall the Oakhill Defendants be responsible for paying any monies, benefits, costs, taxes, administrative costs, expenses or attorney's fees in settlement of the claims made by Plaintiff Craw and the Settlement Class Members in this Action other than as expressly provided for by this Settlement Agreement, nor will the Oakhill Defendants be required to take any action or incur any liability or pay any expense or be required to do any other thing, except as expressly provided herein. If for any reason the Court orders the Oakhill Defendants to pay any monies, benefits, costs, taxes, administrative costs, expenses or attorney's fees in settlement of the claims of Barbara Craw and the Settlement Class Members in this Action other than as expressly provided for herein, the Oakhill Defendants have the right to terminate this Settlement Agreement by giving notice to Class Counsel.

G.    Uncashed Settlement Checks. The Settlement Administrator will mail checks to Entitled Damages Class Members. Settlement checks that are not cashed within 180 days after

mailing of the initial check (or 60 days after mailing of a replacement check, if any) ("Outstanding Settlement Funds") will be void and the Settlement Administrator will, if deemed necessary, place a stop payment on the checks. Those who fail to timely cash their checks will be deemed to have waived irrevocably any right in or claim to their portion of the Class Benefit Fund, but the Agreement nevertheless will be binding upon them. The Outstanding Settlement Funds, after payment of any outstanding Settlement Costs, will be disbursed to The Massachusetts Interest on Lawyers' Trust Account Committee, 18 Tremont Street, Suite 1010, Boston, MA 02108-2316, as a *cy pres* award. By virtue of Court approval of this Agreement, this Agreement's terms shall control over any principles of escheat or provisions of unclaimed property law. In no circumstances will any of the Settlement Fund or Outstanding Settlement Funds be retained by, or revert to, any Oakhill Defendant.

H.    Settlement Administrator. The Settling Oakhill Parties shall jointly agree on and designate a Settlement Administrator for this Settlement and seek designation of the Settlement Administrator as such by the Court in the Preliminary Approval Order. The Oakhill Defendants will pay the Settlement Administrator the Settlement Cost Contribution within five (5) days following issuance of the Preliminary Approval Order. The remaining fees and expenses of the Settlement Administrator and Settlement Costs shall be paid from the Settlement Fund. In the event the Court does not give final approval to this Settlement, the Settlement Administrator shall immediately stop any and all activity on this case, and will not be paid any fees for activity taking place thereafter.

## IV.    REQUEST FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT.

A.    Within sixty (60) days of the signing of this Settlement Agreement, Plaintiff shall file the Settlement Agreement, with exhibits, and Plaintiff's Unopposed Motion for Preliminary

Approval of Class Action Settlement of the Oakhill Class and Plan of Allocation ("Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement of the Oakhill Class and Plan of Allocation") with the Court for preliminary approval, signed by Class Counsel on behalf of the Class. The Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement of the Oakhill Class and Plan of Allocation will propose to the Court that the Oakhill Class be composed of two classes, and that an Injunctive Relief Class be certified under Fed. R. Civ. P. 23(b)(2), with no opt-out rights, for purposes of the Injunctive Relief provided in the Settlement, and that a Damages Class be certified under Fed. R. Civ. P. 23(b)(3), with opt-out rights, for purposes of the Class Benefit Fund set forth herein. It will also propose that the Court approve the Plan of Allocation simultaneously with the Settlement. Plaintiff will also submit to the Court a proposed agreed-upon Preliminary Approval Order substantially similar to the form attached hereto as Exhibit E.

B.    Settling Oakhill Parties will prepare a proposed schedule for the Court to approve the Settlement, which will include, but not be limited to, a proposed date for the Fairness Hearing, deadline for objections to the Settlement, deadline for Requests for Exclusion from the Damages Class, and other interim deadlines associated with approval of the Settlement.

C.    Failure of the Court to preliminarily approve the proposed Settlement by entering a Preliminary Approval Order materially similar to the proposed Preliminary Approval Order attached hereto as Exhibit E shall be sufficient cause for the termination of this Settlement Agreement by any Settling Oakhill Party, but only after a conference is held with Class Counsel and Defendants' Counsel to attempt to resolve any issue delaying or preventing the Court's approval. Thereafter, if no such resolution occurs, written notification of termination of this

Settlement Agreement shall be provided to Class Counsel and Defendants' Counsel by the terminating Settling Oakhill Party.

## V.    CLASS NOTICE.

A.    Oakhill Known Residents List and Oakhill Known Former Residents E-Mail List. The Oakhill Defendants shall compile and give to the Settlement Administrator and Class Counsel the Oakhill Known Residents List and the Oakhill Known Former Residents E-Mail List as soon as practicable after the signing of this Settlement Agreement, but no later than seven (7) days after the Preliminary Approval Order has been entered by the Court. The Oakhill Defendants shall have no obligation to search for Class Member information beyond compiling the Oakhill Known Residents List and Oakhill Known Former Residents E-Mail List based on information contained in its reasonably available lease files.

B.    Notice Plan.

1.    Class Notice

(a)    Updating addresses for former residents. Prior to mailing of the Settlement Notice, the Settlement Administrator shall run the list of Oakhill former residents identified on the Oakhill Known Residents List, and their former Oakhill addresses, through the U.S. Postal Service's National Change of Address Database for verification and correction of addresses ("Updated Address") to attempt to reduce the number of returned mail items. If the Settlement Administrator cannot obtain an Updated Address from the U.S. Postal Service's National Change of Address Database, then the Settlement Administrator shall run an address search (skiptrace) against the Lexis-Nexis address database, or comparable database, to try to obtain an Updated Address for the former Oakhill resident identified on the Oakhill Known Residents List.

(b)    U.S. Mail Notice. Within thirty (30) days after notice of the entry of the Preliminary Approval Order, the Settlement Administrator shall send via U.S. mail the Claim Form and Settlement Notice, attached as Exhibits A and C hereto, to all Class Members whose current addresses are on the Oakhill Known Residents List, and to all Class Members who are former residents identified on the Oakhill Known Residents List for whom the Settlement Administrator is able to obtain an Updated Address. Such mailing will also include a postage prepaid envelope for use in returning Claim Forms.

(c)    Returned Notices. If any Settlement Notice is returned as undeliverable with forwarding addresses provided, then the Settlement Administrator shall re-send the Settlement Notice to the forwarding address. For any Settlement Notice returned undeliverable without a forwarding address provided, the Settlement Administrator shall, if not done so already, run an address search (skiptrace) against the Lexis-Nexis address database, or comparable database, and re-send the Settlement Notice, Claim Form and prepaid envelope to any updated address obtained.

(d)    E-Mail Notice. Within thirty (30) days after notice of the entry of the Preliminary Approval Order, the Settlement Administrator shall send via e-mail the Settlement Notice and Claim Form to all Class Members identified on the Oakhill Known Former Residents E-Mail List. The Settlement Administrator has no duty to update e-mail addresses or send any further Settlement Notice by e-mail other than set forth herein.

(e)    Publication Notice. Within thirty (30) days after notice of the entry of the Preliminary Approval Order, the Settlement Administrator will begin Publication Notice in the form attached as Exhibit D, to appear in The Sun Chronicle, the Boston Globe, and

05610153.20                                   33

the Providence Journal. Publication Notice will appear two times in consecutive weeks in each of those publications.

(f)    No Additional Notice. The Settlement Administrator shall have no obligation to send out any Settlement Notice beyond what is identified in this Section.

2.    Mailing of Class Notice by Error.  The mere mailing of a Settlement Notice to a person who is not in the Settlement Class will not render such person a part of the Settlement Class or otherwise entitle that person to any portion of the Class Benefit Fund.

3.    Best Notice Practicable. The Settling Oakhill Parties agree that the methods of notice set forth in this Section constitute the best form of notice to the Class that is practicable under the circumstances.

4.    Notice under the Class Action Fairness Act.  Within ten (10) days of the filing of this Settlement Agreement for preliminary approval by the Court, the Oakhill Defendants will serve notice of the proposed Settlement upon the Manufactured Housing Unit of the Office of the Massachusetts Attorney General, as outlined in the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715.  The notice outlined in this subsection is excluded from the definition of Class Notice under this Agreement.

C.    Notice Costs. All costs for Class Notice under this Settlement Agreement shall be included in Settlement Costs and paid by the Settlement Administrator.  The first $10,000 of Settlement Costs shall be paid by the Settlement Administrator from the Settlement Cost Contribution set forth above in Section III.  Any Settlement Costs thereafter are paid by the Settlement Administrator from the Settlement Fund.

## VI.    SETTLEMENT ADMINISTRATION AND CLAIMS PROCESS

A.    Payment of Administrative Costs.    All administrative costs, and any other Settlement Costs, for this Settlement are to be paid by the Settlement Administrator as set forth above in Section III(B).

B.    Settlement Administrator's Duties.

1.    The Settlement Administrator shall be responsible for all matters relating to the administration of the Settlement, as set forth herein. The Settlement Administrator's responsibilities include, but are not limited to, updating U.S. mail addresses for former Oakhill residents, giving Class Notice as set forth herein, obtaining new addresses for returned U.S. mail, setting up a toll-free telephone number, fielding inquiries about the Settlement, maintaining a publicly available webpage with information concerning the Settlement, acting as a liaison between Class Members and the Settling Oakhill Parties, reviewing, approving and denying submitted Claim Forms in accordance with this Settlement and the Plan of Allocation, paying the Class Benefit Fund in accordance with this Settlement and the Plan of Allocation, directing the mailing of payments to Entitled Damages Class Members, maintaining records associated with the Settlement (including but not limited to Class Member objections and Requests for Exclusion from the Damages Class), paying the first $10,000 in Settlement Costs from the Settlement Cost Contribution and the remaining Settlement Costs from the Settlement Fund, giving Class Counsel and Defendants' Counsel copies of objections to the Settlement, and any other tasks reasonably required to effectuate the foregoing, and any other responsibility set forth in this Settlement Agreement.

2.    The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records

will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel, upon request, with information concerning notice, administration, and implementation of the Settlement. Should the Court request, the Settling Oakhill Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator.

3.      Without limiting the foregoing, the Settlement Administrator shall:

(a)      Maintain and preserve all Damages Class Member Requests for Exclusion from the Damages Class, and provide notice to Class Counsel and Defendants' Counsel of any Damages Class Member requesting exclusion from the Damages Class within two business days of receiving the exclusion request;

(b)      Maintain and preserve all Class Member objections to the Settlement, provide notice to Class Counsel and Defendants' Counsel of any Class Member objection within two business days of receiving the objection, including a copy of the objection, and file all properly submitted objections with the Court within ten (10) days of the Objection Deadline;

(c)      Pay all Settlement Costs as set forth above;

(d)      Review Claim Forms and determine whether they are timely and valid;

(e)      Mail checks for money owed to Entitled Damages Class Members from the Class Benefit Fund according to this Settlement and the Plan of Allocation no later than 30 days after the Final Settlement Date; and

05610153.20                                    36

(f)    Maintain an Opt-Out List, and file such list with the Court no later than fifteen (15) days prior to the Fairness Hearing, for the Court to approve in the Final Order and Judgment.

C.    Claims Process.

1.    To submit a claim and be eligible to receive any portion of the Class Benefit Fund, a Damages Class Member must submit a valid and timely Claim Form to the Settlement Administrator, according to the instructions contained in the Claim Form. The Claim Form must be submitted to the Settlement Administrator by U.S. Mail, postmarked by the Claim Form Deadline, to be timely.

2.    A Claim Form will be valid if: (a) it is timely as set forth herein; (b) the timely Claim Form is completed with all information requested filled out (including, but not limited to, name, current address, phone number, current or former Oakhill address, and the specific dates, including month and year, for which the person lived at Oakhill), and is submitted by the Claim Form Deadline, along with proof of length of residency at Oakhill submitted within ten (10) days of any request by the Settlement Administrator for such information; and (c) it is submitted by a Damages Class Member who has not filed a timely and valid Request for Exclusion from the Damages Class. However, nothing in this subsection will prevent the Settlement Administrator, in its discretion, to accept a Claim Form as valid if it is substantially complete.

3.    The Settlement Administrator has sole, final, and binding authority to determine whether a Claim Form is timely and valid. Such authority includes the acceptance of a Claim Form submitted on behalf of a deceased Class Member, provided that acceptable documentation to support the claim is submitted therewith. There shall be no appeal from the

05610153.20

37

Settlement Administrator's full or partial denial of a payment from the Class Benefit Fund based on an untimely or invalid Claim Form. A Settlement Class Member, though otherwise bound by any judgments issued by the Court, including but not limited to the Final Order and Judgment and its Release provisions, is not entitled to any portion of the Class Benefit Fund if he or she submits a Claim Form after the Claim Form Deadline or that is determined to be invalid by the Settlement Administrator, but will receive the Class Benefit of Injunctive Relief.

4.    The Settlement Administrator shall notify a Class Member of its decision that the Damages Class Member's Claim Form was not timely or valid.

5.    The Settlement Administrator shall mail any Class Relief to the Entitled Damages Class Members from the Class Benefit Fund within thirty (30) days after the Final Settlement Date.

6.    A Damages Class Member who has filed a timely and valid Request for Exclusion from the Damages Class will not receive any portion of the Class Benefit Fund, even if the Class Member files a timely and valid Claim Form. Such Damages Class Member will remain a member of the Injunctive Relief Class and receive the Injunctive Relief set forth herein.

7.    Within ten (10) days of the Claim Form Deadline, the Settlement Administrator shall report to Class Counsel and Defense Counsel the number of Claim Forms properly completed and timely received and shall make such report in the form of a sworn declaration if requested to do so by Class Counsel or Defense Counsel.

## VII.    REQUESTS FOR EXCLUSION

A.    Any Damages Class Member who wishes to be excluded from the Damages Class must mail a written Request for Exclusion to the Settlement Administrator at the address provided by the Settlement Notice and Publication Notice. The Request for Exclusion must be

05610153.20                                38

signed by the Damages Class Member and include the following to be valid: (i) identify the case name and number (*Craw, et al. v. Hometown America, LLC, et al.*, (No. 1:18-cv-12149-LTS)); (ii) the Damages Class Member's name, address, e-mail address (if any), and telephone number, (iii) a clear statement that the Damages Class Member wishes to be excluded from the Damages Class and (iv) if represented by legal counsel, the name, address, e-mail address, and telephone number of that legal counsel. The Request for Exclusion must be postmarked and sent to the Settlement Administrator on or before the Opt-Out Deadline. The Opt-Out List, identifying the Damages Class Members requesting exclusion from the Damages Class, shall be assembled by the Settlement Administrator and filed with the Court no later than fifteen (15) days prior to the Fairness Hearing. The Settlement Administrator shall provide that Opt-Out List to Defendants' Counsel no later than fifteen (15) days after the Opt-Out Deadline. The Settling Oakhill Parties will request that the Court decide whether to approve the Opt-Out List as the list of Damages Class Members who filed timely and valid Requests for Exclusion from the Class, in the Final Order and Judgment.

B.    Any Damages Class Member, who is not excluded from the Damages Class by the filing of a timely and valid written Request for Exclusion by the Opt-Out Deadline, as approved by the Court, shall be bound by all subsequent proceedings, orders and judgment in this Action, including the Final Order and Judgment and its Release provisions, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against any Oakhill Defendant for any of the Released Claims.

C.    If more than twenty (20) members of the Damages Class file a timely and valid Request for Exclusion from the Damages Class as determined by the Settlement Administrator, this Settlement Agreement will then become terminable and voidable at the Oakhill Defendants'

discretion. Such decision to void and terminate the Settlement Agreement must be made by any Oakhill Defendant no later than ten (10) days prior to the Fairness Hearing.

D.      Any Damages Class Member, who submits a timely Request for Exclusion, shall be excluded from the Damages Class and shall receive no portion of the Class Benefit Fund, or any monetary relief provided in this Settlement Agreement, but shall be included in the Settlement Class as an Injunctive Relief Class Member.

## VIII.  **OBJECTIONS TO SETTLEMENT**

A.      Any Settlement Class Member shall have the right to appear and show cause, if they have any, why the terms of this Settlement should not be given final approval by the Court. Such objection to the Settlement can be made by Settlement Class Members on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her, the attorney must:  (1) file a notice of appearance with the Clerk of the Court no later than fourteen (14) days before the Fairness Hearing; and (2) send a copy of the notice of appearance to Class Counsel and Defendants' Counsel by U.S. mail postmarked no later than fourteen (14) days before the Fairness Hearing, and also by email.

B.      Any objection to the settlement must be in writing and served by hand, first-class U.S. Mail (postage pre-paid) or overnight carrier to the Settlement Administrator by the Objection Deadline. Any objection regarding or related to the settlement or Settlement Agreement must: (i) identify the case name and number (*Craw v. Hometown America, LLC* (No. 1:18-cv-12149-LTS)); (ii) identify the person submitting the objection as a Settlement Class Member; (iii) attach copies of materials the Settlement Class Member will submit to the Court or present at the Fairness Hearing in support of the objection (if any); (iv) be signed by the Settlement Class Member; and (v) clearly state in detail: (1) that the Settlement Class Member

objects to the Settlement in whole or in part; (2) what the Settlement Class Member objects to; (3) the legal and factual ground(s) for the objection; (4) the Settlement Class Member's name, address, e-mail address, and telephone number; and (5) if represented by counsel, such counsel's name, address, e-mail address, and telephone number.

C.    The Settlement Administrator shall provide a copy of any objection received to Class Counsel and Defendants' Counsel within two (2) business days of receipt of the objection to the settlement.    Within five (5) days after the Objection Deadline, the Settlement Administrator shall report to Class Counsel and Defendants' Counsel the total number of Settlement Class Members who have objected to the terms of the Settlement, and within ten (10) days file all such objections with the Court.

D.    Any Settlement Class Member who submits a valid and timely objection as set forth in Subsection (B) above, and who otherwise complies with Subsection (A) above, may appear at the Fairness Hearing in support of the objection. Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must file a notice of intention to appear with the Court no later than fourteen (14) days prior to the date of the Fairness Hearing. Unless otherwise permitted by the Court, a Settlement Class Member who appears at the Fairness Hearing, or his/her attorney, will be permitted to argue only those matters that were set forth in the timely and valid objection filed by such Settlement Class Member in accordance with subsection (B) above. Unless otherwise permitted by the Court, no Settlement Class Member, or attorney representing that Settlement Class Member, will be permitted to raise matters at the Fairness Hearing that the Settlement Class Members could have raised in such a written objection, but failed to do so, and all objections to the Settlement that are not set forth in such written objection are deemed waived. Any Settlement Class Member who fails to comply

with the applicable provisions of this Settlement Agreement, and as otherwise ordered by the Court, will be barred from appearing at the Fairness Hearing.

E.    Any Settlement Class Member or attorney representing him/her who fails to comply with the procedures for presenting objections or appearing at the Fairness Hearing as described above, or as otherwise ordered by the Court, will not be treated as filing a valid objection to the Settlement and shall waive and forfeit any and all rights he or she may have to submit a written objection or appear at the Fairness Hearing, and shall be bound by all the terms of this Settlement upon final approval and by all proceedings, orders and judgments, including, but not limited to, the Release and the Final Order and Judgment, in the Action.

F.    The Settling Oakhill Parties may file responses to objections with the Court within fourteen (14) days of the Fairness Hearing, unless otherwise directed by the Court.

## IX.    RELEASE AND WAIVER, COVENANT NOT TO SUE, DISMISSAL, AND ENFORCEMENT

### A.    Release and Waiver, and Covenant Not to Sue

1.    In consideration of the promises and covenants of settlement between and among the Settling Oakhill Parties and as further contained in this Agreement (including but not limited to the consideration to the Settlement Class Members), the Releasors hereby expressly release and discharge Releasees from and against the following "Released Claims": any and all claims, cross-claims, counter-claims, causes of action, charges, debts, demands, judgments, suits, matters, issues, liens, obligations, setoffs, rights of recovery, costs, expenses, losses, damages (including but not limited to property damages, personal injury, loss of use, economic, exemplary, multiple, treble, and punitive damages, penalties, attorney's fees and legal expenses), restitution, injunctive, equitable, legal and administrative relief, or liabilities for any obligations

05610153.20                                   42

of any kind whatsoever (however denominated), whether class or individual, known and unknown, suspected or unsuspected, asserted or unasserted, direct or derivative, at law or in equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, whether brought directly or indirectly, for conduct or events which occurred on or before the Final Settlement Date, including but not limited to any indemnification or contribution claim, arising directly or indirectly out of or relating to: (a) alleged performance, nonperformance, or improper performance of services by any Oakhill Defendant, whether such performance is allegedly due pursuant to contracts, lease agreements or otherwise, including but not limited to inspection services, maintenance services, repair services, and property management services; (b) stormwater management at Oakhill, (c) drainage issues at Oakhill, (d) Massachusetts Sanitary Code issues at Oakhill, (e) standing water issues at Oakhill; (f) conduct in connection with, based upon, arising out of, or relating to this Settlement (but excluding any claims to enforce the terms of the Settlement); (g) the Policy alleged in the First Amended Complaint; (h) any conduct arising out of the identical factual predicate as Defendants' conduct alleged in any complaint in the Action, regardless of whether such conduct or a claim based on such conduct was alleged in any complaint in the Action, not alleged but could have been alleged in the Action, or could not have been alleged in the Action; (i) claims relating to rent abatement, including rent abatement claims based on home site management, (j) any issue raised in the Action by pleading or motion or (k) any claim for any Released Party to correct any design, manufacturing or installation deficiency with respect to Oakhill or any tenant-owned manufactured home at Oakhill, even if not sold or installed through any Released Party, provided that such claim arises from the identical factual predicate as the claims alleged in the Action.

2.    "Released Claims" also include claims as described in Section IX.A.1 above, for events or conduct that occur(s) after the Final Settlement Date if such claims either: (a) are based on the identical factual predicate as that underlying the claims in this Action, even if the claim was not presented in the Action and might not even have been presentable in the Action; or (b) arise from events or conditions existing before and continuing after the Final Settlement Date.

3.    "Released Claims" also include any claims described in Section IX.A.1 or Section IX.A.2 above that are brought on a Settlement Class Member's behalf or for his/her/its benefit, to the fullest extent permitted by law so as to prevent collateral attack against one or more Releasees for any Released Claim.

4.    "Released Claims" specifically do not include past, current or future claims raised in the action *Blake, et al. v. Hometown America Communities, Inc., et al.*, currently on remand from the Commonwealth of Massachusetts Supreme Judicial Court, No. SJC-12902, to the Housing Court Department, Southeast Division—Taunton, No. 12H83CV00647TA, that relate to non-uniform rents under Mass. General Laws c. 140, § 32L(2).

5.    Persons who are in both the Injunctive Relief Class and the Damages Class, who have not filed a timely and valid Request for Exclusion from the Damages Class, release all Released Claims.

6.    Injunctive Relief Class Members who are not Damages Class Members, because they filed a timely and valid Request for Exclusion from the Damages Class, release only Released Claims for any and all equitable and injunctive relief.

7.    All Releasors also covenant not to sue any Releasee with respect to any Released Claim and agree that all Releasors (and anyone acting on their behalf) shall be

05610153.20                                44

permanently barred and enjoined from commencing, maintaining, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief in any action, suit or proceeding before any court, tribunal (including arbitration), quasi-judicial administrative agency, or other body in any jurisdiction against any Releasee concerning any Released Claim. However, the Oakhill Defendants agree that neither they nor any Releasee will seek Court-ordered sanctions against any Releasor for violating the terms of the injunction contemplated by this Section IX.A.7, other than Court-ordered enforcement of the injunction's terms, and will forgo seeking such additional sanctions unless the Releasor fails to comply with Court-ordered enforcement.

8.    In connection with this Release, Releasors acknowledge that they are aware that they may hereafter discover claims or damages presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the Released Claims. Nevertheless, Releasors understand and agree that this Release will fully, finally, and forever settle and release all Released Claims.

9.    With respect to the Released Claims, the Releasors agree that they are expressly waiving and relinquishing to the fullest extent permitted by law: (a) the rights and benefits conferred by Section 1542 of the California Civil Code ("Section 1542"), if applicable, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

and (b) any law of any state of the United States, federal law, or principle of common law, which is similar to Section 1542 of the California Civil Code and that might apply. **RELEASORS**

05610153.20                                    45

**HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 AND ALL SIMILAR FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES, TO THE EXTENT THEY ARE FOUND TO BE APPLICABLE HEREIN, ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED BY RELEASORS, AND RELEASORS HEREBY AGREE THAT THIS IS AN ESSENTIAL TERM OF THE RELEASE.**

10. The Settling Oakhill Parties agree and acknowledge that the Release provisions in this Section IX together constitute an essential term of this Settlement.

11. The Settling Oakhill Parties agree that the provisions of this Section IX shall be, and may be, raised as a complete defense to and will preclude any action or proceeding encompassed by the Released Claims.

12. The failure of any Releasor to receive any Class Benefits received from the Settlement shall not affect the validity, scope, or enforcement of the Release in this Settlement, and all Releasors shall remain bound by this Release.

13. No provision of this Section IX or of this Agreement will prevent a Releasor from complaining to, cooperating with or otherwise communicating with a governmental authority which has regulatory or legislative jurisdiction over Oakhill concerning conditions at Oakhill. The Release, Waiver, and Covenant Not to Sue provided by this Section IX is fully enforceable to the extent permitted by law in any action in any venue and brought by any person or entity, governmental or otherwise.

B. Order of Dismissal. The Settling Oakhill Parties will seek from the Court a Final Order and Judgment (for which, as a condition of settlement, the time for appeal must expire without any modifications in the Final Order and Judgment) as further described below in

Section XII. The Settling Oakhill Parties will file a proposed Final Order and Judgment that shall, among other things: (i) approve this Settlement Agreement as fair, reasonable and adequate, (ii) dismiss the claims in the Action made by Barbara Craw and the Settlement Class Members against the Oakhill Defendants with prejudice and on the merits, and (iii) incorporate the terms of the Release as written herein.

C.      Enforcement of Release. Notwithstanding any other provision of this Agreement, and subject to a Releasee's obligation, if and as applicable, to comply with the procedural requirements of the Stormwater Management Complaint Resolution Procedure as set forth in Section III.C above, nothing in this Agreement will prevent Releasees from pleading or otherwise arguing this Settlement Agreement as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and the Agreement may be filed, offered, and received into evidence, and otherwise used for such defense.

## X.    ATTORNEY'S FEES AND EXPENSES

A.      Class Counsel contemplates one or more applications to the Court seeking approval of an Attorney's Fees and Expense award not to exceed $162,500 ("Class Counsel's Motion for Attorney's Fees and Expenses"). The Settling Oakhill Parties agree that, in no event, shall the Oakhill Defendants pay more than $162,500 for Attorney's Fees and Expenses. If Class Counsel's Motion for Attorney's Fees and Expenses is granted by the Court and does not exceed $162,500, then the Oakhill Defendants shall pay such amount to Class Counsel within thirty (30) days after the Final Settlement Date. If the Court awards Class Counsel more than $162,500 in Attorney's Fees and Expenses, then the Settling Oakhill Parties agree that the Oakhill Defendants may declare this Settlement void within ten (10) days after such award.

B.    Class Counsel's Motion for Attorney's Fees and Expenses may be included in the body of the motion seeking the Preliminary Approval Order, the Final Order and Judgment or both.

C.    Except as expressly provided for in this Agreement, the Released Parties shall have no liability or obligation for any Attorney's Fees and Expenses award that the Court may make to any person in the Action.

D.    It is expressly agreed by Class Counsel and Defendants' Counsel that neither this Section, nor any other term of this Agreement, creates any entitlement by Class Counsel to Attorney's Fees and Expenses other than as specifically stated herein.  The Oakhill Defendants shall not be obligated to pay any Attorney's Fees and Expenses if the Court does not enter a Final Order and Judgment approving this Agreement.

E.    Any Settlement Class Member may be represented by counsel of his/her/its choice at the Fairness Hearing provided the requirements of Section VIII are met, but all fees and expenses of such counsel shall be paid by the Settlement Class Member.

F.    No order of the Court awarding an amount less than that sought by Class Counsel's Motion for Attorney's Fees and Expenses or reduction on appeal to an amount less than that sought by Class Counsel's Motion for Attorney's Fees and Expenses shall constitute grounds for cancellation or termination of the Agreement.

G.    The Class Notice shall state that the $162,500 will be the total sum sought by Class Counsel's Motion for Attorney's Fees and Expenses.

H.    No provision of this Agreement will limit Class Counsel's prospective ability to petition the Court for reasonable attorney's fees, expenses and costs that are not included in an application contemplated by this Section X and were incurred for the benefit of Plaintiff

05610153.20

48

Shurtleff or the current or former residents of Oak Point in the conduct of the above-captioned litigation.

## XI.  FAIRNESS HEARING

A.    If the Court enters the Preliminary Approval Order, then the Settling Oakhill Parties shall proceed with due diligence to conduct the Fairness Hearing as ordered by the Court. The Settling Oakhill Parties acknowledge and agree, and shall stipulate to the Court at the Fairness Hearing, that (1) the Class is being certified for settlement purposes only pursuant to the Settlement Agreement, and (2) the Released Parties reserve the right to object to class certification *de novo* in the event this Agreement is terminated for any reason.

B.    At the Fairness Hearing the Settling Oakhill Parties will request that the Court, among other things: (1) determine whether the Class should be certified for settlement purposes, (2) consider any properly filed objections to the proposed settlement, (3) determine whether the settlement set forth in the Settlement Agreement and Plan of Allocation are fair, reasonable, and adequate, and whether the Settlement was entered into in good faith and without collusion and should be approved, (4) if appropriate, contemporaneously certify the Injunctive Relief Class under Fed. R. Civ. P. 23(b)(2) and the Damages Class under Fed. R. Civ. P. 23(b)(3), and (5) enter a Final Judgment and Order incorporating, among other things, the Release and Injunctive Relief set forth in this Agreement.

## XII.  FINAL APPROVAL AND FINAL ORDER AND JUDGMENT

A.    The Settlement Agreement is subject to and completely conditional upon: (1) the issuance by the Court and subsequent entry, following the Fairness Hearing, of the Final Order and Judgment certifying, for settlement purposes, the Injunctive Relief Class under Fed. R. Civ. P. 23(b)(2) and the Damages Class under Fed. R. Civ. P. 23(b)(3), and granting final approval of

05610153.20

49

the Settlement Agreement in accordance with Rule 23(e) of the Federal Rules of Civil Procedure; and (2) such Final Order and Judgment becoming final as of the Final Settlement Date. A proposed Final Order and Judgment shall be submitted via electronic mail, pursuant to the Court's standing order, in a form mutually agreeable to Class Counsel and Defendants' Counsel and subject to Court approval.

B.    The proposed Final Order and Judgment will, among other things: (1) approve the proposed Settlement, the Class Relief, and the Plan of Allocation as fair, reasonable, and adequate and direct the consummation of the Agreement according to its terms, (2) dismiss all of the claims of Plaintiff Craw and the Settlement Class Members against the Oakhill Defendants with prejudice, except that Settlement Class Members who filed a timely and valid request for exclusion from the Damages Class shall have their individualized monetary damage claims dismissed without prejudice; (3) incorporate the Release and forever discharge the Released Parties as stated therein; (4) incorporate the Injunctive Relief provided for in this Agreement; (5) reserve exclusive jurisdiction over the Settlement and this Agreement, including the interpretation, administration, and consummation of this Settlement, to the Court; (6) determine that there is no just reason for delay under Fed. R. Civ. P. 54(b) and directing that the judgment of dismissing the claims of Barbara Craw and the Settlement Class Members against the Oakhill Defendants shall be final; (7) permanently enjoin all Releasors and anyone acting on their behalf from filing, prosecuting, maintaining or continuing litigation asserting any Released Claim against any Releasee; (8) rule on Class Counsel's Motion for Attorney's Fees and Expenses and motion for Class Representative Award; and (9) effectuate any other provision required by this Settlement Agreement. The Settling Oakhill Parties will also request that the Final Order and

Judgment award Plaintiff Craw's Class Representative award and make a ruling on Class Counsel's Motion for Attorney's Fees and Expenses.

C.    If the Court enters a Final Order and Judgment that materially differs from the Final Order and Judgment described herein or submitted to the Court by the Settling Oakhill Parties, or enters an order declining to enter the Final Order and Judgment as set forth herein in any material respect, or enters an order refusing to approve this Settlement in any material respect as set forth herein, any Settling Oakhill Party has the right to terminate the Settlement by written notice of their election to do so to all other Settling Oakhill Parties within thirty (30) days.

D.    In the event that any appeal is filed of the Final Order and Judgment, all remaining deadlines set forth herein shall be stayed until the Final Settlement Date.

## XIII.   GENERAL REPRESENTATIONS

Class Counsel, Plaintiff Craw, the Class, and the Oakhill Defendants shall use their best efforts to conclude the Settlement and obtain the Final Order and Judgment. Class Counsel, Plaintiff Craw, the Class, and the Oakhill Defendants agree that it is essential that this Settlement be prosecuted to a successful conclusion in accordance with all applicable provisions of law and the exercise of good faith on the part of Class Counsel, Plaintiff Craw, the Class, and the Oakhill Defendants. The Settling Oakhill Parties further represent, agree and acknowledge that the Settlement is a fair resolution of these claims for the Settling Oakhill Parties and the Settlement Class. Neither the Settling Oakhill Parties nor their respective counsel shall make any statements suggesting the contrary, either before or after the Court's approval of the Settlement and this Agreement.

05610153.20                                    51

## XIV.  **STAY ORDER**

Through the draft Preliminary Approval Order attached as Exhibit E, the Settling Oakhill Parties will request that the Court enjoin and stay, during the pendency of the settlement proceedings contemplated by this Agreement, the commencement or prosecution of this Action as to the Oakhill Defendants, or any other action by any Class Member or anyone on his or her behalf against any of the Releasees asserting Released Claims, such stay and injunction to remain effective during the pendency of such Settlement proceedings unless modified by further order of the Court.  The Settling Oakhill Parties shall use their best efforts to obtain this stay order.  This stay will not affect the remaining claims in the Action currently made by Joan Shurtleff and the purported Oak Point Class arising out of the Oak Point Manufactured Housing Community.  This stay also does not apply to past, current or future claims raised in the action *Blake, et al. v. Hometown America Communities, Inc., et al.*, currently on remand from the Commonwealth of Massachusetts Supreme Judicial Court, No. SJC-12902, to the Housing Court Department, Southeast Division—Taunton, No. 12H83CV00647TA, that relate to non-uniform rents under Mass. General Laws c. 140, §32L(2).

## XV.  **TAXES**

Settlement Class Members shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of receiving a distribution of any portion of the Class Benefit Fund.  In no event shall any Oakhill Defendant or any other Releasee have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of any portion of the Class Benefit Fund to Plaintiff, any Settlement Class Member, any Settlement Class Member's estate or heirs, Class Counsel or any other person or entity.  The tax obligations of each Settlement Class Member, and the determination

thereof, are the sole responsibility of each such person, and it is understood that the tax consequences of the Settlement may vary depending on the particular circumstances of each such person or entity.

## XVI.   TERMINATION

A.      This Settlement Agreement is terminable by either Plaintiff Craw or any Oakhill Defendant if the Court or an appellate court with jurisdiction over any appeal taken from the Settlement or Final Order and Judgment rejects, modifies or denies preliminary or final approval of any material portion of the Settlement, except this provision shall not apply to the Class Representative Award or the Attorney's Fees and Expenses award as follows: (1) no Settling Oakhill Party may terminate this Agreement based on the Court awarding Plaintiff Craw an amount less than the Class Representative award contemplated in Section III(D), and (2) no Settling Oakhill Party may terminate this Agreement based on the Court awarding Class Counsel Attorney's Fees and Expenses less than the amount requested in Class Counsel's Motion for Attorney's Fees and Expenses.

B.      If this Agreement is terminated for any reason allowed by this Agreement, then:

1.      This Settlement Agreement shall be null and void and will have no force or effect, and no party to this Agreement will be bound by any of its terms;

2.      All Settling Oakhill Parties will bear their own costs and expenses incurred in connection with the terminated settlement approval process;

3.      Releasees expressly and affirmatively reserve all defenses, arguments, and motions as to the maintenance of the Action as a class action and/or all claims that have been or might later be asserted in the Action;

4.    Plaintiff Craw expressly and affirmatively reserves all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Action;

5.    All provisions of this Settlement Agreement, and all negotiations, statements, and proceedings relating to this Settlement Agreement, will be without prejudice to the rights of any Settling Oakhill Party or any Settlement Class Member, all of whom will be restored to their respective positions existing immediately before the Effective Date; and

6.    Neither this Agreement, nor any of its terms or provisions, nor any statement or document or action made or filed in connection herewith, nor the fact of this Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any Settling Oakhill Party, shall be filed, referred to, offered as evidence or received in evidence, or otherwise used offensively against any Settling Oakhill Party in any way, directly or indirectly, in any pending or future civil, criminal or administrative action, arbitration, governmental proceeding, or proceeding whatsoever, except that any Settling Oakhill Party may use this Agreement in a proceeding to enforce the Agreement.

## XVII. MISCELLANEOUS

A.    Entire Agreement.  The Settlement Agreement, including the exhibits hereto (which are an integral part of this Settlement Agreement), sets forth the entire agreement between the Settling Oakhill Parties with respect to the subject matter hereof and, except as specifically set forth herein, supersedes and cancels all previous agreements, negotiations, and commitments in writings between the Settling Oakhill Parties hereto with respect to the subject matter hereof.  This Settlement Agreement may not be changed or modified in any manner unless in writing and signed by Class Counsel and Defendants' Counsel.  Any amendments of

05610153.20                                    54

this Settlement Agreement do not require further notice to the Class, if such changes are consistent with the Preliminary Approval Order and do not limit the rights of Class Members.

B.    Agreement Binding on Successors, Assigns, Agents, Executors, and Heirs. This Settlement Agreement shall be binding on the successors, assigns, agents, executors, and heirs of the Settling Oakhill Parties.

C.    Notice to Counsel. Anytime that notice to or delivery of any document to Defendants' Counsel or Class Counsel is required as set forth in this Agreement, such notice and/or documentation shall be mailed to Defendants' Counsel at the addresses listed in Section II(S) ("Defendants' Counsel" definition) of this Agreement, and to Class Counsel at the address listed in Section II(J) ("Class Counsel" definition) of this Agreement, unless otherwise specified.

D.    Cooperation. The Settling Oakhill Parties represent and acknowledge that each intends to implement the Settlement. The Settling Oakhill Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement. Plaintiff and Class Counsel shall not object to the Settlement and shall not appeal the Final Order and Judgment. The Settling Oakhill Parties and their counsel agree that they will not encourage or otherwise influence any Settlement Class Members to file a Request for Exclusion or to object to the Settlement.

E.    Governing Law. This Agreement is governed by the laws of the Commonwealth of Massachusetts, without reference to its choice of law or conflict of law rules.

F.    Continuing Jurisdiction. The Settling Oakhill Parties agree to request that the Court retain continuing and exclusive jurisdiction over the Settling Oakhill Parties to this Agreement, including the Plaintiff and all Settlement Class Members and anyone representing

them or acting on their behalf, for purposes of the administration, implementation, and enforcement of this Agreement, including without limitation any issues concerning the Injunctive Relief.

G.      No Construction Against the Drafter. This Agreement is clear and unambiguous, was drafted jointly by the Settling Oakhill Parties with the assistance of counsel at arms-length, and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Settling Oakhill Party based on the contention that this Agreement or a portion of it was purportedly drafted by that Settling Oakhill Party. No parol or other evidence may be offered to explain, construe, contradict, or clarify the terms of this Settlement Agreement, the intent of the Settling Oakhill Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed.

H.      Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which taken together shall constitute a single instrument. Photographic or facsimile copies of signed counterparts may be used in lieu of the originals for any purpose and shall have the same force and effect as an original ink signature.

I.      Time for Compliance. If the date for performance of any act required by or under this Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday or legal or Court holiday, such act may be performed upon the next business day, with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement. If an act is to be performed on a particular day, it must be completed no later than 5:00 p.m. Eastern Time on that day. The Settling Oakhill Parties reserve the right to agree between themselves on any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

05610153.20

56

J.      Waiver.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Oakhill Parties or their respective successors-in-interest.

K.      Plaintiff's Representations.  Plaintiff Craw represents and certifies that:  (1) she has agreed to serve as representative of the Class and Settlement Class proposed to be certified for settlement purposes herein;  (2)  she remains willing, able, and ready to perform all of the duties and obligations of a representative of the Class and Settlement Class; (3) she is familiar with the allegations in the Action, including the complaints, or has had the contents of such allegations described or conveyed to her;  (4) she has consulted with Class Counsel about the Action (including discovery conducted in the Action), this Settlement Agreement, and her obligations as class representative; (5) she has authorized Class Counsel to execute this Settlement Agreement; (6) she will remain and serve as a representative of the Class and Settlement Class until the terms of this Settlement Agreement are effectuated and fully implemented, or until this Settlement Agreement is terminated in accordance with its terms, or until the Court at any time determines that Plaintiff Craw cannot represent this Class and Settlement Class.

L.      Authority to Enter Settlement on Behalf of Oakhill Defendants.  The undersigned representatives of the Oakhill Defendants represent that he or she is authorized to sign this Settlement Agreement on behalf of the Oakhill Defendant for which he or she is signing.

M.      No Claims Regarding Administration or Implementation of Agreement.  No Settlement Class Member shall have any claim or cause of action against the Plaintiff, Class Counsel, the Settlement Administrator, Defendants, or Defendants' attorneys, based on the administration or implementation of this Agreement, orders of the Court, or the distribution of

monies under the Agreement.

N.    Force Majeure.  The Settling Oakhill Parties shall have no liability for the breach of any provision of this Settlement caused by an act of God, war, governmental regulation, terrorism, disaster, strikes, civil disorder, curtailment of transportation facilities, epidemic or pandemic, or any other emergency beyond the Settling Oakhill Parties' control, making it inadvisable, illegal, or impossible to perform their obligations under this Agreement.

O.    Amended Complaint in Action.  While Plaintiff Craw's and the Settlement Class Members' claims will be dismissed with prejudice in the Final Order and Judgment, Plaintiff Joan Shurtleff's claims arising out of the Oak Point Manufactured Housing Community shall remain pending in the Action.  In the event that the Defendants' motion for summary judgment as to Shurtleff's claims is denied, the Defendants remaining in the Action will not object to Plaintiff Shurtleff's Renewed Motion for Leave to File a Second Amended Class Action Complaint, pursuant to Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 15(c), for the purpose of: (i) dismissing Plaintiff Shurtleff as class representative for the class of former and current residents of the Oak Point Manufactured Housing Community, (ii) substituting one or more individuals as class representative(s) each of whom must be a former or current resident of the Oak Point Manufactured Housing Community and (iii) otherwise correcting the operative pleading to conform to the procedural posture of the Action.  The Settling Oakhill Parties agree that Plaintiff Shurtleff's decision to file a Motion pursuant to this subsection will not prejudice her right to remain an individual plaintiff making non-representative claims in the Action.  The Oakhill Defendants oppose any motion to amend the complaint by Shurtleff or anyone else in this Action to add any association or organization plaintiff as a class representative or class member.  The Settling Oakhill Parties also agree that Defendants preserve all defenses to any new class

05610153.20                              58

representative added, including but not limited to standing, adequacy, and typicality, and reserve rights to perform discovery and file dispositive motions regarding any such new or substitute class representative contemporaneously with class discovery and class certification motion practice.

P.    Communications with Class Members.  Class Counsel acknowledges and agrees that the Oakhill Defendants have the right to communicate with Class Members for the purpose of encouraging them to remain in the Settlement Class, as well as for other legitimate business purposes, provided that, if any Class Member raises a question about the terms of the Agreement prior to the Court's entry of the Final Order and Judgment, the Oakhill Defendants will refer such Class Member to the toll-free number of the Settlement Administrator.

Q.    Oakhill Defendants' Representations and Warranties.    The Oakhill Defendants represent that the three System Improvement Projects described in Section III.C.3 of this Agreement are the only stormwater management improvements or capital projects that the Oakhill Defendants have scheduled or otherwise identified as necessary or appropriate for Oakhill as of the Effective Date.

IN WITNESS WHEREOF, the Settling Oakhill Parties have caused this Agreement to be executed, by Plaintiff Craw, on behalf of herself and on behalf of the Class, the Oakhill Defendants, and their respective duly authorized attorneys:

Agreed to this __23__ day of March, 2021.

DATED: March 23, 2021    _Barbara Craw_____
                          Barbara Craw, individually and on behalf of the Class

                          _____
                          Ethan R. Horowitz (BBO No. 674669)
                          ehorowitz@njc-ma.org
                          NORTHEAST JUSTICE CENTER
                          50 Island Street, Suite 203B

Lawrence, MA 01840
(978) 888-0624

DATED: March 23, 2021

Attorney for Plaintiff
and the Class

Hometown America, LLC

By: _____
Stephen Braun
Its: Co-CEO and President

Hometown America Management, LLC

05610153.20                    60

61

By: _____
    Stephen Braun
Its: Co-CEO and President


Hometown Oakhill, LLC

By: _____
    Stephen Braun
Its: Co-CEO and President



Hometown Oak Point I, LLC &
Hometown Oak Point II,LLC

*with respect to Section XVII(O) only*

By: _____
    Stephen Braun
Their: Co-CEO and President



DATED: March ___, 2021

_____
W. Scott Simpson
wsimpson@smgblawyers.com
SIMPSON, MCMAHAN, GLICK & BURFORD, PLLC
2700 Highway 280, Suite 203W
Birmingham, AL 24112
(205) 876-1600

05610153.20

By: _____
Stephen Braun
Its: Co-CEO and President

Hometown Oakhill, LLC

By: _____
Stephen Braun
Its: Co-CEO and President

Hometown Oak Point I, LLC &
Hometown Oak Point II, LLC

*with respect to Section XVII(O) only*

By: _____
Stephen Braun
Their: Co-CEO and President

DATED: March 23, 2021

_____
W. Scott Simpson
wsimpson@smgblawyers.com
SIMPSON, MCMAHAN, GLICK & BURFORD, PLLC
2700 Highway 280, Suite 203W
Birmingham, AL 24112
(205) 876-1600

05610153.20                              61

-and-

Lee E. Bains, Jr. (*Pro Hac Vice*)
lbains@maynardcooper.com
Thomas W. Thagard (*Pro Hac Vice*)
tthagard@maynardcooper.com
Lorrie L. Hargrove (*Pro Hac Vice*)
lhargrove@maynardcooper.com
James C. Lester (*Pro Hac Vice*)
jlester@maynardcooper.com
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
(205) 254-1000

-and-

Lisa C. Goodheart (BBO No. 552755)
goodheart@sugarmanrogers.com
Tristan P. Colangelo (BBO No. 682202)
colangelo@sugarmanrogers.com
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street, Suite 900
Boston, MA 02114
(617) 227-3030


On behalf of Defendants
Hometown America, LLC,
Hometown America Management, LLC, and
Hometown Oakhill, LLC

DATED: March 25, 2021

05610153.20

# SUB-EXHIBIT A

# EXHIBIT A
## CLAIM FORM

*Craw, et al. v. Hometown America, LLC, et al.*, Case No. 1:18-cv-12149-LTS (D. Mass.)

### CLASS ACTION SETTLEMENT

You may be entitled to a portion of the Class Benefit Fund created by the Settlement in this Action, if: (1) you are a member of the Damages Class; (2) you do not request to exclude yourself from the Damages Class; and (3) you submit a timely and valid Claim Form. A payment is not guaranteed.

A class action lawsuit is pending in the United States District Court, District of Massachusetts. The Plaintiff and Class Representative, Barbara Craw, has agreed to a proposed class action Settlement with the Oakhill Defendants. The Settlement Notice to the Class, explaining your options and what you must do, and the Settlement Agreement, explaining the proposed Settlement of this class action lawsuit, can be viewed at www. _____.com.

You may be a member of the Damages Class. The Damages Class consists of anyone who is a current or former resident in the Oakhill Manufactured Housing Community ("Oakhill") in Attleboro, Massachusetts, at any point between September 25, 2012 and _____, 2021, who does not request to be excluded from the Damages Class in the Settlement. If you have requested to be excluded from the Damages Class in the Settlement, then your Claim Form will not be considered and you will not receive any portion of the Class Benefit Fund. Each Class Member must submit a separate Claim Form to be eligible. For any Class Member who is less than 18 years old, a parent or legal guardian must submit a separate Claim Form on that minor Class Member's behalf. If you are filing a Claim Form on behalf of a deceased Class Member, then you must submit the Class Member's death certificate and proof of your relation to the Class Member, or documents from a court proving that you are the court-appointed representative of the Class Member's estate. The Settlement Administrator will pay based on only one Claim Form for each Class Member.

If you have any questions, please call 1-888-_____, or visit www._____.com.

### CLAIM FORM

**To be eligible to receive any portion of the Class Benefit Fund, you need to submit this Claim Form, with all information requested in this Claim Form, by U.S. mail postmarked by _____, 2021.** If you do not timely submit a Claim Form with all requested information, then you will not be eligible for any portion of the Class Benefit Fund under this Settlement. **You may only submit one Claim Form per Class Member.**

This Claim Form asks specific questions about the Class Member. Please supply the following information. If you do not provide the information requested or do not mail your Claim Form on time, then you will still be bound by the Settlement Agreement and its Release even though you will not be eligible to receive any portion of the Class Benefit Fund.

| | |
|---|---|
| Full Name and Age of Class Member: | _____ |
| Address of Class Member: | _____ |
| Telephone Number of Class Member: | _____ |
| Email address (if any) of Class Member: | _____ |

| Address(es) at Oakhill at which Class Member resided (list all), and how long Class Member lived at each address (for example, June 2013 to June 2015): | Addresses | Dates of Residence |
|---|---|---|
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |

Capitalized terms used in this Claim Form are defined in the Settlement Agreement, which can be found on www._____.com.

05679627.10

1

**DOCUMENTS FOR PROOF OF RESIDENCY REQUIRED:** Your request for a portion of the Class Benefit Fund is subject to possible audit by the Settlement Administrator pursuant to its review of the Oakhill Known Residents List created by Oakhill's lease records. The Settlement Administrator may require you to submit documentation proving the dates that the Class Member lived at Oakhill ("proof of residency").

The Settlement Administrator has sole, final, and binding authority to determine whether a Claim Form is timely and valid.

**If your claim is denied for any reason, and you do not request to exclude yourself from the Damages Class, then you remain bound by the Settlement and its Release.**

**If the Settlement Administrator requests additional documents. If any additional documentation, for proof of residency or otherwise, is requested by the Settlement Administrator, then you must submit it to the Settlement Administrator within ten (10) days after that request or your claim will be denied.**

**Tax Consequences of Settlement.** Any money you receive may be subject to federal or state taxation. Class Counsel is not a tax attorney and you are advised to seek separate advice on matters of taxation.

## CLASS MEMBER/CLAIMANT DECLARATION

By signing below, I certify that I have read this Claim Form; and that under penalty of perjury, I believe that I am a member of the Damages Class (or that the person on whose behalf I am filing this Claim Form is a member of the Damages Class), that I (or the person on whose behalf I am filing this Claim Form) am/is eligible for a portion of the Class Benefit Fund, and that all of the information on this Claim Form is true and correct to the best of my knowledge. I have not assigned any of my rights (or the Class Member's rights) in this Action to anyone else. I understand that my Claim Form is subject to audit and verification. If I am filing this Claim Form on behalf of a child under the age of 18, then I further verify that I am the parent or legal guardian of such child. If I am the parent or legal guardian of a Damages Class Member who is under the age of 18, then I further verify that I have submitted a separate Claim Form on his/her behalf (or know that another parent or legal guardian has done so).

_____
Signature of Class Member or Claimant

If you are a representative filing this Claim Form on behalf of a Class Member, then please have the Class Member sign above. If the Class Member is unable to sign, then you as the claimant/representative should sign on his behalf. If you are signing as claimant/representative, please fill out the information requested below. If the Class Member is deceased, then please indicate so below.

Claimant/Representative:        _____

Address:                        _____

                                _____

Telephone Number:               _____

Relationship to Class Member:   _____

Is the Class Member deceased?   _____

The Claim Form must be mailed by U.S. mail, postmarked by _____, **2021.** Please mail to:

Oakhill Settlement Administrator
[address]

**Questions? Call 1-888-_____ TOLL FREE, OR VISIT www._____.com**

05679627.10                                    2

# SUB-EXHIBIT B

# EXHIBIT B

Exhibit _____

## Oakhill Settlement Plan of Allocation

All capitalized terms herein shall have the same meaning as those set forth in the Settlement Agreement among the Settling Oakhill Parties in this Action.

This is a claims-made Settlement as to the Class Benefit Fund. Only Entitled Damages Class Members (those Damages Class Members who have not filed a timely and valid Request for Exclusion from the Damages Class, but who have filed a timely and valid Claim Form), will receive a portion of the Class Benefit Fund. If a Damages Class Member files a timely and valid Request for Exclusion, as noted on the Opt-Out List to be provided by the Settlement Administrator to the Court prior to the Fairness Hearing, then that individual is not an Entitled Damages Class Member and will not receive any portion of the Class Benefit Fund. The Settling Oakhill Parties have agreed that the Settlement Administrator has sole, final, and binding authority to determine whether a Claim Form is timely and valid.

The Settlement Administrator will pay only one Claim Form for each Entitled Damages Class Member. If more than one Claim Form is filed for one Entitled Damages Class Member, then the Settlement Administrator has sole, final, and binding authority to determine which Claim Form is valid and which Claim Form is not, and has the authority to request further documentation as proof of validity.

### If a Class Member is a Child Under the Age of 18.

If the Class Member is a child under the age of 18, then a separate Claim Form must be filed on that child's behalf by the child's parent or legal guardian, with all requested information provided. A separate Claim Form must be filed for each child even if the parent or legal guardian is also a Class Member and is also filing a Claim Form for himself or herself.

### If a Class Member is Deceased.

If a claimant is filing a Claim Form on behalf of a deceased Class Member, then the claimant also shall provide the Class Member's death certificate and proof of the claimant's relation to the Class Member, or documents from a court proving that the claimant is the court-appointed representative of the Class Member's estate.

### Class Benefit Fund Payment Amount

The Class Benefit Fund shall be distributed by the Settlement Administrator to Entitled Damages Class Members as follows. The "Class Period" is between September 25, 2012 and _____, 2021:

Based on information provided on Claim Forms and other documentation, Entitled Damages Class Members filing Claim Forms will be divided into the following categories:

05617108.16

**Class A.**  If the Entitled Damages Class Member has been or was a resident of Oakhill during the Class Period for less than twelve (12) months, then that Entitled Damages Class Member receives **1 point**.

**Class B.**  If the Entitled Damages Class Member has been or was a resident of Oakhill during the Class Period for more than twelve (12) months but fewer than forty-eight (48) months, then that Entitled Damages Class Member receives **2 points**.

**Class C.**  If the Entitled Damages Class Member has been or was a resident of Oakhill during the Class Period for more than forty-eight (48) months, then that Entitled Damages Class Member receives **3 points**.

The Settlement Administrator will multiply the total number of Entitled Damages Class Members in each category by its available number of points and add together the result from each category ("Total Points").  For example, if the Settlement Administrator receives 100 timely and valid Claim Forms, with 20 in Class A, 60 in Class B, and 20 in Class C, then the Total Points equals:  20 (20 Class A Claim Forms x 1 point), plus 120 (60 Class B Claim Forms x 2 points), plus 60 (20 Class C Claim Forms x 3 points), equaling 200 Total Points.

The Settlement Administrator will then divide the Class Benefit Fund by the Total Points. In the example above, if the Class Benefit Fund is $440,000, then the "Pro Rata Amount" will be $440,000 divided by 200 = $2,200.

Each Entitled Damages Class Member's amount will then be the "Pro Rata Amount" times the number of points assigned to his or her Claim Form (the "Class Benefit Fund Payment").  In the example provided above, if the Entitled Class Member is Class A, then his or her Class Benefit Fund Payment would be:  1 point x $2,200 = $2,200.  If the Entitled Damages Class Member is Class B, then his or her Class Benefit Fund Payment Amount would be 2 points x $2,200 = $4,400.  If the Entitled Damages Class Member is Class C, then his or her Class Benefit Fund Payment Amount would be 3 points x $2,200 = $6,600.

This example is purely an example.  The Class Benefit Fund amount will depend on how much the Settlement Fund is reduced by Settlement Costs. The Pro Rata Amount will vary based on the number of timely and valid Claim Forms filed and how many will be filed from each Class.  The Class Benefit Fund Payment will vary based on what the Class Benefit Fund is and what the Pro Rata Amount will be.

### Requirements for a Valid Claim Form.

A Claim Form is not valid unless it provides all of the information requested on the Claim Form, including all signatures and information required in the Class Member/Claimant Declaration.  A Claim Form also is not valid if the Class Member and/or claimant does not provide sufficient additional documentation to the Settlement Administrator postmarked within ten (10) days after the Settlement Administrator's request for such additional documentation. The Settlement Administrator has sole, final, and binding authority to determine whether a Claim Form is valid.  If a Class Member's Claim Form is denied, then the Class Member will remain a

Settlement Class Member and will be bound by the Settlement Agreement and its Release, and the Final Order and Judgment.

### Proof of Residency and Additional Eligibility Proof

If the Class Member identified on the Claim Form is also identified on the Oakhill Known Residents List or the Oakhill Known Former Residents E-Mail List, then no further proof of residency will be required, unless the Claim Form's stated length of residency varies from the length of residency demonstrated on the Oakhill Known Residents List. If the Claim Form's stated length of residency so varies, then the Settlement Administrator may request proof of residency from the Class Member. The Settlement Administrator has sole, final, and binding authority to determine the Class Member's appropriate payment class.

If the Class Member identified on the Claim Form is not identified on the Oakhill Known Residents List or the Oakhill Known Former Residents E-Mail List, then the Settlement Administrator shall require proof of residency.

If proof of residency is needed, the Settlement Administrator shall notify such Class Member that he or she must submit sufficient proof of residency to the Settlement Administrator, postmarked within ten (10) days of the request. Examples of sufficient proof of residency are:

- an Oakhill lease agreement in the Entitled Damages Class Member's name showing the length of residency;

- two utility bills for the Oakhill Homesite (for example, electric, gas, water) in the Entitled Damages Class Member's name showing the length of residency;

- if the Class Member is a child over the age of 6 and under the age of 18, school records listing the Oakhill address as the address for the child and demonstrating the length of residency; or

- if the Class Member is an infant or toddler under the age of 6, a sworn declaration from the child's parent or legal guardian stating: (1) that such child was an Oakhill resident; (2) the dates of the child's residency at Oakhill; and (3) the adult Oakhill residents with whom the child lived; and a copy of the child's birth certificate or other legal document demonstrating that the claimant filing the Claim Form on the child's behalf is the child's parent or legal guardian.

The Settlement Administrator has sole, final, and binding authority to determine whether a Class Member has presented sufficient proof of residency and/or sufficient documentation to make a claim valid. If the Settlement Administrator determines that the Class Member does not present sufficient proof of residency or additional documentation required for a claim to be valid, the Claim Form will be denied, but the Class Member will remain a Settlement Class Member and will be bound by the Settlement Agreement and its Release, and the Final Order and Judgment.

3

# SUB-EXHIBIT C

EXHIBIT C

# Have you lived in the Oakhill Manufactured Housing Community in Attleboro, Massachusetts at any time between September 25, 2012 and _____, 2021?

**If yes, a legal Settlement has been proposed in a class action lawsuit that, if approved by the Court, will affect your rights.**
**So please read this notice carefully and submit a Claim Form today!**

*A court authorized this notice. This is not a solicitation from a lawyer.*

A Settlement has been proposed in the class action lawsuit *Craw, et al. v. Hometown America, LLC, et al.*, 18-CV-12149-LTS that is presently before the U.S. District Court for the District of Massachusetts ("Class Action"). In the Class Action, one of the Plaintiffs has claimed, among other things, that the owners and operators of the Oakhill Manufactured Housing Community ("Oakhill") failed to provide or inadequately provided services to Oakhill residents related to stormwater management and infrastructure, home foundations attached to the land, driveways, walkways, and/or other permanent elements of residents' leased home sites. For this Settlement to take effect, it must be approved by the Court.

The Settlement will require Oakhill to pay for a $500,000 Settlement Fund as compensation for Oakhill's alleged failure to provide these services. The Settlement Fund first will pay for Settlement Costs, and the remainder (the "Class Benefit Fund") will be distributed to eligible residents who submit timely and valid Claim Forms. The Settlement will also require Oakhill to implement a Court-approved stormwater management system operation and maintenance program (the "Oakhill Stormwater Program") that shall be subject to Court oversight for a five-year period.

Your legal rights are affected whether you act, or don't act. Read this notice carefully.

Capitalized terms have the same meaning given to them in the Settlement Agreement.

You can obtain a copy of the Settlement Agreement, the Claim Form, and the Plan of Allocation from the Settlement Administrator at 1-888-_____ or www._____.com.

1

QUESTIONS? CALL 1-888-_____ TOLL FREE, OR VISIT WWW._____COM

05673969.11

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **Submit a Claim Form** | The only way to ask for money from the Settlement is to submit a timely and valid Claim Form. Money is not guaranteed and will only be disbursed to eligible current or former Oakhill residents – as described in greater detail by this Notice and in the Claim Form.<br><br>Instructions are given below on how to submit a Claim Form. |
| **Ask to be Excluded from the Damages Class** | If you don't wish to receive any Settlement money and would prefer to seek compensation from Oakhill directly for the matters covered by the Class Action, you must ask to be excluded from the Damages Class.<br><br>Even if you are excluded from the Damages Class, you will still receive the benefit of the Oakhill Stormwater Program and won't be able to sue Oakhill to fix any stormwater management or flooding issues that exist on your leased home site related to the claims in the Class Action, or for any other Released Claims for equitable and injunctive relief.<br><br>Instructions on how to properly exclude yourself from the Damages Class are outlined below. |
| **Object** | If you don't believe that this Settlement is fair and don't want the Court to approve it, you may write to the Court about why you don't like the Settlement. Even if you object to the Settlement, you will still need to submit a Claim Form if you wish to seek possible monetary payment from the Settlement – should the Settlement be approved over your objection.<br><br>Instructions on how to properly submit an objection are outlined below. |
| **Go to a Hearing** | If you properly submit an objection, you may also ask to speak in Court about the fairness of the Settlement, although you do not have to do so. Even if you speak in Court, you will still need to submit a Claim Form if you wish to seek possible monetary payment from the Settlement.<br><br>Instructions on how to properly request an opportunity to speak to the Court are outlined below. |
| **Do Nothing** | If you do nothing, you will give up your right to receive any monetary payment from the Settlement <u>and</u> you will give up your right to sue Oakhill for any Released Claims, but you will still receive the benefit of the Oakhill Stormwater Program. |

- This notice explains these rights and options, **and the deadlines to exercise them.**

- The Court in charge of this case still has to decide whether to approve the Settlement. If the Court does not approve the Settlement, then you will not receive any benefits and you will not give up any rights.

05673969.11                                                2

QUESTIONS?  CALL 1-888-_____  TOLL FREE, OR VISIT <u>WWW._____ COM</u>

# WHAT THIS NOTICE CONTAINS

**Basic Information**...................................................................................................**Page __**
    1.    Why was this notice issued?
    2.    What is this lawsuit about?
    3.    Why is this a class action?
    4.    Why is there a Settlement?
    5.    How do I know if I am part of the Settlement?

**If I Am a Class Member,**
**What Settlement Benefits Do I Get and How Do I Get Them?** ...........................**Page**
    6.    What does the Settlement provide?
    7.    How much money will I receive from the Settlement?
    8.    How can I get money from the Settlement?
    9.    When will I get money?

**What Am I Giving Up and**
**Can I Get Out of the Settlement?** ......................................................................**Page**
    10.    What are Class Members giving up in this Settlement?
    11.    Can I get out of the Settlement?
    12.    If I don't exclude myself, can I sue any Oakhill Defendant for the same thing later?
    13.    If I exclude myself, can I get money from this Settlement?

**The Lawyer Representing You** ...........................................................................**Page**
    14.    Do I have a lawyer in this case?

**Objecting to the Settlement**.................................................................................**Page**
    15.    How do I tell the Court if I don't like the Settlement?
    16.    What's the difference between objecting and asking to be excluded?
    17.    Do I need to come to Court to talk about my objections?

**The Court's Fairness Hearing** ............................................................................**Page**
    18.    When and where will the Court decide whether to approve the Settlement?
    19.    May I speak at the hearing?

**If I Do Nothing and Getting More Information**......................................................**Page**
    20.    What happens if I do nothing?
    21.    How do I get more information about the Settlement?

QUESTIONS? CALL 1-888-_____ TOLL FREE, OR VISIT WWW._____ COM

# Basic Information

## 1.  Why was this notice issued?

If you are reading this Notice, you may be a current or former resident of Oakhill who lived in that community at some time between September 25, 2012 and _____, 2021 ("Class Member").  A Court authorized this notice because Class Members have a right to know about a proposed Settlement of the Class Action, and about all of their options, including the right to file a Claim Form for a possible monetary payment, before the Court decides whether to give final approval to the Settlement.  If the Court gives final approval to the Settlement, and after any appeals are resolved, then the Settlement provides the following Class Benefits:  (1) all Class Members will receive Injunctive Relief in the form of the Oakhill Stormwater Program and (2) all Class Members who have not filed a timely and valid Request for Exclusion from the Damages Class of this Settlement, but who have filed timely and valid Claim Forms ("Entitled Damages Class Members"), may also receive payments from a $500,000 Settlement Fund.  This notice explains the lawsuit, the Settlement, Class Members' legal rights, what Class Benefits are available, who may be eligible for them, and how to get them.

Judge Leo T. Sorokin in the United States District Court for the District of Massachusetts is overseeing the Class Action.  The case is known as *Barbara Craw, et al. v. Hometown America, LLC, et al.*, No. 1-18-cv-12149 (D. Mass.).  The person who sued, Barbara Craw, is called the "Plaintiff," and is also called the "Class Representative" because she is representing the Class Members included in the Class Action.  The companies she sued (Hometown America, LLC, Hometown America Management, LLC, and Hometown Oakhill, LLC) are called "Hometown" and are also called the "Oakhill Defendants."

## 2.  What is this lawsuit about?

In the Class Action, Plaintiff claims, among other things, that Hometown failed to provide or inadequately provided services to current and former Oakhill residents related to stormwater management and infrastructure, home foundations attached to the land, driveways, walkways, and/or other permanent elements of the residents' leased home sites.  Plaintiff alleged that Hometown's actions breached its contracts with her and other Class Members, and violated the Massachusetts Consumer Protection Act, the Massachusetts Manufactured Housing Act, and the Massachusetts Quiet Enjoyment Statute.

## 3.  Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims, who are the "Class" or "Class Members."  One court resolves the issues for all class members.  Here, Barbara Craw is the Class Representative suing on behalf of the Class Members.

## 4.  Why is there a Settlement?

The Court did not decide in favor of the Class Representative or Hometown.  Instead, both sides agreed to settle.  That way, they avoid the costs and risks of a trial, and the people affected will get relief.  The Class Representative and her attorney think the Settlement is best for all Class Members.  The Settlement does not mean that Hometown did anything wrong.

## 5.  How do I know if I am part of the Settlement?

If you lived at Oakhill at any time between September 25, 2012 and _____, 2021, you are a Class Member.

**QUESTIONS?  CALL 1-888-_____ TOLL FREE, OR VISIT WWW._____COM**

# I Am a Class Member – What Settlement Benefits Do I Get and How Do I Get Them?

## 6.  What does the Settlement provide?

This Settlement provides the immediate implementation of the Oakhill Stormwater Program and creates a $500,000 Settlement Fund, which will compensate Entitled Damages Class Members after first paying Settlement Costs. The Settlement Agreement, available at www._____,com, or by calling 1-888-_____, describes all of the details about the Settlement Fund and the Oakhill Stormwater Program.

## 7.  How much money will I receive from the Settlement?

The Settlement provides for a $500,000 Settlement Fund, which first will be used to pay Settlement Costs, such as the cost of sending out this Notice. After all Settlement Costs have been paid, the remaining Class Benefit Fund will be paid to Entitled Damages Class Members, according to the Plan of Allocation approved by the Court. The Settlement Agreement and the Plan of Allocation are available at www._____,com, or by calling 1-888-_____. These documents describe all of the details. A monetary payment is not guaranteed, even if you file a Claim Form.

## 8.  How can I get money from the Settlement?

To be eligible to receive any money from the Class Benefit Fund, you must submit a timely and valid Claim Form, but you must not file a Request for Exclusion from the Damages Class of this Settlement. A monetary payment is not guaranteed, even if you do submit a timely and valid Claim Form. A Claim Form is included with this Notice. You can also get a Claim Form at www._____.com or by calling 1-888-_____. To be timely, a Claim Form must be mailed, by U.S. Mail, postmarked by _____, 2021, to:

Oakhill Settlement Administrator
[address]

For a Claim Form to be valid, you must follow all instructions on it, and provide all of its requested information. In addition, if the Settlement Administrator requests your proof of residency or any other additional documentation, you must provide such documentation that is acceptable to the Settlement Administrator, within ten (10) days of his request, or your claim will be denied. See the Claim Form and Plan of Allocation for further instructions, both of which are available at www._____.com or by calling 1-888-_____. You cannot make a claim for money by phone or on the website.

The Settlement Administrator will pay only one Claim Form for each Entitled Damages Class Member. If more than one person submits a Claim Form on behalf of the same Class Member, the Settlement Administrator may request additional documentation. The Settlement Administrator has sole, final, and binding authority to determine whether a Claim Form is timely and valid.

If a Class Member is a child under the age of 18, then a separate Claim Form must be filed on that Class Member's behalf by the child's parent or legal guardian, even if the parent or legal guardian is also filing a Claim Form on behalf of himself/herself. The Settlement Administrator may request additional information after receiving the claim.

If you file a Claim Form on behalf of a deceased Class Member, then you must submit the Class Member's death certificate and proof of your relation to the Class Member, or documents from a court proving that you are the court-appointed representative of the Class Member's estate. The Settlement Administrator may request additional information from you after receiving the claim.

05673969.11

5

**Tax Consequences of Settlement.** Any money you receive may be subject to federal or state taxation, depending on your circumstances. Class Counsel is not a tax attorney and you are advised to seek separate advice on matters of taxation.

## 9.  When will I get money?

A monetary payment is not guaranteed. After all Settlement Costs have been paid, the Class Benefit Fund will be distributed to Entitled Damages Class Members – that is, those Class Members who have not filed a timely and valid Request for Exclusion from the Damages Class of this Settlement, but who have submitted timely and valid Claim Forms. Payments will be mailed to Entitled Damages Class Members after the Court grants "final approval" of the Settlement, and any appeals are resolved. If Judge Sorokin gives final approval to the Settlement after an upcoming hearing (*see* the section "The Court's Fairness Hearing" below), there may be appeals. If there are any appeals, resolving them can take time. Please be patient.

# What Am I Giving Up and
# Can I Get Out of the Settlement?

## 10.  What are Class Members giving up in this Settlement?

If the Settlement becomes final, and you do not file a timely and valid Request for Exclusion from the Damages Class of this Settlement, then you will be giving up the right to sue, or take other action against, Hometown and all Released Parties for all Released Claims identified in the Settlement Agreement. If this happens, you lose rights that could have allowed you to take Hometown to court. So if you have a grievance with Hometown and want to know whether you will or should give up your rights through this Settlement, you may want to consult with a lawyer.

If the Settlement becomes final, even if you request to be excluded from the Settlement's Damages Class, you will still give up the right to sue, or take other action against, Hometown and all Released Parties to force them to correct problems on your home site, if any, that existed before the Settlement was reached and any other Released Claims for equitable or injunctive relief. Again, if this happens, you may be giving up important rights. So if you have a grievance with Hometown about conditions on your home site, you may want to consult with a lawyer.

The Settlement is not settling, releasing or affecting past, current or future claims raised in the action *Blake, et al. v. Hometown America Communities, Inc., et al.*, currently on remand from the Commonwealth of Massachusetts Supreme Judicial Court, No. SJC-12902, to the Housing Court Department, Southeast Division – Taunton, No. 12H83CV00647TA, that relate to non-uniform rents under Mass. General Laws c. 140, §32L(2). If you have those *Blake* claims, you are not giving them up in this Settlement.

The Settlement Agreement describes the Released Claims with specific descriptions, in necessarily accurate legal terminology, so please read it carefully. Talk to your attorney (*see* the section on "The Lawyer Representing You" below) or your own lawyer if you have questions about the Released Claims or what they mean.

## 11.  Can I get out of the Settlement?

If you don't want any money offered by this Settlement, but you want to keep the right to sue Hometown for monetary damages arising from the claims in this case, then you must take steps to get out. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Damages Class.

05673969.11                                6

**QUESTIONS? CALL 1-888-_____ TOLL FREE, OR VISIT WWW._____ COM**

Even if you exclude yourself from the Damages Class, you will still give up the right to sue, or take other action against, Hometown and all Released Parties to force them to correct problems on your home site, if any, that existed before the Settlement was reached and any other Released Claims for equitable or injunctive relief.

To exclude yourself from the Damages Class, you must send a timely and valid Request for Exclusion by mail saying that you want to be excluded from the Damages Class in *Craw, et al. v. Hometown America, LLC, et al.* You must include the case name and number (*Craw, et al. v. Hometown America, LLC, et al.*, No. 1-18-cv-12149-LTS), the Court (D. Mass.), your full name, address, e-mail address (if any), and telephone number, and sign the Request for Exclusion. If you are represented by your own attorney in this case separate from Class Counsel, then you must include your attorney's name, address, e-mail address, and telephone number. Your Request for Exclusion will not be valid, and you will be bound by the Settlement, if you do not include all of this information in your Request for Exclusion. You must mail your Request for Exclusion so that it is postmarked by _____, 2021, to:

Oakhill Settlement Administrator
[address]

You can't exclude yourself from the Damages Class on the phone or on the website.

## 12. If I don't exclude myself, can I sue any Oakhill Defendant for the same thing later?

No. If you do not file a timely and valid Request for Exclusion from the Damages Class of this Settlement, then you will be bound by the Settlement and its Release, and you will give up the right to sue any Oakhill Defendant or any Released Party for any Released Claim. If you file a timely and valid Request for Exclusion from the Damages Class of this Settlement, then you will keep the right to sue any Oakhill Defendant or Released Party for your individual monetary damages arising from the claims in this case. Even if you file a timely and valid Request for Exclusion from the Damages Class of this Settlement, then: (1) you will still remain part of the Injunctive Relief Class; (2) you will remain bound by the Settlement as to the Injunctive Relief Class; and (3) you will release all Released Claims for equitable and injunctive relief.

## 13. If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself, you cannot get money from this Settlement, and should not submit a Claim Form to ask for money. If you exclude yourself and file a Claim Form anyway, your Claim Form will be denied.

# The Lawyer Representing You

## 14. Do I have a lawyer in this case?

Yes. Class Counsel represents you and other Class Members. You do not have to pay him. If the Settlement is given final approval and all appeals are over, then Hometown will pay Class Counsel an amount to be determined by the Court – but no more than $162,500. Hometown's payment of this Attorney's Fee and Expenses award will be in addition to the $500,000 Settlement Fund. If you want to consult or be represented by your own lawyer, and have that lawyer appear in court for you in this case, then you may hire an attorney at your own expense.

# Objecting to the Settlement

## 15. How do I tell the Court if I don't like the Settlement?

You can object to the Settlement if you don't like some or all of it. The Court will consider your views. To object to the Settlement, you must submit a written objection to the Settlement Administrator. It must be titled "Objection to Class Settlement in *Craw, et al. v. Hometown America, LLC, et al.,* No. 1:18-cv-12149-LTS." You must include your full name, address, e-mail address, telephone number, and your signature, and identify yourself as a Class Member in this case. You must also include the specific legal and factual reasons why you object to the Settlement, copies of any evidence or documents to support your objection, and what changes to the Settlement you are requesting.

If you are represented by an attorney in filing the objection, then you must also include your attorney's name, address, e-mail address, and telephone number. You must state whether you or your attorney will be attending the hearing. (*See* "The Court's Fairness Hearing" below). You must submit your objection by U.S. mail so that it is postmarked by ____, 2021, or send your objection by overnight carrier or by hand so that it is delivered by _____, 2021, to the Settlement Administrator's address listed below:



| Settlement Administrator |
| --- |
|  |

The Court may overrule your objection. If you want to be eligible to receive money from the Settlement, even if you object to the Settlement, then you must file a timely and valid Claim Form.

## 16. What's the difference between objecting and asking to be excluded?

Objecting is telling the Court that you oppose approval of the Settlement, but that you are still willing to accept Class Benefits, including money from the Class Benefit Fund, if the Court still gives its final approval to the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Damages Class and will give up any right you have to money in the Class Benefit Fund.

## 17. Do I need to come to Court to talk about my objection?

No.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the Settlement. You may attend the hearing and you may ask to speak, if you follow the instructions below, but you don't have to attend the hearing or ask to speak.

## 18. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing at ____ on ____, _____, 2021, at John Joseph Moakley United States Courthouse, 1 Courthouse Way, in Boston Massachusetts. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider those objections. Judge Sorokin will listen to people who properly have asked to speak about an objection, as

05673969.11                                             8

described below. The Court may also decide how much to award Class Counsel as fees for representing the Class, and how much to award Barbara Craw as Class Representative. Class Counsel has requested that the Court approve an award for Attorney's Fees and Expenses of $162,500 to compensate him for handling the Class Action and a Class Representative Award of $17,500 to Barbara Craw to compensate her for her work on behalf of Class Members. Hometown will pay the Attorney's Fees and Expenses award and the Class Representative Award in addition to paying the $500,000 Settlement Fund, if the Settlement receives final approval and after appeals, if any. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take. The hearing may be moved to a different date or the Court may hold the hearing online, via telephone or videoconference or in some other format, without additional notice, so it is a good idea to check www._____.com for updated information.

## 19. May I speak at the hearing?

You may attend the hearing, but do not have to do so. If you submitted a timely and valid objection to the Settlement, as described above, then you may ask the Court for permission to speak at the Fairness Hearing. If you or your attorney intend to speak at the Fairness Hearing, then you must file a "Notice of Intention to Appear" in *Craw, et al. v. Hometown America, LLC, et al.*, No. 1:18-cv-12149-LTS (D. Mass.), stating such intention to appear at the Fairness Hearing. Your Notice of Intention to Appear must be filed with the Court not later than fourteen (14) days prior to the Fairness Hearing, and must be sent to the following addresses by U.S. Mail postmarked no later than fourteen (14) days prior to the Fairness Hearing:

Ethan Horowitz
Northeast Justice Center
50 Island Street, Suite 203B
Lawrence, MA 01840

Lisa C. Goodheart
Tristan C. Colangelo
Sugarman, Rogers, Barshak &Cohen, P.C.
101 Merrimac Street, Suite #900
Boston, MA 02114

Your Notice of Intention to Appear must include the following information to be valid: (a) name of the case (*Craw, et al. v. Hometown America, LLC, et al.*, No. 1:18-cv-12149-LTS (D. Mass.)); (b) your full name, address, e-mail address, telephone number, and signature; and (c) if you have hired an attorney to represent you and present your objection, your attorney's name, address, telephone number, e-mail address, and Massachusetts BBO Number. Unless otherwise permitted by the Court, you and your attorney (if any) may only discuss those matters raised in the objection that you filed with the Court, by the procedures outlined above.

# If I Do Nothing and Getting More Information

## 20. What happens if I do nothing?

If you do nothing, you will not be eligible to receive any payment from the Class Benefit Fund and you will be giving up the right to sue, or take other action against, Hometown and all Released Parties for the Released Claims identified in the Settlement Agreement. If this happens, you may lose rights that could have allowed you to take Hometown to court. So please submit your Claim Form today! One is included with this Notice.

## 21. How do I get more information about the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, the Claim Form, and the Plan of Allocation, which are available at www._____.com or by calling 1-888-_____.

# SUB-EXHIBIT D

# EXHIBIT D

## LEGAL NOTICE

### Have you lived in the
### Oakhill Manufactured Housing Community in Attleboro, Massachusetts at
### any time between September 25, 2012 and _____, 2021?

If yes, a legal Settlement has been proposed in a class action lawsuit that, if approved by the Court, will affect your rights. So please read this notice carefully.

The class action lawsuit claims that the owners and operators of the Oakhill Manufactured Housing Community ("Oakhill") failed to provide or inadequately provided services to Oakhill residents related to stormwater management and infrastructure, home foundations attached to the land, driveways, walkways, and/or other permanent elements of residents' leased home sites. The Settlement will require the Oakhill Defendants to pay for a $500,000 Settlement Fund. The Court will hold a hearing in this case, called *Craw, et al. v. Hometown America, LLC, et al.*, in the United States District Court for the District of Massachusetts (1:18-cv-12149-LTS), on _____, 2021 to consider whether to give final approval to the proposed Settlement, a request by Class Counsel for Attorney's Fees and Expenses of $162,500, and a request by Class Counsel to award the Class Representative, Barbara Craw, $17,500. The Oakhill Defendants will separately pay the Attorneys' Fees and Expenses and Class Representative Award awarded by the Court if the proposed Settlement receives final approval and all appeals end. You or your own lawyer may ask to speak at the hearing, at your own cost, but You do not have to appear and speak at the hearing. You must follow the instructions in the Settlement Agreement, or your request to appear at the hearing or have a lawyer appear on your behalf will be denied. You can obtain the Settlement Agreement, detailed Settlement Notice describing the Settlement, and Plan of Allocation for money distribution at **1-888-_____, or at www._____.com.**

**Who's Included in the Class?** Any person who resided at Oakhill at any time between September 25, 2012 and _____, 2020 [Effective Date] ("You").

**Who is being sued?** Hometown America, LLC, Hometown America Management LLC, and Hometown Oakhill LLC (the "Oakhill Defendants" or "Hometown").

**What does the Settlement provide?** The Settlement provides the immediate implementation of the Oakhill Stormwater Program, and creates a $500,000 Settlement Fund. You can obtain the Settlement Agreement, its Plan of Allocation, and the Oakhill Stormwater Program from the Settlement Administrator at the number or website above.

**How do You get money?** To be eligible to receive a payment, You must be a Class Member, and You must submit a timely and valid Claim Form, but You cannot request exclusion from the Damages Class. A timely Claim Form must be mailed, by U.S. Mail, to the Settlement Administrator, post-marked by _____, 2021. A Claim Form can be obtained from the number or website above. You must follow the Claim Form's instructions and provide all requested information for the Claim Form to be valid. If the Settlement Administrator requires proof of your Oakhill residency or any other documentation, then You must provide documentation acceptable to the Settlement Administrator within ten (10) days of its request or your Claim Form will be denied. After all Settlement Costs have been paid, the Settlement Fund's remainder (the "Class Benefit Fund") will be distributed to Entitled Damages Class Members. Settlement Class Members who do not receive money are still bound by the Settlement and its Release. If You do receive money, taxes are your responsibility. More information on filing a Claim Form is found in the detailed Settlement Notice and Claim Form.

**Can You get out of the Settlement?** If You do not want money offered by the Settlement, but You want to keep the right to sue Hometown for individual monetary damages, then You must exclude yourself from the Damages Class by _____, 2021. You can obtain a detailed Settlement Notice, explaining how to request exclusion from the Damages Class, from the number or website above. Even if You exclude yourself from the Damages Class, You will still be part of the Injunctive Relief Class, and receive the benefits of the Oakhill Stormwater Program, and You will be bound by the Settlement and the Release as to Released Claims for equitable and injunctive relief.

All Class Members are bound by the Settlement and its Release as to all Released Claims, except that those Class Members filing a timely and valid Request for Exclusion from the Damages Class only release the Released Claims for equitable and injunctive relief. If You do not submit a timely and valid Request for Exclusion from the Damages Class, and the Court gives final approval to the Settlement, then You are not able to sue, or continue to sue, Hometown for any Released Claim.

**Can You object to the Settlement?** If You are a Class Member, then You can make a written objection to the Settlement if You do not like some part of it. You must follow the instructions in the Settlement Agreement or your objection will not be considered by the Court.

**Release.** If the Court gives final approval to the Settlement, then Hometown and the Released Parties will be released from all liability for the Released Claims, as set forth in more detail in the Settlement Agreement, which can be obtained from the number or website above.
Capitalized terms herein have the meaning given to them in the Settlement Agreement.

05673875.7

# SUB-EXHIBIT E

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARBARA CRAW, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 18-12149-LTS** |
| | ) | |
| HOMETOWN AMERICA, LLC, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### PRELIMINARY APPROVAL ORDER

Upon consideration of Plaintiff Barbara Craw's Motion for Preliminary Approval of Class Action Settlement of the Oakhill Class and Plan of Allocation ("Motion for Preliminary Approval"), D.E. ___, along with the Settling Oakhill Parties' Stipulation of Settlement ("Settlement", "Settlement Agreement", or "Agreement") and exhibits thereto, and all of the papers filed in connection therewith, the arguments of counsel, the evidence submitted, and all other matters presented to the Court in hearing on _____, 2021, the Court hereby grants preliminary approval of the Settlement contained in the Settling Oakhill Parties' Settlement Agreement and its exhibits upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning set forth in the Settlement Agreement, which is filed as D.E. ___. The Court makes the following findings and orders, and sets the deadlines listed at the end of this Order.

### FINDINGS OF FACT

1.      Plaintiff filed her Motion for Preliminary Approval on ___, 2021.

2.      This case involves two separate alleged classes, one pertaining to the Oakhill Manufactured Housing Community ("Oakhill") located in Attleboro, Massachusetts, and one

05838531.3

pertaining to the Oak Point Manufactured Housing Community ("Oak Point") located in Middleborough, Massachusetts. The Settlement relates only to Oakhill.

3. On September 25, 2018, Plaintiff Craw initiated this Action in the Plymouth County Superior Court for the Commonwealth of Massachusetts (No. 1883cv01017) by filing a class action complaint for injunctive relief and damages (the "Complaint"). Plaintiff Craw was, at that time, and still is, a resident of Oakhill. Plaintiff Craw named Hometown America, LLC, Hometown America Management, LLC and Hometown Oakhill, LLC ("Oakhill Defendants") as defendants, along with Hometown Oak Point I, LLC and Hometown Oak Point II, LLC ("Hometown Oak Point").

4. The Defendants timely removed the Action to this Court on October 15, 2018.

5. Plaintiff Craw filed a first amended class action complaint for injunctive relief and damages (the "First Amended Complaint") on October 31, 2018. The First Amended Complaint added Joan Shurtleff as a named plaintiff ("Plaintiff Shurtleff"), who at that time was, and still is, a resident of Oak Point.[1]

6. On November 21, 2018, Defendants filed a motion to dismiss for failure to state a claim.

7. On December 14, 2018, Plaintiffs filed a motion for partial summary judgment as to liability on Counts I and II of the First Amended Complaint.

8. The parties fully briefed the motion to dismiss. The Court heard oral argument on the motion to dismiss on February 28, 2019. The parties thereafter filed supplemental memoranda regarding the motion to dismiss.

---

[1] Plaintiff Craw and Plaintiff Shurtleff will be collectively referred to as "Plaintiffs".

05838531.3                                    2

9.    On March 21, 2019, the Court denied the Defendants' motion to dismiss in its entirety.

10.    On April 5, 2019, the Court denied Plaintiffs' motion for partial summary judgment without prejudice to renew, prior to the close of discovery, on or before May 6, 2019.

11.    Plaintiffs filed a second motion for partial summary judgment on May 3, 2019. Defendants filed a Fed. R. Civ. P. 56(e) declaration in response to that motion on May 17, 2019. Plaintiffs filed a reply brief in support of that motion on May 24, 2019. Defendants filed a sur-reply on May 31, 2019. On August 8, 2019, the Court denied that motion for partial summary judgment without prejudice, allowing its renewal at the close of discovery.

12.    In the interim, the parties commenced discovery. Nine depositions were ultimately taken and over 100,000 pages of documents were ultimately exchanged. Defendants submitted thirteen different expert reports. Three motions for protective order were filed, briefed, and decided by the Court.

13.    Beginning in March 2020, the parties began requesting extensions of the deadlines contained in the operative scheduling order, and in particular those pertaining to the summary judgment briefing schedule, so that they could engage in settlement discussions. This Court granted eight such extensions between March of 2020 and December of 2020.

14.    Plaintiffs' Counsel (hereinafter referred to as "Class Counsel") and counsel for the Oakhill Defendants conducted extensive arms-length negotiations for a potential settlement of this Action as to claims regarding Oakhill over the course of the last twelve months. They sought settlement help and direction from a mediation attorney, John W. Perry, Jr. The Settling Oakhill Parties, and their counsel, took into account: (a) the merits of the First Amended Complaint as to claims arising from or relating to Oakhill or the lack thereof; (b) the strength of

Plaintiff Craw's and the putative Class Members' case compared to the amount of the Oakhill Defendants' settlement offer; (c) the evidence and information adduced through discovery, investigation, and the informal exchange of information through mediation; (d) the applicable law; (e) the time, expense and effort necessary to litigate the Action to conclusion; (f) possibilities of success weighed against the possibilities of loss; (g) the range of potential judgment values, if any should be awarded; (h) the complexity of the issues in the Action; (i) the risks inherent in protracted litigation; (j) the magnitude of benefits to be gained from immediate settlement in light of both the maximum potential of a favorable outcome with the attendant expense and likelihood of an unfavorable outcome; (k) the possibility of no recovery to any Class Members whatsoever; (l) the merits of Plaintiff Craw's anticipated motion for partial summary judgment; (m) the fairness of benefits from an immediate settlement under all of the foregoing considerations; and (n) the stage of the proceedings. Substantial time and effort have been expended by the Settling Oakhill Parties and their counsel in negotiating the Settlement Agreement and the Settlement contemplated herein.

15. The parties conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations by Plaintiff Craw and the putative Oakhill class members to assess the merits of their claims, and to determine the strength of both defenses and liability sought in the Action and the likelihood of success.

16. The Settling Oakhill Parties have entered into the Settlement Agreement in which they have agreed to settle the Action, pursuant to the terms of the Settlement Agreement and its exhibits, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in the dismissal of the claims of Barbara Craw and the Settlement Class Members in the Action with prejudice

(except that the individualized monetary damage claims, but not the claims for any and all injunctive or equitable relief, of Settlement Class Members who file timely and valid Requests for Exclusion from the Damages Class will be dismissed without prejudice). The Court has reviewed the Settlement Agreement, including all exhibits thereto and all materials filed related thereto, and all prior proceedings herein, and has found good cause based on the record to support the following orders.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

17. **Stay of the Action.** The Court stays, during the pendency of the Settlement proceedings contemplated by the Agreement, all non-settlement-related proceedings in this Action as to the Oakhill Defendants and regarding any Released Claim, such stay to remain effective during the pendency of such Settlement proceedings unless modified by further order of the Court. This stay will not affect the remaining claims in the Action currently made by Joan Shurtleff and the putative Oak Point Class concerning Oak Point.

18. **Preliminary Class Certification for Settlement Purposes Only.**

A.   Pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), the Court preliminarily certifies, for settlement purposes only, a Rule 23(b)(2) Injunctive Relief Class and a Rule 23(b)(3) Damages Class, each consisting of all current and former residents of the Oakhill Manufactured Housing Community who resided there at any point between September 25, 2012 and the Effective Date of this Settlement. Injunctive Relief Class members will not be allowed to file a Request for Exclusion from the Rule 23(b)(2) Injunctive Relief Class. Damages Class members will be permitted to file a Request for Exclusion from the Rule 23(b)(3) Damages Class, but such Request for Exclusion must be timely and valid under the terms of the Settlement. The Settlement Class shall consist of: (1) all

members of the Injunctive Relief Class; and (2) all members of the Damages Class, except as to individualized monetary relief claims for those who submitted to the Settlement Administrator a timely and valid Request for Exclusion by the Opt-Out Deadline.

B.    The Court preliminarily finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure have been met, in that:  (a) the Class is so numerous that joinder of all individual Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and Class Counsel will fairly and adequately represent the interests of the Class; (e) the Damages Class is superior to other available methods for the fair and efficient adjudication of the controversy; and (f) the Oakhill Defendants have acted or refused to act on grounds that apply generally to the Injunctive Relief Class, and the Injunctive Relief provides a single injunction to each member of the Class and to the Class as a whole.

C.    If the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, or if the Settlement does not become effective as of the Final Settlement Date for any reason, then:  (1) this preliminary certification of the Class (including the Injunctive Relief Class and the Damages Class) set forth herein will be vacated, null and void and shall not be used or referred to for any purpose in this Action or in any other proceeding, and this Order may not be used offensively against any Settling Oakhill Party in this Action or in any other proceeding; and (2) the Action shall proceed as though the Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

05838531.3                                          6

The Oakhill Defendants retain all rights to assert that the Action may not be certified as a class action, other than for settlement purposes. Defendants further retain all rights to assert that the Action, as to the claims made regarding Oak Point, may not be certified as a class action, unless a settlement is reached as to those claims.

19.    **Class Representative and Class Counsel Designation.** For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Fairness Hearing, Plaintiff Barbara Craw is conditionally designated as representative of the Settlement Class and Class Counsel is conditionally appointed as counsel for the Settlement Class. Class Counsel is:

> Ethan Horowitz
> Northeast Justice Center
> 50 Island Street, Suite 203B
> Lawrence, MA 01840
> (978) 888-0624
> ehorowitz@njc-ma.org

20.    **Settlement Administrator Appointment.** The Court hereby appoints _____ as Settlement Administrator to supervise and administer the Class Notice as set forth in the Settlement Agreement, and for the other purposes set forth in the Settlement Agreement.

21.    **Preliminary Approval of the Settlement.** The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement. Based on this preliminary assessment, the Court finds that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range necessary for preliminary approval; (ii) the Settlement Agreement appears to have been negotiated, as far as the Court can discern at this time, in good faith at arm's length between experienced attorneys familiar with the

05838531.3                                    7

legal and factual issues of this case; and (iii) the Plan of Allocation is preliminarily approved, subject to further review at the Fairness Hearing. The Court therefore preliminarily approves the proposed Settlement as set forth in the Settlement Agreement.

22.    **Class Notice.** The Court further finds that: (i) the form and content of the Class Notice provides notice of the material terms of the Settlement Agreement to the Class Members for their consideration; and (ii) the procedure for providing the Class Notice to Class Members is the best practicable under the circumstances. The Court thus approves the form of, content of and notice plan for the Class Notice as set forth in the Settlement Agreement because the proposed notice plan: (i) meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, and shall constitute due, adequate, and sufficient notice to all persons entitled thereto; and (ii) is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under that Settlement, including but not limited to their right to submit a Request for Exclusion from the Damages Class and their right to object to the proposed Settlement. The Court further finds that the proposed notices to the Class are written in simple terminology, are readily understandable by Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices. No other notice to the Class is necessary other than that set forth in the Settlement Agreement. The Settlement Administrator shall provide the Class with Class Notice as set forth in the Settlement Agreement.

23.    **Requests for Exclusion; Consequences of Exclusion and Non-Exclusion.**

A.    The Injunctive Relief Class is mandatory and no Injunctive Relief Class Member may request exclusion from the Injunctive Relief Class. Any Damages Class Member who wishes to be excluded from the Damages Class must mail a written Request for Exclusion to the

Settlement Administrator at the address provided by the Class Notice (the address will also be available on the Settlement website, www. _____.com). The Request for Exclusion must be signed by the Damages Class Member and include the following to be valid: (i) the case name and number (*Craw, et al. v. Hometown America, LLC, et al.*, (No. 1:18-cv-12149-LTS)); (ii) the Damages Class Member's name, address, e-mail address (if any), and telephone number; (iii) a clear statement that the Damages Class Member wishes to be excluded from the Damages Class; and (iv) if represented by legal counsel, the name, address, e-mail address, and telephone number of that legal counsel. The Request for Exclusion must be sent by U.S. mail to the Settlement Administrator and postmarked on or before the Opt-Out Deadline. The Settlement Administrator's decision as to whether any Request for Exclusion is or is not timely or valid is final and binding.

B.    Any Damages Class Member who submits a timely and valid Request for Exclusion will not have standing to object to any monetary relief in the Settlement, shall be excluded from the Damages Class and shall receive no portion of the Class Benefit Fund, or any monetary relief provided in the Settlement Agreement, but shall be included in the Settlement Class as an Injunctive Relief Class Member and be bound by the Release as it applies to Injunctive Relief Class Members.

C.    Any Damages Class Member who is not excluded from the Damages Class by the filing of a timely and valid written Request for Exclusion by the Opt-Out Deadline, as approved by the Court, shall be bound by all subsequent proceedings, orders and judgment in this Action, including the Final Order and Judgment and its Release provisions, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against any Oakhill Defendant for any of the Released Claims.

05838531.3                                  9

D.      The Opt-Out List, identifying the Damages Class Members requesting exclusion from the Damages Class, shall be assembled by the Settlement Administrator and filed with the Court no later than fifteen (15) days prior to the Fairness Hearing.  The Settlement Administrator shall provide that Opt-Out List to Defendants' Counsel no later than fifteen (15) days after the Opt-Out Deadline.

E.      Any decision by the Oakhill Defendants to void the Settlement Agreement because of the number of timely and valid Requests for Exclusion received by the Settlement Administrator must be made by any Oakhill Defendant no later than ten (10) days prior to the Fairness Hearing.

24.     **Right to object and /or appear at Fairness Hearing.**

A.      Any Settlement Class Member who wishes to object to any aspect of the proposed Settlement must object in writing, and serve such objection by hand, first-class U.S. Mail (postage pre-paid), or overnight carrier to the Settlement Administrator at the address provided in the Settlement Notice by the Objection Deadline.  The objection must include the information required by the Settlement Notice to the Class, as also set forth in the Settlement Agreement. Objections that are untimely or otherwise not in compliance with the Settlement Agreement requirements may not be considered by this Court.

B.      Attendance by Settlement Class Members at the Fairness Hearing is not necessary.  Settlement Class Members do have the right to appear and show cause, if they have any, why the terms of the Settlement should not be given final approval by the Court. Such objection to the Settlement in person may be made by Settlement Class Members on their own or through an attorney hired at their own expense.

05838531.3                                         10

C.    Any Settlement Class Member who submits a timely objection and who also otherwise complies with the procedures for presenting objections as described above or in the Settlement Agreement, may appear at the Fairness Hearing in support of the objection. Settlement Class Members who intend to make an appearance at the Fairness Hearing must file a notice of intention to appear with the Court no later than fourteen (14) days prior to the date of the Fairness Hearing. If a Settlement Class Member hires an attorney to represent him/her/it, the attorney must: (1) file a notice of appearance with the Clerk of the Court no later than fourteen (14) days before the Fairness Hearing; and (2) send a copy of the notice of appearance to Class Counsel and Defendants' Counsel by U.S. mail to the addresses provided in the Settlement Notice (and also available on the Settlement website, www._____.com), postmarked no later than fourteen (14) days before the Fairness Hearing, and also by email.

D.    Unless otherwise permitted by the Court, a Settlement Class Member who appears at the Fairness Hearing, or his/her attorney, will be permitted to argue only those matters that were set forth in the timely and valid objection filed by such Settlement Class Member. Unless otherwise permitted by the Court, no Settlement Class Member, or attorney representing that Settlement Class Member, will be permitted to raise matters at the Fairness Hearing that the Settlement Class Members could have raised in such a written objection, but failed to do so, and all objections to the Settlement that are not set forth in such written objection will be deemed waived. Any Settlement Class Member or attorney who fails to comply with the applicable provisions of this Settlement Agreement, unless otherwise ordered by the Court, will be barred from appearing at the Fairness Hearing.

E.    Any Settlement Class Member or attorney representing him/her/it who fails to comply with the procedures for presenting objections or appearing at the Fairness Hearing as

05838531.3                                    11

described above or in the Settlement Agreement, unless otherwise ordered by the Court, will not be treated as filing a valid objection to the Settlement and shall waive and forfeit any and all rights he or she may have to submit a written objection or appear at the Fairness Hearing, and shall be bound by all the terms of the Settlement upon final approval and by all proceedings, orders and judgments, including, but not limited to, the Release and the Final Order and Judgment, in the Action.

F.     The Settling Oakhill Parties may file responses to objections with the Court within fourteen (14) days of the Fairness Hearing, unless otherwise directed by the Court.

25.     **Claim Forms.** The process and requirements for filing Claim Forms set forth in the Settlement Agreement are subject to the Court's review and final approval. The Court preliminarily approves that process and its requirements, including, but not limited to, the following: (1) only Entitled Damages Class Members (those Damages Class Members who do not file timely and valid Requests for Exclusion, but who do submit timely and valid Claim Forms as required by the Settlement Notice and the Settlement Agreement), will be entitled to a portion of the Class Benefit Fund; (2) if the Settlement Administrator requests from a Class Member or claimant sufficient proof of residency and/or any other documentation for a valid Claim Form, the Class Member/claimant must provide the proof of residency and/or documentation requested by the Settlement Administrator within ten (10) days of the request, or the claim will be denied; (3) the Settlement Administrator has sole, final and binding authority to determine whether a Claim Form is timely and valid; (4) the Settlement Administrator will pay only one Claim Form for each Entitled Damages Class Member; and (5) if more than one Claim Form is submitted for one Entitled Damages Class Member, then the Settlement Administrator

has sole, final, and binding authority to determine which Claim Form is valid and which Claim Form is not, and has the authority to request further documentation as proof of validity.

26.     **Fairness Hearing**. Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Fairness Hearing on _____, 2021, at ____ _.m., before the Honorable Leo T. Sorokin of the United States District Court for the District of Massachusetts, Courtroom 13 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to consider all objections to the Settlement that are timely and that otherwise comply with the requirement of the Settlement Agreement, and to determine the following:

a.     Whether the proposed Settlement Class meets all applicable requirements of the Federal Rule of Civil Procedure 23 and thus, the Class should be finally certified as a Rule 23(b)(2) Injunctive Relief Class and a Rule 23(b)(3) Damages Class for settlement purposes only;

b.     Whether the proposed Settlement and its Plan of Allocation are fair, reasonable, and adequate, were entered into in good faith and without collusion, and should be granted final approval;

c.     Whether Class Counsel's and Plaintiff Craw's respective requests for Attorney's Fees and Expenses and a Class Representative Award should be allowed;

d.     Whether a Final Order and Judgment, as proposed with the Settlement Agreement, should be entered;

e.     Whether the claims of Barbara Craw and the Settlement Class Members in the Action should be dismissed with prejudice (except that the individualized monetary relief claims of Damages Class Members who filed a timely and valid Request for Exclusion would be dismissed without prejudice);

05838531.3                                    13

f.    Whether the Settlement Class Members will be bound by the Release;

g.    Whether the Settlement Class Members will be subject to a permanent injunction that bars them (and anyone acting on their behalf) from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand, arbitration or proceeding in any jurisdiction that asserts any Released Claim; and

h.    Such other matters as the Court may deem appropriate.

The Court may adjourn or reschedule the Fairness Hearing, or order that the Fairness Hearing will be held via conference call or video conference, without further notice to the Settlement Class Members.  Any such order by this Court shall be posted by the Settlement Administrator on the Settlement website, www._____.com.

27.    **Motion for Attorney's Fees and Expenses.**  All requests for approval of payment of attorneys' fees and reimbursement of expenses, including Class Counsel's application for Attorneys' Fees and Expenses, shall be filed no later than 14 days before the Fairness Hearing.  Any objection to such requests shall be filed with this Court no later than 2 days before the Fairness Hearing.  Such requests will be heard at the time of the Fairness Hearing by the Court.  The Settlement Administrator shall post Class Counsel's request for Attorney's Fees and Expenses on the Settlement Website within three business days of the filing of such request with the Court.

28.    **Class Representative Award.**  Any request for approval of payment of a Class Representative Award to Plaintiff Barbara Craw shall be filed no later than 14 days before the Fairness Hearing.  Any objection to such request shall be filed with this Court no later than 2 days before the Fairness Hearing. Such request will be heard at the time of the Fairness Hearing by the Court. The Settlement Administrator shall post such request for a Class Representative

Award on the Settlement Website within three business days of the filing of such request with the Court.

29.    **Preliminary Injunction.**  Pending the Fairness Hearing and the issuance of a Final Order and Judgment in this Action, all members of the Settlement Class (and anyone acting on their behalf) are hereby preliminarily enjoined from commencing, maintaining, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief in any action, suit or proceeding before any court, tribunal (including arbitration) quasi-judicial administrative agency or other body in any jurisdiction, which asserts a Released Claim against any Oakhill Defendant.  Under the All Writs Act, the Court finds that issuance of this stay and preliminary injunction is necessary and appropriate in aid of this Court's jurisdiction over this Action.  The Court finds no bond is necessary for the issuance of this injunction.  This preliminary injunction remains effective until further order of the Court.  This preliminary injunction does not apply to past, current or future claims raised in the action *Blake, et al. v. Hometown America Communities, Inc., et al.*, currently on remand from the Commonwealth of Massachusetts Supreme Judicial Court, No. SJC-12902, to the Housing Court Department, Southeast Division—Taunton, No. 12H83CV00647TA, that relate to non-uniform rents under Mass. General Laws c. 140, § 32L(2).

30.    **Retaining Jurisdiction.**  The Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Class.

31.    **Miscellaneous.**

A.    All other events contemplated by the Agreement to occur after this Order and before the Fairness Hearing, including but not limited to all aspects of Settlement administration, shall be governed by the Agreement.

05838531.3                                                    15

B.    The Settling Oakhill Parties shall notify one another and work together to resolve matters involved in Settlement administration that materially affect the Settlement Class.

C.    This Court may order its final approval of the Settlement without further notice to the Class. Any amendments to the Settlement hereafter made do not require further notice to the Class if such amendments are consistent with this Preliminary Approval Order and do not limit the rights of Class Members.

D.    Neither this Preliminary Approval Order, nor the Agreement, nor any of the negotiations or proceedings connected therewith, contains, constitutes, reflects or implies any finding or conclusion by this Court, or any admission or concession by any Oakhill Defendant, of any fault, omission, liability, or wrongdoing on the part of any Oakhill Defendant. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in the Action or a determination of any wrongdoing by any Oakhill Defendant. This Preliminary Approval Order does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims of Barbara Craw and the Settlement Class Members or the defenses of any Oakhill Defendant.

E.    The Settlement Administrator shall place this Order on the Settlement website, www._____.com, within ___ days after this Order is entered. The Settlement Administrator should also place on such website the Settlement Agreement and its exhibits, the Motion for Preliminary Approval and its exhibits, the Final Order and Judgment, if any, any Court order ruling on any motion for final approval of the Settlement, and any other document required herein or deemed necessary to post by Class Counsel and Defendants' Counsel.

F.    **Deadlines.** The deadlines outlined below govern further action:

- Deadline for Settlement Administrator to mail and e-mail Class Notice: _____, 2021 (within 30 days after issuance of this Order).

- Deadline for Settlement Administrator to publish Publication Notice to the Class: _____, 2021 (within 30 days after issuance of this Order).

- Deadline for a member of the Damages Class to submit a Request for Exclusion from the Damages Class ("Opt-Out Deadline"): _____, 2021 (within 90 days after issuance of this Order).

- Deadline to Object ("Objection Deadline"): _____, 2021 (within 90 days after issuance of this Order).

- Claim Form Deadline: _____, 2021 (within 120 days after issuance of this Order).

- Deadline to file list of opt-outs with the Court: 15 days prior to the Fairness Hearing.

- Notices of Appearance at the Fairness Hearing: no later than 14 days prior to the Fairness Hearing.

- Deadline to file requests for Attorneys' Fees and Expenses and Class Representative Award: no later than 14 days prior to the Fairness Hearing.

- Deadline to file Motion for Final Approval: 10 days prior to the Fairness Hearing.

- Fairness Hearing: _____ a.m/p.m. _____, 2021 (no earlier than 120 days from this Order).

**IT IS HEREBY ORDERED**

Dated: _____, 2021

_____
HONORABLE LEO T. SOROKIN
UNITED STATES DISTRICT COURT JUDGE

# SUB-EXHIBIT F

# EXHIBIT F

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BARBARA CRAW, et al.,                    )
                                         )
    Plaintiffs,                          )
                                         )
v.                                       )          Civil Action No. 18-12149-LTS
                                         )
HOMETOWN AMERICA, LLC, et al.,           )
                                         )
    Defendants.                          )

## FINAL ORDER AND JUDGMENT

Plaintiff Barbara Craw ("Plaintiff" or "Class Representative") has submitted an Unopposed Motion for Final Approval of Settlement Agreement (the "Final Approval Motion"), which seeks final approval of the Settling Oakhill Parties' Stipulation of Settlement (the "Settlement", "Settlement Agreement", or "Agreement"), which is filed as D.E. __, and all exhibits thereto, including, but not limited to, the Plan of Allocation. The Settlement Agreement is entered into by Plaintiff, both individually and as Class Representative, and Defendants Hometown America, LLC, Hometown America Management, LLC, and Hometown Oakhill, LLC (the defendants are collectively the "Oakhill Defendants") (the Oakhill Defendants jointly with Barbara Craw, both individually and as Class Representative, are the "Settling Oakhill Parties"). In addition, Class Counsel, attorney Ethan Horowitz, has submitted a motion for Attorney's Fees and Expenses, and a motion for Class Representative Award. Subject to the terms and conditions set forth below, this Court hereby enters this Final Order and Judgment.

On these motions, pursuant to Fed. R. Civ. P. 54(b), and subject to the terms and conditions set forth below, this Court enters this final order approving the class action Settlement and directs entry of this judgment of dismissal of all claims pertaining to the Oakhill

05787176.8                               1

Manufactured Housing Community in Attleboro, Massachusetts ("Final Order and Judgment") and expressly determines that there is no just reason for delay. Except as otherwise expressly specified below in ¶9, this Final Order and Judgment dismisses all claims of Barbara Craw (made individually and as Class Representative) and the Settlement Class against the Oakhill Defendants from the Action on the merits, with prejudice, and without costs.

This Court preliminarily approved the Agreement by Preliminary Approval Order dated _____ ECF#____. The Settlement Administrator, _____, has advised the Court by declaration that it completed notice to the Class, as set forth in the Settlement Agreement.

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Agreement, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits. The Court held a Fairness Hearing on _____, at which the Court heard the Settling Oakhill Parties with respect to the proposed Settlement, and at which the Court gave any Class Member, who objected to the Settlement pursuant to the requirements set forth in the Agreement, the opportunity to be heard.

Based on the papers filed with the Court and the presentations made to the Court at the Fairness Hearing, the Court finds that the Agreement is fair, adequate, and reasonable, in accordance with Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. In addition, the Court deems it appropriate to make an award of reasonable Attorney's Fees and Expenses to Class Counsel, and a reasonable Class Representative Award to Barbara Craw. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

05787176.8                                    2

1.    This Final Order and Judgment incorporates by reference all definitions in the Agreement.  All terms and phrases, including but not limited to capitalized terms and phrases, used in this Final Order and Judgment shall have the same meanings set forth in the Agreement.

2.    The Court has jurisdiction over the subject matter of the Action and, for purposes of this Settlement only, over all Settling Oakhill Parties, including but not limited to all Settlement Class Members.

3.    The Settling Oakhill Parties dispute the validity of Plaintiff's claims, with respect to liability and class certification, as well as the Plaintiff's requests for relief as presented in the Action.  Their dispute underscores not only the uncertainty of the outcome, but also why this Court finds the Agreement to be fair, reasonable, just, and adequate and in the best interests of Settlement Class Members, insofar as Settlement Class Members would face substantial litigation in pursuing their claims and through the expected appeals.

4.    Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court grants final certification of the following Injunctive Relief Class for purposes of settlement only:

> All current and former residents of the Oakhill Manufactured Housing Community, who resided there at any point between September 25, 2012 and _____, 2021 [date Settlement Agreement was signed].

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court grants final certification of the following Damages Class for purposes of settlement only:

> All current and former residents of the Oakhill Manufactured Housing Community, who resided there at any point between September 25, 2012 and _____, 2021 [date Settlement Agreement was signed].

05787176.8                                        3

The Court hereby approves the Opt-Out List filed with the Court by the Settlement Administrator. Any person or entity listed on the Opt-Out List is not a Damages Class Member. The Settlement Class and the Settlement Class Members means: (1) all Class Members in the Injunctive Relief Class, and (2) all Class Members in the Damages Class who are not listed on the Opt-Out List.

5. For settlement purposes only, this Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, and more specifically that: (a) the Settlement Class, as defined above, is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) as to the 23(b)(3) Damages Class, the questions of law or fact common to Damages Class Members predominate over the questions affecting only individual members, (f) as to the Rule 23(b)(3) Damages Class, certification of the Damages Class is superior to other available methods for the fair and efficient adjudication of the controversy; and (g) as to the Rule 23(b)(2) Injunctive Relief Class, the Oakhill Defendants have acted or not acted, in respect to those matters that are the subject of claims in the Action, on grounds that apply generally to the Injunctive Relief Class, and the Injunctive Relief provides a single injunction to each member of the Class and to the Class as a whole.

6. Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator distributed notice to the Settlement Class using U.S. Mail, e-mail, and publication methods. The Court has determined that the notice given to members of the Settlement Class: (a) complied with the Preliminary Approval Order and the Settlement Agreement; (b) fully and accurately

informed members of the Settlement Class of all material elements of the proposed Settlement, the Fairness Hearing, and all other matters explained in the Class Notice; (c) constituted valid, due, and sufficient notice to all members of the Settlement Class; (d) fully complied with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, due process required by the United States Constitution, and applicable law; and (e) was the best notice practicable under the circumstances. The Court also concludes that the Oakhill Defendants gave proper notice under the Class Action Fairness Act, 28 U.S.C. §1715.

7.    The Court, having considered the relevant submissions, including Plaintiff's Final Approval Motion, finds that the Settlement, on the terms and conditions set forth in the Settlement Agreement, and its Plan of Allocation, is in all respects fair, just, reasonable, adequate, and in the best interest of the Settlement Class, when balanced against the probable outcome of further litigation. The Court finds that the Agreement is the product of good faith, arm's-length negotiations by the Settling Oakhill Parties, with the substantial involvement of an independent, nationally-respected mediator, and that each of the Settling Oakhill Parties was represented by experienced counsel. The Court further finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel. At the time the Settlement was negotiated, counsel were reasonably able to evaluate their respective positions. The Settlement will avoid substantial additional costs to the Settling Oakhill Parties, as well as the delay and risks that would be presented by further prosecution of the litigation. The Court held a Fairness Hearing, and the Settlement Administrator advised the Court that ___ Settlement Class Members are on the Opt-Out List, and that ___ Settlement Class Members filed objections to the Settlement. The Court therefore grants final approval of the Settlement and its Plan of

Allocation in accordance with the terms of the Agreement. In so finding, the Court has considered and overruled the objections of any Settlement Class Member.

8.     The Court orders the Settling Oakhill Parties and the Settlement Administrator to perform their obligations as set forth above and as otherwise set forth under the Agreement.

9.     The Court dismisses the claims of Barbara Craw and the Settlement Class Members against the Oakhill Defendants from the Action on the merits and with prejudice, except that the individualized monetary claims of Damages Class Members identified on the Opt-Out List shall be dismissed without prejudice. This dismissal is without costs to any of the Settling Oakhill Parties, except as specifically provided in the Agreement. There is no just reason for delay under Fed. R. Civ. P. 54(b), and this Final Order and Judgment dismissing the claims of Barbara Craw and the Settlement Class Members shall be final and subject to appeal, with the time to appeal running from the date of this Final Order and Judgment.

10.    This Final Order and Judgment, and the Release set forth herein and in the Settlement Agreement, is binding on all Settlement Class Members. The Court hereby specifically approves and incorporates herein by reference the Release and all other terms set forth in Section IX of the Agreement.

11.    Barbara Craw, the Settlement Class Members, and any Releasor, and anyone acting on behalf of any of them, are permanently barred and enjoined from filing, commencing, maintaining, prosecuting, intervening in, continuing, participating in as class members or otherwise, or receiving any benefits or other relief in, any action, suit or proceeding before any court, tribunal (including arbitration), quasi-judicial administrative agency, or other body in any jurisdiction against any Releasee concerning any Released Claim.

05787176.8                                    6

12.    The Class Representative and all Settlement Class Members shall be deemed, to the extent provided in the Agreement, to have forever, fully and irrevocably released and discharged the Oakhill Defendants and the other Releasees from all Released Claims as provided in Section IX of the Agreement.

13.    The Court hereby specifically approves the Injunctive Relief specifically set forth in Section III(C) of the Agreement, and declares that such relief is binding on the Settling Oakhill Defendants and all members of the Injunctive Relief Class, according to its stated terms.

14.    Without impacting the finality of this Final Order and Judgment in any way, the Court retains continuing and exclusive jurisdiction over the Settling Oakhill Parties as to this Agreement, including the Oakhill Defendants, Plaintiff and all Settlement Class Members, and any Releasor, and anyone representing them or acting on their behalf, for purposes of the administration, implementation, interpretation, enforcement, and consummation of the Agreement, including without limitation any issues concerning the Injunctive Relief. Any Settling Oakhill Party may seek from this Court such further orders or process as may be necessary to (a) prevent, forestall, or remedy the assertion of any of the Released Claims set forth in the Agreement, in any other forum, (b) to enforce the mandates in the Injunctive Relief as set forth in the Agreement, consistent with the procedures specified therein, or (c) as may be otherwise necessary to protect and effectuate the Settlement and this Final Order and Judgment.

15.    The Plaintiff and Class Counsel have moved for an award of Attorney's Fees and Expenses in the amount of $162,500. The Court approves Class Counsel's request for Attorney's Fees and Expenses in the amount of $_____, finding that amount to be fair and reasonable, to be paid by the Oakhill Defendants within thirty (30) days after the Final Settlement Date provided in the Agreement.

16. The Plaintiff and Class Counsel have moved for a Class Representative Award for Barbara Craw in the amount of $17,500. The Court approves the request for a Class Representative Award in the amount of $_____, finding that amount to be fair and reasonable, to be paid by the Oakhill Defendants within thirty (30) days after the Final Settlement Date provided in the Agreement.

17. Neither this Final Order and Judgment nor the Agreement contains, constitutes, reflects or implies any finding or conclusion by this Court, or any admission or concession by any Oakhill Defendant, of any fault, omission, liability, or wrongdoing on the part of any Oakhill Defendant. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in the Action or a determination of any wrongdoing by any Oakhill Defendant. The final approval of the Agreement does not constitute any opinion, position, or determination of this Court, any way or the other, as to the merits of the claims of Barbara Craw and the Settlement Class Members or the defenses of any Oakhill Defendant.

18. Class Counsel informed this Court of his belief that this Settlement is fair, reasonable, just and adequate. The Court finds that Class Counsel is experienced in this area and in class action litigation, that he conducted sufficient discovery to determine whether the Settlement was fair to the Settlement Class, and that his judgment is entitled to weight.

19. The Releasees may file or otherwise refer to the Agreement and/or this Final Order and Judgment in any action that may be brought against them to support a defense based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, set-off, or any other theory of claim preclusion or issue preclusion or similar defense.

20. If an appeal, writ proceeding, or other challenge is filed as to this Final Order and Judgment, and if thereafter the Final Order and Judgment is not ultimately upheld, all orders

entered, facts found, determinations and stipulations made, in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

**IT IS HEREBY ORDERED,** on this the _____ day of _____, 2021.

 

 

_____
HONORABLE LEO T. SOROKIN
UNITED STATES DISTRICT COURT JUDGE

# SUB-EXHIBIT G



## EXHIBIT G

# HOMETOWN AMERICA
## C O M M U N I T I E S

# Oakhill Stormwater Management System
# Operation & Maintenance Program Document

(current as of February 2021)

## Overview

The Oakhill Stormwater Management System Operation & Maintenance Program Document is designed to aid and instruct in the routine inspection, operation, and maintenance of all components of the stormwater management system at the Oakhill manufactured housing community in Attleboro, Massachusetts. The program is based on the site-specific guidance provided by a professional civil engineer who has reviewed the stormwater management system in place at Oakhill.

This document is organized into five sections, as follows: (1) a description of all components of the Oakhill stormwater management system; (2) a description of the general procedures and recommended schedules to be used for routine inspections and maintenance of each system component; (3) a description of secondary stormwater management procedures; (4) a summary table showing the proposed frequency for specified maintenance activities, for convenience reference and to facilitate scheduling; and (5) a reference to documentation practices intended to facilitate confirmation of compliance with the goals of the program.

It is important to note that certain routine maintenance activities for some system components may be done on an "as-needed" basis, based on observed site-specific conditions, while certain other routine maintenance activities should be done on a set schedule regardless of site-specific observations. These considerations are explained below, and summarized in the table in Section 4.

## 1. STORMWATER MANAGEMENT SYSTEM COMPONENTS

The components of the Oakhill stormwater management system are described below, and the locations of the structural components are shown on the attached site plan.

### Drainage Channels/Swale

Drainage channels are vegetated swales designed to convey stormwater runoff safely and efficiently to other stormwater system components in a non-corrosive manner. In

order to maintain bank and slope integrity, a drainage channel is to be vegetated with grasses.

## Catch Basins

Catch basins are installed with the purpose of removing trash, debris, and coarse sediment that accumulates in stormwater runoff, as well as to enable the conveyance of stormwater runoff to other locations within a system. These structures serve as temporary spill containment devices for potential contaminants such as oil and grease. According to the Massachusetts Stormwater Handbook, catch basins must be equipped with hoods to obtain the regulatory 25% removal credit for total suspended solids (TSS). Hoods on catch basins also help contain oil spills.

## Infiltration/Retention Structures

Subsurface structures are system components that are installed underground with the purpose of infiltrating the stormwater runoff into the groundwater through crushed stone and gravel. The benefits of a subsurface structure include providing groundwater recharge, reducing downstream flooding, and the removal of pollutants within the stormwater runoff. According to the Massachusetts Stormwater Handbook, the most common subsurface structures include pre-cast concrete or plastic pits, chambers, perforated pipes, and galleys.

## Outlet Structures

Outlet structures within a stormwater management system are used with the intent to control the flow of stormwater discharged to a conveyance system. The use of outlet structures is important to control and dissipate flow velocities, in order to minimize erosion and other characteristics that hinder the efficiency of the stormwater system.

## Yard And Trench Drains

Site-specific yard and trench drains are installed in open areas, to improve site conditions and/or to move surplus surface water to street drains.

## 2.    MAINTENANCE SCHEDULE AND PROCEDURE

## Drainage Channels/Swales

Drainage channels should be inspected for the first few months after construction in order to ensure proper function and twice a year thereafter. Inspection is recommended to

include ensuring slope integrity, soil moisture, vegetative health, soil stability, soil compaction, soil erosion, ponding, and sediment accumulation are not affecting the efficiency of the channel. For the highest efficiency, grass coverage within drainage channels around three to six inches is optimal so mowing should be done as necessary and removal of sediment is recommended to be completed once per year. Due to use of road salt and other deicers during the winter months, the need to reseed drainage channels is recommended to be evaluated yearly during the spring months. Other regular maintenance of drainage channels include fertilizing, liming, watering, pruning, weeding, and pest control. Each condition is evaluated on a case-by-case basis for applicability. Temporary ponding within drainage channels is normal and can develop over time. Each area should be reviewed twice annually and duration of ponding should be noted. Cleaning of drainage channels is subject to site-specific review, and drainage channels may not require cleaning if the conditions observed during regular inspections do not indicate a need for such cleanings.

## Catch Basins

For catch basins, frequent inspections are essential for maintaining the efficiency of the entire stormwater system. In order to maximize the opportunities for pollutant removal within catch basins, they are recommended to be inspected four times per year. While they are recommended to be cleaned annually, they should also be cleaned upon inspection if and when the depth of deposits within the catch basin are found to be greater than or equal to half the depth from the bottom of the invert to the lowest point in the basin as well as at the end of the foliage and snow removal seasons. Clamshell buckets may be used to remove sediment from catch basins but it is recommended to use a vacuum truck due to the higher efficiency of removal. Cleaning of catch basins is subject to site-specific review, and catch basins may not require cleaning if the conditions observed during regular inspections do not indicate a need for such cleanings.

## Drain Manholes

Drain manholes should be inspected for damage to the cover as well as signs of infiltration or inflow at the inlet pipes and bottom of the structure. During inspection, sediment buildup should be noted and removed as necessary. Inspections of drain manholes should be conducted during dry weather. The frequency of such inspections and cleanings of drain manholes should be reviewed annually and adjusted based on experience over time and in light of site-specific conditions.

## Infiltration/Retention Structures

Due to the location of subsurface structures, inspection, and maintenance can be difficult, and site-specific feasibility considerations may impact the maintenance plan. Inlets of

3

subsurface structures are recommended to be inspected once annually and any debris present which might cause the structure to clog should be removed on those occasions. Cleaning of subsurface structures is subject to site-specific review, and subsurface structures may not require cleaning if the conditions observed during regular inspections do not indicate a need for such cleanings, or if cleanings are not practically feasible and the structures have been performing as designed since the last inspection. Cleaning of a subsurface structure can be performed using a JetVac process or clamshell removal as allowable based on reasonable access.

**Outlet Structures**

It is recommended that outlet structures be inspected for sediment buildup as well as any signs of clogging once annually. Removal of sediment, trash, and debris should be completed as necessary to ensure proper efficiency of the outlet structures. Outlet control structures should be inspected and maintained in strict accordance to the manufacturer's specifications. Consistent with manufacturer inspection specifications, all pipe joints in connection with the outlet structure, trash racks, and covers should also be checked for damage and repaired as necessary. Cleaning of outlet structures is subject to site-specific review, and outlet structures may not require cleaning if the conditions observed during regular inspections do not indicate a need for such cleanings. During inspection of an outlet structure, any debris trapped in small orifices or trash racks that may create a micro-pool of standing water should be removed to protect against mosquito breeding (see mosquito protection).

**Yard and Trench Drains**

It is recommended that these structures be inspected for sediment buildup as well as any signs of clogging four times per year. Removal of sediment, trash, and debris should be completed as necessary to ensure proper efficiency of the structures.  In addition, in connection with routine lawn mowing, the grass and turf areas should be routinely edged away from the inlet structures to maintain flow rates into drains.


## 3. SECONDARY STORMWATER MANAGEMENT PROCEDURES

**Roadway Sweeping**

Roadway sweeping is recommended to be completed once per year in the early spring. More frequent sweeping should be completed when conditions such as sediment build up are observed in the roadways. Sweeping is to be completed following the spring thaw to remove any road salt or other deicers used during the winter months. Roadway

4

sweeping is recommended to be completed by sweeper trucks in order to ensure the highest efficiency of removal of sediment along the roadways.

## Mosquito Control

It is recommended by the U.S. EPA that stormwater treatment practices dewater within 72 hours to minimize the number of mosquitos that mature to adults since the aquatic stage of many species is 7 to 10 days. Measures to minimize the mosquito population include increasing water circulation, attracting mosquito predators by adding suitable habitats, and applying larvicides. In addition, the minimization of standing water on site is also a suitable practice to reduce the mosquito population. The mosquito population can also be reduced significantly through the selection of stormwater management structures that are unlikely to become breeding grounds. Mosquito control shall be performed only if visual evidence supports need. Treatment shall include use of accepted pesticides outlined in the Massachusetts Stormwater policy. The preferred treatment is the use of Bacillus sphaericus (Bs) spread by hand broadcast. Treatment should be conducted during or immediately after wet weather.

## Wetlands Protocol

The wetlands protection regulations promulgated by the Massachusetts Department of Environmental Protection, 310 CMR 10.00, are intended to serve the interests of protecting public and private water supply, protecting groundwater supply, managing flood control, preventing storm damage, preventing pollution, protecting land containing shellfish, protecting fisheries, and protecting wildlife habitats. Within 310 CMR 10.00, it is stated that a buffer zone of 100 feet is established around any freshwater wetland where no activity may be completed without approval from issuing authorities. According to 310 CMR 10.04(b)(7), there are minor activities that do not need prior approval including "the cleaning, clearing, grading, repairing, dredging, or restoring of existing man-made or natural water management systems such as reservoirs, farm ponds, irrigation systems, field ditches, cross ditches, canals/channels, grass waterways, dikes, sub-surface drainage systems, watering facilities, water transport systems, vents, and water storage systems, all in order to provide drainage, prevent erosion, provide more effective use of water, or conditions for ongoing growth or raising of agricultural commodities". The maintenance protocol stated within this Operation & Maintenance Program falls under this provision, and therefore no prior regulatory approval is needed to perform the specified maintenance activities. However, all activities should be performed using the least invasive methods and performed by qualified contractors who implement appropriate work protocols adjacent to wetland resource areas.

5

## 4. SUMMARY OF MAINTENANCE ACTIVITIES AND SCHEDULE

| System Component | Maintenance Activity | Recommended Frequency |
|---|---|---|
| Drainage Channels/Swales | Inspection | Following construction, and then twice annually |
| | Cleaning (removal of sediment) | Once annually, plus as needed based on twice-a-year inspections |
| | Evaluation of need for re-seeding | Once annually, in the spring |
| | Mowing, fertilizing, liming, watering, pruning, weeding, and pest control | As needed |
| Catch Basins | Inspection | Four times annually |
| | Cleaning | Once annually, plus as needed based on quarterly inspections |
| Drain Manholes | Inspection and cleaning | Consider doing each year during dry weather, and establish semi-regular frequency based on experience |
| Infiltration/Retention Structures | Inspection | Once annually for inlets, and other subsurface structures components |
| | Cleaning (removal of debris) | As needed based on performance observations and feasibility considerations |
| Outlet Structures | Inspection | Once annually |
| | Cleaning (removal of debris) | As needed based on once annual inspections |
| Yard and Trench Drains | Inspection | Four times annually |
| | Cleaning | As needed based on quarterly inspections |
| | Turf edging | During routine mowing, as needed |

The above-listed maintenance activities are the responsibility of and will be performed by or on behalf of Oakhill with the following exceptions:

6

- The residents, and not Oakhill, are responsible for the as-needed mowing, pruning, and weeding of all drainage channels and swales at their respective home sites; and
- The residents, and not Oakhill, are responsible for the as-needed turf-edging, during routine mowing, of all yard and trench drains at their respective home sites.

Nothing in this document is intended or shall be construed to alter the allocation of maintenance responsibilities, as between the residents and Oakhill, established by the Oakhill Guidelines for Community Living (Rules & Regulations), including without limitation the provision therein for "Maintenance of Site," which states as follows: "All residents shall keep their sites neat, clean, and free from yard waste, dead brush, garbage, and other refuse. Lawns and shrubs should be kept mowed and trimmed to prevent them from appearing overgrown."

## 5. DOCUMENTATION

It is recommended that a documentary record of routine inspections and cleanings of stormwater system components be created and maintained. Such records can provide helpful reference information for purposes of routine maintenance scheduling, and for periodic assessments of the maintenance program and any associated adjustments of implementation practices.

Attachment (Site Plan)

4839-2862-4093, v. 1

7

