UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA CRAW, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 18-12149-LTS |
| HOMETOWN AMERICA, LLC, et al., | ) ) ) |
| Defendants. | ) |

## [Proposed] FINAL ORDER AND JUDGMENT

The Settling Oak Point Parties have submitted a Joint Motion for Final Approval of Settlement Agreement (the "Final Approval Motion"), which seeks final approval of the Settling Oak Point Parties' Stipulation of Settlement (the "Settlement", "Settlement Agreement", or "Agreement"), which is filed as D.E. 228-1, and all exhibits thereto, including, but not limited to, the Plan of Allocation. The Settlement Agreement is entered into by Plaintiff Joan Shurtleff, both individually and as Class Representative (the "Plaintiff" or "Class Representative"), and Defendants Hometown America, LLC, Hometown America Management, LLC, Hometown Oak Point I, LLC, and Hometown Oak Point II, LLC (the defendants are collectively the "Oak Point Defendants") (the Oak Point Defendants jointly with Joan Shurtleff, both individually and as Class Representative, are the "Settling Oak Point Parties"). In addition, Class Counsel, attorney Ethan Horowitz, has submitted a motion for Attorney's Fees and Expenses, and a motion for Class Representative Award. Subject to the terms and conditions set forth below, this Court hereby enters this Final Order and Judgment.

On these motions, subject to the terms and conditions set forth below, this Court enters this final order approving the class action Settlement and directs entry of this judgment of dismissal of

all claims pertaining to the Oak Point Manufactured Housing Community in Middleborough, Massachusetts ("Final Order and Judgment"). Except as otherwise expressly specified below in ¶9, this Final Order and Judgment dismisses all claims of Joan Shurtleff (made individually and as Class Representative) and the Settlement Class against the Oak Point Defendants from the Action on the merits, with prejudice, and without costs.

This Court preliminarily approved the Agreement by Preliminary Approval Order dated July 25, 2022 ECF# 233. The Settlement Administrator, _____, has advised the Court by declaration that it completed notice to the Class, as set forth in the Settlement Agreement.

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Agreement, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits. The Court held a Fairness Hearing on January 26, 2023, at which the Court heard the Settling Oak Point Parties with respect to the proposed Settlement, and at which the Court gave any Class Member, who objected to the Settlement pursuant to the requirements set forth in the Agreement, the opportunity to be heard.

Based on the papers filed with the Court and the presentations made to the Court at the Fairness Hearing, the Court finds that the Agreement is fair, adequate, and reasonable, in accordance with Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. In addition, the Court deems it appropriate to make an award of reasonable Attorney's Fees and Expenses to Class Counsel, and a reasonable Class Representative Award to Joan Shurtleff. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Final Order and Judgment incorporates by reference all definitions in the Agreement. All terms and phrases, including but not limited to capitalized terms and phrases, used in this Final Order and Judgment shall have the same meanings set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Action and, for purposes of this Settlement only, over all Settling Oak Point Parties, including but not limited to all Settlement Class Members.

3. The Settling Oak Point Parties dispute the validity of Plaintiff's claims, with respect to liability and class certification, as well as the Plaintiff's requests for relief as presented in the Action. Their dispute underscores not only the uncertainty of the outcome, but also why this Court finds the Agreement to be fair, reasonable, just, and adequate and in the best interests of Settlement Class Members, insofar as Settlement Class Members would face substantial litigation in pursuing their claims and through the expected appeals.

4. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court grants final certification of the following Injunctive Relief Class for purposes of settlement only:

> All Current Residents and Former Residents, who resided at the Oak Point Manufactured Housing Community at any point between September 25, 2012 and July 21, 2022 [date Settlement Agreement was signed], and all Eligible Future Residents.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court grants final certification of the following Damages Class for purposes of settlement only:

> All Current Residents and Former Residents, who resided at the Oak Point Manufactured Housing Community at any point between September 25, 2012 and July 21, 2022 [date Settlement Agreement was signed]. This Damages Class

expressly excludes all Eligible Future Residents (as they are eligible for only the Injunctive Relief provided by the Settlement).

The Court hereby approves the Opt-Out List filed with the Court by the Settlement Administrator. Any person or entity listed on the Opt-Out List is not a Damages Class Member. The Settlement Class and the Settlement Class Members means: (1) all Class Members in the Injunctive Relief Class, and (2) all Class Members in the Damages Class who are not listed on the Opt-Out List.

5. For settlement purposes only, this Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, and more specifically that: (a) the Settlement Class, as defined above, is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) as to the 23(b)(3) Damages Class, the questions of law or fact common to Damages Class Members predominate over the questions affecting only individual members, (f) as to the Rule 23(b)(3) Damages Class, certification of the Damages Class is superior to other available methods for the fair and efficient adjudication of the controversy; and (g) as to the Rule 23(b)(2) Injunctive Relief Class, the Oak Point Defendants have acted or not acted, in respect to those matters that are the subject of claims in the Action, on grounds that apply generally to the Injunctive Relief Class, and the Injunctive Relief provides a single injunction to each member of the Class and to the Class as a whole.

6. Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator distributed notice to the Settlement Class using U.S. Mail, e-mail, and publication methods. The Court has determined that the notice given to members of the Settlement Class: (a) complied with

the Preliminary Approval Order and the Settlement Agreement; (b) fully and accurately informed members of the Settlement Class of all material elements of the proposed Settlement, the Fairness Hearing, and all other matters explained in the Class Notice; (c) constituted valid, due, and sufficient notice to all members of the Settlement Class; (d) fully complied with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, due process required by the United States Constitution, and applicable law; and (e) was the best notice practicable under the circumstances. The Court also concludes that the Oak Point Defendants gave proper notice under the Class Action Fairness Act, 28 U.S.C. §1715.

7. The Court, having considered the relevant submissions, including the Settling Oak Point Parties' Final Approval Motion, finds that the Settlement, on the terms and conditions set forth in the Settlement Agreement, and its Plan of Allocation, are in all respects fair, just, reasonable, adequate, and in the best interest of the Settlement Class, when balanced against the probable outcome of further litigation. The Court finds that the Agreement is the product of good faith, arm's-length negotiations by the Settling Oak Point Parties, with the substantial involvement of an independent, nationally-respected mediator, and that each of the Settling Oak Point Parties was represented by experienced counsel. The Court further finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel. At the time the Settlement was negotiated, counsel were reasonably able to evaluate their respective positions. The Settlement will avoid substantial additional costs to the Settling Oak Point Parties, as well as the delay and risks that would be presented by further prosecution of the litigation. The Court held a Fairness Hearing, and the Settlement Administrator advised the Court that _10_ Settlement Class Members are on the Opt-Out List, and that _1_ Settlement Class Members filed objections to the Settlement. The Court therefore grants final approval of the Settlement and its Plan of Allocation

in accordance with the terms of the Agreement. In so finding, the Court has considered and overruled the objections of any Settlement Class Member.

8. The Court orders the Settling Oak Point Parties and the Settlement Administrator to perform their obligations as set forth above and as otherwise set forth under the Agreement.

9. The Court dismisses the claims of Joan Shurtleff and the Settlement Class Members against the Oak Point Defendants from the Action on the merits and with prejudice, except that the individualized monetary claims of Damages Class Members identified on the Opt-Out List shall be dismissed without prejudice. This dismissal is without costs to any of the Settling Oak Point Parties, except as specifically provided in the Agreement. This Final Order and Judgment dismissing the claims of Joan Shurtleff and the Settlement Class Members shall be final and subject to appeal, with the time to appeal running from the date of this Final Order and Judgment.

10. This Final Order and Judgment, and the Release set forth herein and in the Settlement Agreement, is binding on all Settlement Class Members. The Court hereby specifically approves and incorporates herein by reference the Release and all other terms set forth in Section IX of the Agreement.

11. Joan Shurtleff, the Settlement Class Members, and any Releasor, and anyone acting on behalf of any of them, are permanently barred and enjoined from filing, commencing, maintaining, prosecuting, intervening in, continuing, participating in as class members or otherwise, or receiving any benefits or other relief in, any action, suit or proceeding before any court, tribunal (including arbitration), quasi-judicial administrative agency, or other body in any jurisdiction against any Releasee concerning any Released Claim.

12. The Class Representative and all Settlement Class Members shall be deemed, to the extent provided in the Agreement, to have forever, fully and irrevocably released and discharged

the Oak Point Defendants and the other Releasees from all Released Claims as provided in Section IX of the Agreement.

13.   The Court hereby specifically approves the Injunctive Relief specifically set forth in Section III(C) of the Agreement, and declares that such relief is binding on the Settling Oak Point Defendants and all members of the Injunctive Relief Class, according to its stated terms.

14.   Without impacting the finality of this Final Order and Judgment in any way, the Court retains continuing and exclusive jurisdiction over the Settling Oak Point Parties as to this Agreement, including the Oak Point Defendants, Plaintiff and all Settlement Class Members, and any Releasor, and anyone representing them or acting on their behalf, for purposes of the administration, implementation, interpretation, enforcement, and consummation of the Agreement, including without limitation any issues concerning the Injunctive Relief. Any Settling Oak Point Party may seek from this Court such further orders or process as may be necessary to (a) prevent, forestall, or remedy the assertion of any of the Released Claims set forth in the Agreement, in any other forum, (b) to enforce the mandates in the Injunctive Relief as set forth in the Agreement, consistent with the procedures specified therein, or (c) as may be otherwise necessary to protect and effectuate the Settlement and this Final Order and Judgment.

15.   The Plaintiff and Class Counsel have moved for an award of Attorney's Fees and Expenses in the amount of $1,000,000. The Court approves Class Counsel's request for Attorney's Fees and Expenses in the amount of $1,000,000.00 [handwritten], finding that amount to be fair and reasonable, to be paid by the Oak Point Defendants within thirty (30) days after the Final Settlement Date provided in the Agreement.

16.   The Plaintiff and Class Counsel have moved for a Class Representative Award for Joan Shurtleff in the amount of $25,000. The Court approves the request for a Class Representative

Award in the amount of $25,000 finding that amount to be fair and reasonable, to be paid by the Oak Point Defendants within thirty (30) days after the Final Settlement Date provided in the Agreement.

17. Neither this Final Order and Judgment nor the Agreement contains, constitutes, reflects or implies any finding or conclusion by this Court, or any admission or concession by any Oak Point Defendant, of any fault, omission, liability, or wrongdoing on the part of any Oak Point Defendant. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in the Action or a determination of any wrongdoing by any Oak Point Defendant. The final approval of the Agreement does not constitute any opinion, position, or determination of this Court, any way or the other, as to the merits of the claims of Joan Shurtleff and the Settlement Class Members or the defenses of any Oak Point Defendant.

18. Class Counsel informed this Court of his belief that this Settlement is fair, reasonable, just and adequate. The Court finds that Class Counsel is experienced in this area and in class action litigation, that he conducted sufficient discovery to determine whether the Settlement was fair to the Settlement Class, and that his judgment is entitled to weight.

19. The Releasees may file or otherwise refer to the Agreement and/or this Final Order and Judgment in any action that may be brought against them to support a defense based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, set-off, or any other theory of claim preclusion or issue preclusion or similar defense.

20. If an appeal, writ proceeding, or other challenge is filed as to this Final Order and Judgment, and if thereafter the Final Order and Judgment is not ultimately upheld, all orders entered, facts found, determinations and stipulations made, in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

**IT IS HEREBY ORDERED,** on this the 26th day of January, 2023

_____
HONORABLE LEO T. SOROKIN
UNITED STATES DISTRICT COURT JUDGE